# 12-7086, U.S. v. Barrett

# Supplemental ROA

# Supplemental Volume I



FILED
United States Court of Appeals

FEB 28 2014

ELISABETH A. SHUMAKER
Clerk

# UNITED STATES DISTRICT COURT
for the
## EASTERN DISTRICT OF OKLAHOMA
TRANSMITTAL SHEET
(Notice of Appellate Action)

| | | |
|---|---|---|
| (12/26/2012) | Notice of Appeal | **Style of case: Kenneth Eugene Barrett v. United States of America** |
| ( ) | Amended NOA | |
| ( ) | Cross Appeal | **District Court Case No: 09-CV-105-JHP** |
| ( ) | Interlocutory Appeal | |
| (02/26/2014) | Update Item | **Tenth Circuit Case No: 12-7086** |

**Part 1**

Notice of appeal is enclosed to all parties (except to appellant in civil cases); NOA, docket entries, district court order and CJA 20 (if applicable) are enclosed to 10CCA.

1. District Judge: James H. Payne

2. Official Court Reporter(s): Ken Sidwell, Brian Neil

3. <u>Fees:</u>
   USA:
   $455.00 filing fee:
   Pauper Status:
   ( ) Fees waived
   ( ) Paid   ( ) Due
   (X) IFP GRANTED
   ( ) IFP DENIED
   ( ) IFP PENDING

4. State habeas cases:
   **CPC STATUS     ( ) DENIED**
   **ORIGINAL FILE SENT:**

5. Transcript:
   ( ) ordered
   ( ) not required
   ( ) CJA pending
   ( ) pur. order furn.
   ( ) not ordered
   ( ) no in-court hearing
   ( ) CJA furnished
   ( ) docket stmt. furn.

---

**PART 2**          TRANSMITTAL OF RECORD TO COURT OF APPEALS
**ORIGINAL RECORD**          SUPPLEMENT TO RECORD-SUPPLEMENT #

| | | |
|---|---|---|
| Pleadings: Vols. | Pleadings: Vols. | PER 10ᵀᴴ CIRCUIT COURT ORDER |
| Transcript: Vols. | Transcript: Vols. | FILED 2/21/04 [228] |
| Exhibits: Vols. | Exhibits: Vols.          1 | |
| Depositions: Vols. | Depositions: Vols. | |
| State Crt. Record: Vols. | State Crt. Record: Vols. | |
| Sealed: Vols. | Sealed: Vols. | |
| No. of Boxes: | No. of Boxes: | |

---

s/ Jeanne Brown
Signature Clerk or Deputy Clerk          Phone(918)684-7920          Date: February 26, 2014

cc: All parties notified through CM/ECF

CJA 30 DEATH PENALTY PROCEEDINGS: APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL.

BG

| 1. CIR./DIST./DIV. CODE OKE | 2. PERSON REPRESENTED Barrett, Kenneth Eugene | | | VOUCHER NUMBER 0601 25000010 |
|---|---|---|---|---|
| 3. MAG. DKT./DEF. NUMBER 6:04-000100-001 | 4. DIST. DKT./DEF. NUMBER 04-115-01 | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER | |
| 7. IN CASE/MATTER OF (Case Name) U.S. v. Barrett | 8. TYPE PERSON REPRESENTED Adult Defendant | | 9. REPRESENTATION TYPE Federal Capital Prosecution | |

10. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section)   If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 21 848E.F -- INTENTIONALLY KILLS OR COUNSELS, COMMANDS W/VIOLATION OF 18:841(B)(1)(A)

| 11. ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS HILFIGER, ROGER P.O. BOX 0791 MUSKOGEE OK 74402-0791 Telephone Number: (918) 683-4445 13. NAME AND MAILING ADDRESS OF LAW FIRM (only provide per instructions) | 12. COURT ORDER ☒ O Appointing Counsel ☐ C Co-Counsel ☐ F Subs For Federal Defender ☐ R Subs For Retained Attorney ☐ P Subs For Panel Attorney ☐ Y Standby Counsel Prior Attorney's Name: _____ Appointment Date: _____ (A) Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 11, who has been determined to possess the specific qualifications required by law, is appointed to represent this person in this case. (B) The attorney named in Item 11 is appointed to serve as: ☐ LEAD COUNSEL  ☐ CO-COUNSEL Name of Co-Counsel or Lead Counsel: John D. Echols Bret Smith Appointment Date: 5-17-2005 (C) If you represented the defendant or petitioner in any prior proceeding related to this matter, attach to your initial claim a listing of those proceedings and describe your role in each (e.g., lead counsel or co-counsel). ☐ (D) Due to the expected length of this case, and the anticipated hardship on counsel in undertaking representation full time for such a period without compensation, interim payments of compensation and expenses are approved pursuant to the attached order. _____ Signature of Presiding Judicial Officer or By Order of the Court 10/25/2004 Date of Order _____ Nunc Pro Tunc Date (E) Repayment or partial repayment ordered from the person represented for this service at time of appointment.   ☐ YES   ☐ NO |
|---|---|

CLAIM FOR SERVICES AND EXPENSES

14. STAGE OF PROCEEDING
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 15 was performed even if the work is intended to be used in connection with a later stage of the proceeding. CHECK NO MORE THAN ONE BOX.   Submit a separate voucher for each stage of the proceeding.

CAPITAL PROSECUTION
a ☐ Pre-Trial
b ☐ Trial
c ☐ Sentencing
d ☐ Other Post Trial
e ☐ Appeal
f ☐ Petition for the U.S. Supreme Court

HABEAS CORPUS
g ☐ Habeas Petition
h ☐ Evidentiary Hearing
i ☐ Dispositive Motions
j ☐ Appeal
k ☐ Petition for the U.S. Supreme Court Writ of Certiorari

OTHER PROCEEDING
l ☐ Stay of Execution
m ☐ Appeal of Denial of Stay
n ☐ Petition for Writ of Certiorari to the U.S. Supreme Court Regarding Denial of Stay
o ☐ Other

HOURS AND COMPENSATION CLAIMED / FOR COURT USE ONLY

| 15. CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|
| a. In-Court Hearings (Rate per Hour = $150 ) | 1.0 | 150.00 | | IN COURT TOTAL (Category a) | IN COURT TOTAL (Category a) |
| b. Interviews and Conferences with Client | 1.0 | | | | |
| c. Witness Interviews | | | | | |
| d. Consultation with Investigators and Experts | | | | | |
| e. Obtaining and Reviewing the Court Record | | | | | |
| f. Obtaining and Reviewing Documents and Evidence | | | | OUT OF COURT TOTAL (Categories b - j) | OUT OF COURT TOTAL (Categories b - j) |
| g. Consulting with Expert Counsel | | | | | |
| h. Legal Research and Writing | 2.4 | | | | |
| i. Travel | | | | | |
| j. Other (Specify on additional sheets) | | | | | |
| Totals: Categories h thru j (Rate per hour = $125 ) | 3.4 | 425.00 | | | |

CLAIM FOR TRAVEL AND EXPENSES (Attach itemization of expenses with dates)

| 16. Travel Expenses (lodging, parking, meals, mileage, etc.) | | -0- | | | |
|---|---|---|---|---|---|
| 17. Other Expenses (other than expert, transcripts, etc.) | | -0- | | | |

GRAND TOTALS (CLAIMED AND ADJUSTED): 575.00

| 18. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE FROM 12-1-2005 TO 1-10-2006 (FINAL) | 19. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 20. CASE DISPOSITION |
|---|---|---|

21. CLAIM STATUS   ☒ Final Payment   ☐ Interim Payment Number ___   ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case?   ☒ YES   ☐ NO   If yes, were you paid?   ☒ YES   ☐ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything or value) from any other source in connection with this representation?   ☐ YES   ☒ NO   If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.
Signature of Attorney: Roger Hilfiger   Date: 1-10-2006

APPROVED FOR PAYMENT - COURT USE ONLY

| 22. IN COURT COMP. $150.00 | 23. OUT OF COURT COMP. $425.00 | 24. TRAVEL EXPENSES -0- | 25. OTHER EXPENSES -0- | 26. TOTAL AMT. APPROVED $575.00 |
|---|---|---|---|---|
| 27. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER James H. Payne | | DATE 1-25-06 | | 27a. JUDGE CODE 8607 |

COPY

Case No. CR-04-115P   Voucher No. DECEMBER/JAN 2006   2005   Page 1 of 1

| Date | Brief Description of Services | 15 a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d- Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f - Obtain & Review Docs & Other Evidence | 15g - Consult Resource Cntr | 15h Legal Research & Writing | 15 i Travel | 15 j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/9 | Prepare Synopsis | | | | | | | | 1.2 | | |
| 12/13 | Meet w/ Henrickson to discuss strategy and duties | | 1.0 | | | | | | | | |
| 12/19 | Sentencing | 1.0 | | | | | | | | | |
| 1/4 | Execute EOA | | | | | | | | 0.2 | | |
| 1/10 | Prepare motion & return of Q's | | | | | | | | 1.0 | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| Page Totals: | | 1.0 | 1.0 | | | | | | 2.4 | | |
| GRAND TOTALS | | 1.0 | 1.0 | | | | | | 2.4 | | |

Cook & Hilfiger

Billing Calendar - Barrett
12/01/05 to 01/10/06
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| ri 12/09/05 | 4:00p | 1.20 | PREPARE | RH | 15 h - Synopsis of case for Mark Hendrickson for understanding of sentencing. |
| Subtotal 20051209 | | | | | |
| | | 1.20 | | | |
| ue 12/13/05 | 2:30p | 1.00 | APPT | RH | 15 b - Mark Hendrickson - 405-262-0983; discussed division of duties; trial info; ideas on appeal; and arrange for documents. |
| Subtotal 20051213 | | | | | |
| | | 1.00 | | | |
| on 12/19/05 | 2:00p | 1.00 | SENTENCE | RH | 15 a - 6 issues discussed; Sentence Life, Life, DP cs; appeal by MH with RH as co-con; BS to withdraw.  Return Jury Q's by 1/10 and send in final bill by that date. |
| Subtotal 20051219 | | | | | |
| | | 1.00 | | | |
| ed 01/04/06 | 5:00p | 0.20 | PREPARE | RH | 15 h - Execute Entry for Appeal |
| Subtotal 20060104 | | | | | |
| | | 0.20 | | | |
| ue 01/10/06 | 3:00p | 1.00 | PREPARE | RH | 15 h - Motion and Return Jury Q's |
| Subtotal 20060110 | | | | | |
| | | 1.00 | | | |

** Grand Totals ***

4.40

Number of Events:  5

15 a   1.0
   b   1.0
   h   2.4

#133

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**SEALED**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-04-115-P |
| | ) | |
| KENNETH EUGENE BARRETT, | ) | **FILED** |
| | ) | |
| Defendant. | ) | MAY 1 7 2005 |

William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

## ORDER

On May 5, 2005, this Court granted John David Echols' Motion to Withdraw.

Since this is a death penalty case, pursuant to 21 U.S.C. § 848(q), this Court hereby

designates Roger Hilfiger as lead counsel and appoints, Bret Allan Smith, as co-

counsel. Lead counsel shall be compensated at a rate not to exceed $150.00 and co-

counsel shall be compensated at a rate not to exceed $125.00. On March 18, 2005,

this Court entered a Budget Order in this matter. The overall total budget set forth

in that order shall remain in effect with the only alteration being that Mr. Hilfiger

will, from this date forward, be authorized compensation not to exceed $150.00 per

hour. Counsel shall have until May 27, 2005, to submit an amended budget proposal

if they feel (1) delegation of hours needed to be shifted between counsel[1], or (2)

---

[1]Since Mr. Echols was originally allowed hours that may now be performed by either Mr. Hilfiger or Mr. Smith, some adjustments may need to be reflected on any amendment submitted to the Court.

certain categories may require additional hours due to the unfamiliarity of both counsel with the background of this case. As indicated in this Court's order entered on May 5, 2005, however, this Court is not so concerned with counsel shifting the approved number of hours among each other as it is with counsel exceeding the total number of hours approved without seeking prior court approval and authorization to do so. Further, since counsel have previously indicated difficulties in retaining certain experts within the budgeted amounts set by this Court, counsel will be allowed to include in their amended budget request any difficulties they may be encountering and request additional funding if supported by detailed information regarding what will work will be performed for the amount of fees requested, the hourly rate to be paid, and the total number of hours required to complete the work. Counsel's request should strictly comply with the requirements in paragraph 3 of the Sealed Order Regarding *Ex Parte* Motion for Approval of "Pre-Authorization" Budget for the Defense (Docket No. 38). Although this Court does not intend to monitor contracts with expert witnesses, due to difficulties encountered by experts retained in the state court trial which have been brought to this Court's attention, it is strongly recommended that counsel enter into written contracts with all expert witnesses detailing the scope of services to be performed and perhaps withholding a percentage of payment until after the expert has testified at trial. If funding of a particular expert

2

increases over the amounts budgeted, this Court intends to request counsel provide copies of any such contracts to substantiate an increase in anticipated amounts.

Finally, defense counsel shall continue to follow all of the guidelines for interim payment of attorney fees and reimbursement of costs set forth in the Sealed Order Regarding *Ex Parte* Motion for Approval of "Pre-Authorization" Budget for the Defense (Docket No. 38); the Budget Order filed herein on March 18, 2005; and the Order filed on May 5, 2005.

It is so ordered this ____17th____ day of May, 2005.


_____
JAMES H. PAYNE, CHIEF
UNITED STATES DISTRICT COURT JUDGE

# MEMORANDUM

**TO:**      Susan Gilmartin, Financial Specialist
             U.S. District Court, OK/E

**FROM:**    Sharla Young, Administrative Officer
             Office of Federal Public Defender

**SUBJECT:** **CJA-30 VOUCHER NO.**
             **INTERIM NO. 12 (FINAL)**
             **USA v. Barrett, Kenneth Eugene**
             **Case No. 6:04-000100-001**

**DATE:**    January 13, 2006

---

__X__  The attorney appointed to represent the petitioner in the referenced cause submits this interim voucher for services rendered to date. Interim payments were authorized by Court order.

    __X__ a)  copy of order attached.

    __X__ b)  **Docket Clerk:** Order dated May 17, 2005

__X__  **Death Penalty Matter:** The attached CJA-30 is submitted by the attorney appointed in the referenced death penalty matter for services rendered to date. The attached voucher has been reviewed by this office for technical and mathematical accuracy and appears correct.


Reviewed for mathematical accuracy by
Janice L. Tolliver, Office of FPD
Date:   January 13, 2006

Reviewed for technical accuracy by Christy Streater,
Panel Administrator/Paralegal, Office of FPD
Date: 1/17/06


1-17-06
Date

Reviewed by Sharla Young, Administrative Officer, Office of FPD


1-18-06
Date

Reviewed by Susan Gilmartin, Financial Specialist, US District Ct, OK/E

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER 05121600002 |
|---|---|---|---|
| OKE | Barrett, Kenneth Eugene | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| 6:04-000100-001 | 04-115 | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. TYPE PERSON REPRESENTED | 9. REPRESENTATION TYPE |
|---|---|---|
| U.S. v. Barrett | Adult Defendant | Federal Capital Prosecution |

**10. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section)** If more than one offense, list (up to five) major offenses charged, according to severity of offense.

1) 21 848E.F -- INTENTIONALLY KILLS OR COUNSELS, COMMANDS W/VIOLATION OF 18:841(B)(1)(A)

**11. ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS**

HILFIGER, ROGER
P.O. BOX 0791
MUSKOGEE OK 74402-0791

Telephone Number: (918) 683-4445

**13. NAME AND MAILING ADDRESS OF LAW FIRM (only provide per instructions)**

**12. COURT ORDER**

- ☒ O  Appointing Counsel
- ☐ F  Subs For Federal Defender
- ☐ P  Subs For Panel Attorney
- ☐ C  Co-Counsel
- ☐ R  Subs For Retained Attorney
- ☐ Y  Standby Counsel

Prior Attorney's Name: _____
Appointment Date: _____

(A) Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 11, who has been determined to possess the specific qualifications required by law, is appointed to represent this person in this case.

(B) The attorney named in Item 11 is appointed to serve as LEAD COUNSEL, CO-COUNSEL.
Name of Co-Counsel or Lead Counsel: John D. Clark  BRET SMITH
Appointment Date: 5-17-2005

(C) If you represented the defendant or petitioner in any prior proceeding related to this matter, attach to your initial claim a listing of those proceedings and describe your role in each (e.g., lead counsel or co-counsel).

☐ (D) Due to the expected length of this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, interim payments of compensation and expenses are approved pursuant to the attached order.

Signature of Presiding Judicial Officer or By Order of the Court
10/25/2004
Date of Order _____  Nunc Pro Tunc Date _____

(E) Repayment or partial repayment ordered from the person represented for this service at time of appointment. ☐ YES ☐ NO

**14. STAGE OF PROCEEDING**
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 15 was performed even if the work is intended to be used in connection with a later stage of the proceeding CHECK NO MORE THAN ONE BOX. Submit a separate voucher for each stage of the proceeding.

| CAPITAL PROSECUTION | | HABEAS CORPUS | | OTHER PROCEEDING | |
|---|---|---|---|---|---|
| a ☐ Pre-Trial | e ☐ Appeal | g ☐ Habeas Petition | k ☐ Petition for the U.S | l ☐ Stay of Execution | |
| b ☐ Trial | f ☐ Petition for the U.S | h ☐ Evidentiary Hearing | Supreme Court | m ☐ Appeal or Denial of Stay | |
| c ☐ Sentencing | Supreme Court | i ☐ Dispositive Motions | Writ of Certiorari | n ☐ Petition for Writ of Certiorari to the U.S | |
| d ☐ Other Post Trial | Writ of Certiorari | j ☐ Appeal | | Supreme Court Regarding Denial of Stay | |
| | | | | o ☐ Other | |

| 15. CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|
| a. In-Court Hearings (Rate per Hour = $ 150 ) | 69.4 | 10410.00 | | IN COURT TOTAL (Category a) | IN COURT TOTAL (Category a) |
| b. Interviews and Conferences with Client | 0.6 | | | | |
| c. Witness Interviews | 4.6 | | | | |
| d. Consultation with Investigators and Experts | | | | | |
| e. Obtaining and Reviewing the Court Record | | | | | |
| f. Obtaining and Reviewing Documents and Evidence | 1.0 | | | OUT OF COURT TOTAL (Categories b - j) | OUT OF COURT TOTAL (Categories b - j) |
| g. Consulting with Expert Counsel | | | | | |
| h. Legal Research and Writing | 8.6 | | | | |
| i. Travel | | | | | |
| j. Other (Specify on additional sheets) | | | | | |
| Totals: Categories b thru j (Rate per hour = $ 150 ) | 14.8 | 2220.00 | | | |

| 16. | Travel Expenses (lodging, parking, meals, mileage, etc.) | -0- | | |
|---|---|---|---|---|
| 17. | Other Expenses (other than expert, transcripts, etc.) | -0- | | |

12630.00

| 18. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE | 19. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 20. CASE DISPOSITION |
|---|---|---|
| FROM 11-1-2005 TO 11-30-2005 | | |

**21. CLAIM STATUS** ☐ Final Payment ☒ Interim Payment Number 11 ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case? ☐ YES ☒ NO If yes, were you paid? ☒ YES ☐ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything or value) from any other source in connection with this representation? ☐ YES ☒ NO If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.

Signature of Attorney: Roger Hilfiger    Date: 12-2-2005

| 22. IN COURT COMP. | 23. OUT OF COURT COMP. | 24. TRAVEL EXPENSES | 25. OTHER EXPENSES | 26. TOTAL AMT. APPROVED |
|---|---|---|---|---|
| $10,410.00 | $2,220.00 | -0- | -0- | $12,630.00 |

| 27. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | DATE | 27a. JUDGE CODE |
|---|---|---|
| James H Payne | 12-15-05 | 8607 |

COPY

# COOK & HILFIGER

## Attorneys at Law
## 620 West Broadway
## P.O. Box 791
## Muskogee, Oklahoma 74402-0791

R. JAY COOK
ROGER HILFIGER
HEATHER HILFIGER

TELEPHONE: 918.683.4445
TELEFAX: 918.683.1828

December 3, 2005

Judge James Payne
Judge Steven Shreder

RE: MEMO on Jury Deliberation Time
USA v. Kenneth Eugene Barrett
CR-04-115-P; EDOK

Dear Sirs:

On the Request for Payment on Interim #11 (November 2005) on the CJA 30, I have included jury deliberation time as follows:

| | |
|---|---|
| 11/3 | 8.1 hours from 1:45 p.m. until 10:00 p.m. |
| 11/17 | 1.0 hour at the Courthouse after jury began and |
| | 1.5 hours for time waiting at the office |

I felt that these times were justified because on the 11/3 date this time was all spent at the office, and no other matters could be dealt with because of the on call basis. Also, on 11/3, there were three instances at 5:30 p.m., 7:00 p.m. and 10:00 p.m. for a total of 1.6 hours (which is included in the total deliberation hours) at which times counsel was required to return to court for questions or concerns. The deliberation time for 11/3 to 11/4 does not include any deliberation time on 11/4 since counsel was not required to be in court until the verdict was rendered on that day. Therefore, of the total jury deliberation time of 10.3 hours, counsel is claiming 8.1 hours, and of that time, counsel was actually in court 1.6 hours, and on call for the balance of 6.5 hours.

For the 11/17-11/18 deliberation times, this counsel is requesting 2.5 hours of the total 2nd Stage deliberation time of 8.7 hours. The reason for this is because this counsel spent the initial 1.0 hour remaining at court to handle matters while the jury settled and the next 1.5 hours in the office waiting for any additional questions that may have arisen. After that counsel remained in telephone contact with co-counsel, and did not consider the balance of deliberation time as compensatory.

This counsel does request that co-counsel, Bret Smith, be allowed the total of the 11/17-11/18 deliberation time for the reason that Smith did stay at his office and was readily available to handle any questions that may have arisen.

Allowance of these times would not exceed the previously approved modified budget hours.

Yours Very Truly,

Roger Hilfiger

# DEATH PENALTY HOURLY WORKSHEET
(Transfer Grand Total to CJA-30 Voucher)

Case No. **CF-04-115P** Voucher No. **November 2005**

| Date | Brief Description of Services | 15 a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d- Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f - Obtain & Review Docs & Other Evidence | 15g - Consult Resource Cntr | 15h Legal Research & Writing | 15 i Travel | 15 j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/1 | JURY TRIAL | 9.0 | | | | | | | | | |
| | Prepare on INSTRUCT | | | | | | | | 0.8 | | |
| 11/2 | Prepare on INSTRUCT | | | | | | | | 1.6 | | |
| | COURT on INSTRUCTS | 3.8 | | | | | | | | | |
| | Prepare Closing | | | | | | | | 2.0 | | |
| 11/3 | Final on closing | | | | | | | | 1.8 | | |
| | JURY TRIAL-CLOSING | 5.2 | | | | | | | | | |
| | JURY DELIBS | 8.1 | | | | | | | | | |
| | (3 times to ct) | | | | | | | | | | |
| | (on Q's 1.6 hrs) | | | | | | | | | | |
| 11/4 | JURY TRIAL | | | | | | | | | | |
| | (VERDICT ONLY) | 0.6 | | | | | | | | | |
| 11/8 | Court on STATUS | 2.0 | | | | | | | | | |
| 11/9 | 2nd Stage JURY | 6.7 | | | | | | | | | |
| 11/10 | 2nd stage JURY | 2.2 | | | | | | | | | |
| | WITNESS Interviews | | | 3.2 | | | | | | | |
| 11/12 | WITNESS Ph/calls | | | 0.8 | | | | | | | |
| 11/13 | Review Rec Evid. | | | | | | 1.0 | | | | |
| 11/14 | 2nd Stage Jury | 8.1 | | | | | | | | | |
| 11/15 | prepare closing | | | | | | | | 0.5 | | |
| | 2nd Stage Jury | 5.8 | | | | | | | | | |
| | Witness interview | | | 0.6 | | | | | | | |
| | Ct on Rebuttal | 0.8 | | | | | | | | | |
| **Page Totals:** | | 52.3 | -0- | 4.6 | -0- | -0- | 1.0 | | 6.7 | | |
| **GRAND TOTALS:** | | 69.4 | 0.6 | 4.6 | -0- | -0- | 1.0 | | 8.6 | | |

| Date | Brief Description of Services | 15 a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d- Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f - Obtain & Review Docs & Other Evidence | 15g - Consult Resource Cntr | 15h Legal Research & Writing | 15 i Travel | 15 j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/16 | Rebuttal witness info | | | | | | | | 0.5 | | |
| | 2nd stage Jury | 8.0 | | | | | | | | | |
| | Final on closing | | | | | | | | 1.4 | | |
| 11/17 | JURY TRIAL | 6.0 | | | | | | | | | |
| | Delibs @ Ct | 1.0 | | | | | | | | | |
| | Delibs @ Office | 1.5 | | | | | | | | | |
| 11/18 | JURY VERDICT | 0.6 | | | | | | | | | |
| | JAIL VISIT on Verdict | | 0.6 | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| **Page Totals:** | | 17.1 | 0.6 | -0- | -0- | -0- | -0- | -0- | 1.9 | | |
| **GRAND TOTALS:** | | 69.4 | 0.6 | 4.6 | -0- | -0- | 1.0 | -0- | 8.6 | | |

Cook & Hilfiger                                    Page 1

Billing Calendar - Barrett
November 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| ue 11/01/05 | 8:30a | 9.00 | JURY TRL | RH | 15 a - Testimony, J. Maberry, Ron Baldwin, Gelene Dotson, Loyd Cobb, REST, Rebuttal, Carlos Sandoval, John Philpot. RULE 29 renewed. Work on Instructions to 7:00 |
| | 9:00p | 0.80 | PREPARE | RH | 15 h - Start on Interrog Instruction |
| Subtotal 20051101 | | | | | |
| | | 9.80 | | | |
| ed 11/02/05 | 5:30a | 1.60 | PREPARE | RH | 15 h - Finish up on requested Interrog Instruction for homicides |
| | 10:30a | 3.80 | PREPARE | RH | 15 a - work on and finalize Instructions |
| | 4:00p | 2.00 | PREPARE | RH | 15 h - prepare closing |
| Subtotal 20051102 | | | | | |
| | | 7.40 | | | |
| hu 11/03/05 | 6:00a | 1.80 | PREPARE | RH | 15 h - Final preparation and practice on closing |
| | 8:30a | 5.20 | JURY TRL | RH | 15 a - Closing instructions, and closing, Jury out 1:45 |
| | 1:45p | 8.10 | JURY TRL | RH | 15 a - Jury deliberations; 0.6 hrs at 5:30 p.m. to determine if eat or go home; 0.5 hrs at 7:00 p.m. on question; 0.5 hrs at 10:00 p.m. to direct to |
| Subtotal 20051103 | | | | | |
| | | 15.10 | | | |
| ri 11/04/05 | 9:00a | 0.60 | JURY TRL | RH | 15 a - Jury deliberations; begin at 9:00 a.m.(only counting verdict time), verdict at 11:00; read and excused to Wed. |
| Subtotal 20051104 | | | | | |
| | | 0.60 | | | |

### Billing Calendar - Barrett
### November 2005
### For: Roger Hilfiger
### Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| ue 11/08/05 | 3:30p | 2.00 | STATUS | RH | 15 a - w/Payne (0.5 wait); discuss penalties, aggravators and mitigators. |
| Subtotal 20051108 | | | | | |
| | | 2.00 | | | |
| ed 11/09/05 | 9:00a | 6.70 | JURY TRL | RH | 15 a - Meeting on 2nd Stage instructions and arguments on limitations of VIE (3.2 hrs); testimony @1:30 Deweese, Stan Philpot, J Philpot, Cindy Crawford, Monk Sanders, L Lane, Shannon Smith (3.5 hrs) |
| Subtotal 20051109 | | | | | |
| | | 6.70 | | | |
| hu 11/10/05 | 9:00a | 2.20 | JURY TRL | RH | 15 a - Testimony, S. Smith (cont), N. Stalcut, B. Eales, G. Hise, K. Eales |
| | 6:00p | 3.20 | APPT | RH | 15 c - witness interviews in McKee, G. Dotson, R & P Crawford, J Sanders, C. Foster, and Sallisaw, A. Stites |
| Subtotal 20051110 | | | | | |
| | | 5.40 | | | |
| at 11/12/05 | 4:00p | 0.80 | APPT | RH | 15 c - witness phone interviews, J Harris, S. Barrett, C & C Edgmons |
| Subtotal 20051112 | | | | | |
| | | 0.80 | | | |
| un 11/13/05 | 2:00p | 1.00 | REVIEW | RH | 15 f - Review DOC and Ct Clerk records, and prepare Witness & Exhibit list |
| Subtotal 20051113 | | | | | |
| | | 1.00 | | | |

'5a'   10.9
C     4.0
f     1.0

Billing Calendar - Barrett
November 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| on 11/14/05 | 9:00a | 8.10 | JURY TRL | RH | 15 a - Defense opening; testimony: Maudine Ct. Clk. (electrical problem), K. Trotter, J. Wilson DOC, Abby Stites, Cr Edgmon, Cl Edgmon, |
| Subtotal 20051114 | | | | | |
| | | 8.10 | | | |
| ue 11/15/05 | 7:00a | 0.50 | PREPARE | RH | 15 h - begin preparation for closing |
| | 9:00a | 5.80 | JURY TRL | RH | 15 a - Testimony: S. Barrett, Gelene Dotson, Earnie Barrett, Doris Barrett |
| | 12:00p | 0.60 | APPT | RH | 15 c - Conference w/witnesses & client |
| | 4:30p | 0.80 | JURY TRL | RH | 15 a - Discuss & argue rebuttal witnesses with USA & court |
| Subtotal 20051115 | | | | | |
| | | 7.70 | | | |
| ed 11/16/05 | 8:30a | 0.50 | PREPARE | RH | 15 h - rebuttal witness info & work on closing |
| | 9:00a | 8.00 | JURY TRL | RH | 15 a - 9 - 11:30 argument on rebuttal witnesses; 12:30 - 3:00 rebuttal witnesses; 3:00 - 6:00 Discuss & argue proposed final instructions on sentencing. |
| | 8:00p | 1.40 | PREPARE | RH | 15 h - final work on closing |
| Subtotal 20051116 | | | | | |
| | | 9.90 | | | |
| 'hu 11/17/05 | 9:00a | 6.00 | JURY TRL | RH | 15 a - Final instructions, closing arguments |
| | 3:30p | 1.00 | JURY TRL | RH | 15 a - Jury Delibs, waiting at courthouse |
| | 5:00p | 1.50 | JURY TRL | RH | 15 a - Jury Delibs, 3:30 p.m. to 12:15 a.m. (waiting at office time counted only) |

2/07/2005 02:57 FAX                                        ☑009/009

2/07/05                           Cook & Hilfiger                      Page 4
1:32p
                        Billing Calendar - Barrett
                              November 2005
                          For: Roger Hilfiger
                        Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---------|------|----------|------|-----|------|
| Subtotal 20051117 | | | | | |
| | | 8.50 | | | |
| ri 11/18/05 | 12:15a | 0.60 | JURY TRL | RH | 15  a -  Return of Verdict, Life, Life & Death |
| | 1:00a | 0.60 | JV | RH | 15  b -  Conf w/KB to discuss Verdict |
| Subtotal 20051118 | | | | | |
| | | 1.20 | | | |

** Grand Totals ***
                        84.20
    Number of Events:   28

#133

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**SEALED**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-04-115-P |
| | ) | |
| KENNETH EUGENE BARRETT, | ) | **FILED** |
| | ) | |
| Defendant. | ) | MAY 1 7 2005 |

William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

## ORDER

On May 5, 2005, this Court granted John David Echols' Motion to Withdraw.

Since this is a death penalty case, pursuant to 21 U.S.C. § 848(q), this Court hereby

designates Roger Hilfiger as lead counsel and appoints, Bret Allan Smith, as co-

counsel. Lead counsel shall be compensated at a rate not to exceed $150.00 and co-

counsel shall be compensated at a rate not to exceed $125.00. On March 18, 2005,

this Court entered a Budget Order in this matter. The overall total budget set forth

in that order shall remain in effect with the only alteration being that Mr. Hilfiger

will, from this date forward, be authorized compensation not to exceed $150.00 per

hour. Counsel shall have until May 27, 2005, to submit an amended budget proposal

if they feel (1) delegation of hours needed to be shifted between counsel[1], or (2)

---

[1] Since Mr. Echols was originally allowed hours that may now be performed by either Mr. Hilfiger or Mr. Smith, some adjustments may need to be reflected on any amendment submitted to the Court.

certain categories may require additional hours due to the unfamiliarity of both counsel with the background of this case. As indicated in this Court's order entered on May 5, 2005, however, this Court is not so concerned with counsel shifting the approved number of hours among each other as it is with counsel exceeding the total number of hours approved without seeking prior court approval and authorization to do so. Further, since counsel have previously indicated difficulties in retaining certain experts within the budgeted amounts set by this Court, counsel will be allowed to include in their amended budget request any difficulties they may be encountering and request additional funding if supported by detailed information regarding what will work will be performed for the amount of fees requested, the hourly rate to be paid, and the total number of hours required to complete the work. Counsel's request should strictly comply with the requirements in paragraph 3 of the Sealed Order Regarding *Ex Parte* Motion for Approval of "Pre-Authorization" Budget for the Defense (Docket No. 38). Although this Court does not intend to monitor contracts with expert witnesses, due to difficulties encountered by experts retained in the state court trial which have been brought to this Court's attention, it is strongly recommended that counsel enter into written contracts with all expert witnesses detailing the scope of services to be performed and perhaps withholding a percentage of payment until after the expert has testified at trial. If funding of a particular expert

2

increases over the amounts budgeted, this Court intends to request counsel provide copies of any such contracts to substantiate an increase in anticipated amounts.

Finally, defense counsel shall continue to follow all of the guidelines for interim payment of attorney fees and reimbursement of costs set forth in the Sealed Order Regarding *Ex Parte* Motion for Approval of "Pre-Authorization" Budget for the Defense (Docket No. 38); the Budget Order filed herein on March 18, 2005; and the Order filed on May 5, 2005.

It is so ordered this ____17th____ day of May, 2005.

JAMES H. PAYNE, CHIEF
UNITED STATES DISTRICT COURT JUDGE

3

# MEMORANDUM

**TO:** Susan Gilmartin, Financial Specialist
U.S. District Court, OK/E

**FROM:** Sharla Young, Administrative Officer
Office of Federal Public Defender

**SUBJECT:** **CJA-30 VOUCHER NO.**
**INTERIM NO. #11**
**USA v. BARRETT, KENNETH EUGENE**
**Case No. CR-04-115-P**

**DATE:** December 7, 2005

---

_X_  The attorney appointed to represent the petitioner in the referenced cause submits this interim voucher for services rendered to date.   Interim payments were authorized by Court order.

    _X_  a)  copy of order attached.

    _X_  b)  **Docket Clerk:**  Order dated May 17, 2005

_X_  **Death Penalty Matter:** The attached CJA-30 is submitted by the attorney appointed in the referenced death penalty matter for services rendered to date. The attached voucher has been reviewed by this office for technical and mathematical accuracy and appears correct.

Reviewed for mathematical accuracy by
Janice L. Tolliver, Office of FPD
Date:   December 7, 2005

Reviewed for technical accuracy by Christy Streater,
Panel Administrator/Paralegal, Office of FPD
Date:   12/7/05

Date

Reviewed by Sharla Young, Administrative Officer, Office of FPD

12-9-05

Date

Reviewed by Susan Gilmartin, Financial Specialist, US District Ct, OK/E

CJA 30 DEATH PENALTY PROCEEDINGS: APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL.

| 1. CIR./DIST./DIV. CODE OKE | 2. PERSON REPRESENTED Barrett, Kenneth Eugene | | VOUCHER NUMBER 051216000001 |
|---|---|---|---|
| 3. MAG. DKT./DEF. NUMBER 6:04-000100-001 | 4. DIST. DKT./DEF. NUMBER 04-115 | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
| 7. IN CASE/MATTER OF (Case Name) U.S. v. Barrett | 8. TYPE PERSON REPRESENTED Adult Defendant | | 9. REPRESENTATION TYPE Federal Capital Prosecution |

10. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 21 848E.F -- INTENTIONALLY KILLS OR COUNSELS, COMMANDS W/VIOLATION OF 18:841(B)(1)(A)

11. ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS

HILFIGER, ROGER
P.O. BOX 0791
MUSKOGEE OK 74402-0791

Telephone Number (918) 683-4445

13. NAME AND MAILING ADDRESS OF LAW FIRM (only provide per instructions)

12. COURT ORDER
☒ O Appointing Counsel    ☐ C Co-Counsel
☐ F Subs For Federal Defender    ☐ R Subs For Retained Attorney
☐ P Subs For Panel Attorney    ☐ Y Standby Counsel

Prior Attorney's Name: _____
Appointment Date: _____

(A) Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 11, who has been determined to possess the specific qualifications required by law, is appointed to represent this person in this case.

(B) The attorney named in Item 11 is appointed to serve as (LEAD COUNSEL) CO-COUNSEL
Name of Co-Counsel or Lead Counsel: John D. Echols BRET Smith
Appointment Date: 5-17-2005

(C) If you represented the defendant or petitioner in any prior proceeding related to this matter, attach to your initial claim a listing of those proceedings and describe your role in each (e.g., lead counsel or co-counsel).

☐ (D) Due to the expected length of this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, interim payments of compensation and expenses are approved pursuant to the attached order.

Signature of Presiding Judicial Officer or By Order of the Court
10/25/2004
Date of Order        Nunc Pro Tunc Date

(E) Repayment or partial repayment ordered from the person represented for this service at time of appointment.    ☐ YES    ☐ NO

CLAIM FOR SERVICES AND EXPENSES

14. STAGE OF PROCEEDING
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 15 was performed even if the work is intended to be used in connection with a later stage of the proceeding CHECK NO MORE THAN ONE BOX    Submit a separate voucher for each stage of the proceeding

CAPITAL PROSECUTION
a ☐ Pre-Trial
b ☐ Trial
c ☐ Sentencing
d ☐ Other Post Trial
e ☐ Appeal
f ☐ Petition for the U.S.
   ☐ Supreme Court
   ☐ Writ of Certiorari

HABEAS CORPUS
g ☐ Habeas Petition
h ☐ Evidentiary Hearing
i ☐ Dispositive Motions
j ☐ Appeal
k ☐ Petition for the U.S
   ☐ Supreme Court
   ☐ Writ of Certiorari

OTHER PROCEEDING
l ☐ Stay of Execution
m ☐ Appeal of Denial of Stay
n ☐ Petition for Writ of Certiorari to the U.S Supreme Court Regarding Denial of Stay
o ☐ Other

HOURS AND COMPENSATION CLAIMED

| 15. CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|
| a. In-Court Hearings (Rate per Hour = $ 150 ) | 102- | 15300.00 | | IN COURT TOTAL (Category a) | IN COURT TOTAL (Category a) |
| b. Interviews and Conferences with Client | 2.2 | | | | |
| c. Witness Interviews | 1.8 | | | | |
| d. Consultation with Investigators and Experts | 0.8 | | | | |
| e. Obtaining and Reviewing the Court Record | | | | | |
| f. Obtaining and Reviewing Documents and Evidence | 16.2 | | | OUT OF COURT TOTAL (Categories b - j) | OUT OF COURT TOTAL (Categories b - j) |
| g. Consulting with Expert Counsel | | | | | |
| h. Legal Research and Writing | | | | | |
| i. Travel | | | | | |
| j. Other (Specify on additional sheets) | | | | | |
| Totals: Categories b thru j (Rate per hour = $ 150 ) | 21.0 | 3150.00 | | | |

CLAIM FOR TRAVEL AND EXPENSES (Attach itemization of expenses with dates)

| 16. Travel Expenses (lodging, parking, meals, mileage, etc.) | -0- | | |
|---|---|---|---|
| 17. Other Expenses (other than expert, transcripts, etc.) | -0- | | |
| GRAND TOTALS (CLAIMED AND ADJUSTED) | 18450.00 | | |

| 18. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE FROM 10-1-2005 TO 10-31-2005 | 19. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 20. CASE DISPOSITION |
|---|---|---|

21. CLAIM STATUS    ☐ Final Payment    ☒ Interim Payment Number 10    ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case?  ☒ YES  ☐ NO   If yes, were you paid?  ☒ YES  ☐ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation?    ☐ YES    ☒ NO    If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.
Signature of Attorney: Roger Hilfiger    Date: 12-2-2005

APPROVED FOR PAYMENT - COURT USE ONLY

| 22. IN COURT COMP. $15,300.00 | 23. OUT OF COURT COMP. $3,150.00 | 24. TRAVEL EXPENSES -0- | 25. OTHER EXPENSES -0- | 26. TOTAL AMT. APPROVED $18,450.00 |
|---|---|---|---|---|
| 27. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER James H. Payne | | DATE 12-15-05 | | 27a. JUDGE CODE 8607 |

COPY

Case No. **CR-04-115P** Voucher No. **October 2005**     Page __1__ of __3__

| Date | Brief Description of Services | 15a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d- Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f - Obtain & Review Docs & Other Evidence | 15g - Consult Resource Cntr | 15h Legal Research & Writing | 15 i Travel | 15 j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/1 | Witness interviews | | | 0.8 | | | | | | | |
| 10/2 | TRANS for Mon test | | | | | | 1.3 | | | | |
| 10/3 | JURY TRIAL | 8.0 | | | | | | | | | |
| | WITNESS contacts | | 0.4 | | | | | | | | |
| | Review for Tues | | | | | | 0.6 | | | | |
| 10/4 | TRANS for TUES test | | | | | | 1.2 | | | | |
| | JURY TRIAL | 7.0 | | | | | | | | | |
| 10/5 | TRANS for WED Test | | | | | | 1.0 | | | | |
| | JURY TRIAL | 7.0 | | | | | | | | | |
| 10/6 | TRANS for THU Test | | | | | | 1.5 | | | | |
| | JURY TRIAL | 7.0 | | | | | | | | | |
| 10/7 | TRANS for FRI TEST | | | | | | 0.6 | | | | |
| | JURY TRIAL | 7.5 | | | | | | | | | |
| 10/12 | JAIL VISIT ON MENTAL HEALTH | | 0.5 | | | | | | | | |
| 10/13 | W/BS & Littlefield on chain | | | 0.7 | | | | | | | |
| | JAIL VISIT on STATUS OF MENTAL HEALTH | | 0.8 | | | | | | | | |
| 10/14 | W/BS PLAN ON WITNESSES & BALLISTICS | | 0.5 | | | | | | | | |
| 10/15 | REVIEW BALLISTICS TEST & EVIDENCE | | | | | | 2.2 | | | | |
| **Page Totals:** | | 36.5 | 2.2 ✓ | 1.5 ✓ | –0– | –0– | 8.4 ✓ | –0– | –0– | –0– | –0– |
| **GRAND TOTALS:** | | 102.0 | 2.2 | 1.8 | 0.8 | –0– | 16.2 | –0– | –0– | –0– | |

| Date | Brief Description of Services | 15a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f Obtain & Review Docs & Other Evidence | 15g Consult Resource Cntr | 15h Legal Research & Writing | 15i Travel | 15j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/17 | REVIEW TRANS for THE TEST | | | | | | 1.2 | | | | |
| 10/18 | JURY TRIAL | 7.5 | | | | | | | | | |
| 10/19 | JURY TRIAL | 7.5 | | | | | | | | | |
| 10/20 | JURY TRIAL | 7.0 | | | | | | | | | |
| | REVIEW TEST for FRI | | | | | | 0.6 | | | | |
| 10/21 | JURY TRIAL | 7.5 | | | | | | | | | |
| 10/22 | TRANS for DAILEY & McBride | | | | | | 1.4 | | | | |
| 10/24 | JURY TRIAL | 7.5 | | | | | | | | | |
| | WITNESS CONTACT | | | 0.3 | | | | | | | |
| | TRAN & EVIDENCE on TRAJECT. | | | | | | 0.8 | | | | |
| 10/25 | JURY TRIAL | 7.5 | | | | | | | | | |
| 10/26 | TRANS for WED TEST | | | | | | 0.8 | | | | |
| | JURY TRIAL | 7.5 | | | | | | | | | |
| 10/27 | JURY TRIAL | 6.5 | | | | | | | | | |
| 10/28 | w/COBB to find witnesses | | | | 0.8 | | | | | | |
| | w/Littlefield on pictures | | | | ~~~~ | | 1.2 | | | | |
| Page Totals: | | 58.5 | -0- | 0.3 | 0.8 | -0- | 6.0 | -0- | -0- | -0- | -0- |
| GRAND TOTALS: | | 102.0 | 2.2 | 1.8 | 0.8 | -- | 16.2 | -- | -- | -- | -- |

# DEATH PENALTY HOURLY WORKSHEET
[Transfer Grand Total to CJA-30 Voucher]

Case No. CR-04-115P    Voucher No. October 2005    Page 3 of 3

| Date | Brief Description of Services | 15a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d- Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f - Obtain & Review Docs & Other Evidence | 15g - Consult Resource Cntr | 15h Legal Research & Writing | 15i Travel | 15j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/30 | Notes for Rule 29 | | | | | | 1.8 | | | | |
| 10/31 | JURY TRIAL | 7.0 | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| Page Totals: | | 7.0 | −0− | −0− | −0− | −0− | 1.8 | −0− | −0− | −0− | |
| GRAND TOTALS: | | 102.0 | 2.2 | 1.8 | 0.8 | −0− | 16.2 | −0− | −0− | −0− | |

Cook & Hilfiger

### Billing Calendar - Barrett
### October 2005
### For: Roger Hilfiger
### Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| at 10/01/05 | 8:00a | 0.80 | RESEARCH | RH | 15 c - witness interview info on Barrett relatives |
| Subtotal 20051001 | | 0.80 | | | |
| un 10/02/05 | 4:00p | 1.30 | REVIEW | RH | 15 f - transcipts for prep for Mon testimony |
| Subtotal 20051002 | | 1.30 | | | |
| on 10/03/05 | 8:30a | 8.00 | JURY TRL | RH | 15 a - Testimony at trial, Hamilton, Greninger, Horn (part) |
| | 5:00p | 0.20 | PHONE | RH | 15 - b - Delena Goss; 207-2170-Cell; 453-1206-Home; 458-3100-Work; |
| | 5:00p | 0.20 | PHONE | RH | 15 b - Dr. Callery; 775-6259-Office; 774-4379-Cell. |
| | 5:30p | 0.60 | REVIEW | RH | 15 f - notes on day's testimony, expert witness rules, and arrange for Tues. |
| Subtotal 20051003 | | 9.00 | | | |
| 'ue 10/04/05 | 5:00a | 1.20 | REVIEW | RH | 15 f - prepare for day's testimony, review transcripts and q's |
| | 9:00a | 7.00 | JURY TRL | RH | 15 a - testimony Horn balance, Hash, Manion, Oliver (part) |
| Subtotal 20051004 | | 8.20 | | | |
| Jed 10/05/05 | 7:00a | 1.00 | REVIEW | RH | 15 f - Review prior testimony on Hash, Manion transcript, Hise, Darst |
| | 9:00a | 7.00 | JURY TRL | RH | 15 a - Testimony, Hash, Manion transcript, Hise, Darst |
| Subtotal 20051005 | | 8.00 | | | |
| Thu 10/06/05 | 7:00a | 1 50 | REVIEW | RH | 15 f - Review testimony. |

*(handwritten margin notes)*
15 a 22.0
b .4
c .8
f 5.6

Billing Calendar - Barrett
October 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| continued) | | | | | |
| | 9:00a | 7.00 | JURY TRL | RH | 15 a - Testimony, Poe, Pettingill, DeStefano |
| Subtotal 20051006 | | | | | |
| | | 8.50 | | | |
| ri 10/07/05 | 7:30a | 0.60 | REVIEW | RH | 15 f - Review testimony anticipated for today |
| | 8:45a | 7.50 | JURY TRL | RH | 15 a - Testimony, D. Mann, J. Huntington, J. Kihega, S. Philpot, J. Philpot, R. Weaver, |
| Subtotal 20051007 | | | | | |
| | | 8.10 | | | |
| ed 10/12/05 | 8:30a | 0.50 | JV | RH | 15 b - Meet w/Jeanne Russell and Norma Gay, wait at jail, no arrival |
| Subtotal 20051012 | | | | | |
| | | 0.50 | | | |
| hu 10/13/05 | 2:00p | 0.70 | APPT | RH | 15 c - ph/BS to determine his chain of custody concerns and meet w/Littlefield to discuss chain |
| | 4:00p | 0.80 | JV | RH | 15 b - Discuss case and mental health interviews w/KB |
| Subtotal 20051013 | | | | | |
| | | 1.50 | | | |
| ri 10/14/05 | 11:00p | 0.50 | APPT | RH | 15 b - Discuss division of witnesses for next week, defense witnesses needed; go over ballistics info. |
| Subtotal 20051014 | | | | | |
| | | 0.50 | | | |
| Sat 10/15/05 | 2:00p | 2.20 | REVIEW | RH | 15 f - Review testimony on Lyons (find lost bullet), Marcangeli, and Dalley |
| Subtotal 20051015 | | | | | |

Billing Calendar - Barrett
October 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---------|------|----------|------|-----|------|
| continued) | | | | | |
| on 10/17/05 | 5:00p | 1.20 | REVIEW | RH | 15 f - Review testimony anticipated for tomorrow, and TAC expert q's for cross |
| Subtotal 20051017 | | 1.20 | | | |
| ue 10/18/05 | 8:45a | 7.50 | JURY TRL | RH | 15 a - Testimony, V. Lyons, |
| Subtotal 20051018 | | 7.50 | | | |
| ed 10/19/05 | 8:45a | 7.50 | JURY TRL | RH | 15 a - Testimony, A. Marcanageli, R. Porter, |
| Subtotal 20051019 | | 7.50 | | | |
| hu 10/20/05 | 8:45a | 7.00 | JURY TRL | RH | 15 a - Testimony, R. Porter, J. Beal, C. Sanders, argument on X |
| | 6:00p | 0.60 | REVIEW | RH | 15 f - Testimony for tomorrow & research argument on Sanders |
| Subtotal 20051020 | | 7.60 | | | |
| ri 10/21/05 | 8:30a | 7.50 | JURY TRL | RH | 15 a - hrg on Sanders, Q's; Testimony, C. Sanders (cont), K Wilson, W. Wood, C. Nixon |
| Subtotal 20051021 | | 7.50 | | | |
| at 10/22/05 | 7:00p | 1.40 | REVIEW | RH | 15 f - Review Dalley, McBride testimony |
| Subtotal 20051022 | | 1.40 | | | |
| lon 10/24/05 | 8:30a | 7.50 | JURY TRL | RH | 15 a - Testimony, C. Nixon, David Love, G. Skronski, Lyndel Griffin, Cindy Crawford, Karen Real |

Cook & Hilfiger

Billing Calendar - Barrett
October 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---------|------|----------|------|-----|------|
| | 8:15p | 0.30 | PHONE | RH | 15 c - ph/Kenny Wilson's Tel. # - 918-775-4058; did not see Bronco moved, but heard someone yell to move it, and another said no, would lose cover |
| | 9:00p | 0.80 | REVIEW | RH | 15 f - Review Dalley and prepare for Traj ANA and K. Real |

Subtotal 20051024

8.60

| ue 10/25/05 | 8:30a | 7.50 | JURY TRL | RH | 15 a - Testimony, K Real (cont), B Rosser, Iris Dalley |

Subtotal 20051025

7.50

| ed 10/26/05 | 6:00a | 0.80 | REVIEW | RH | 15 f - Prepare for Iris Dalley |
| | 8:30a | 7.50 | JURY TRL | RH | 15 a - Testimony, Iris Dalley, Brandi Price, Terrance Higgs, |

Subtotal 20051026

8.30

| hu 10/27/05 | 8:30a | 6.50 | JURY TRL | RH | 15 a - Testimony, Iris Dalley, Brandi Price, Terrance Higgs, Danny Farris, Doug Perkins, Krista Rhodes, and Higgs, Govt rests. |

Subtotal 20051027

6.50

| ri 10/28/05 | 8:30a | 0.80 | NOTE | RH | 15 d - w/Cobb to find Ron Baldwin, ambulance driver, and Kenneth Wilson and serve. |
| | 1:30p | 1.20 | APPT | RH | 15 f - w/Littlefield on Model pictures for Ct Exhibits, to Ct, take and make. |

Subtotal 20051028

                                Billing Calendar - Barrett
                                      October 2005
                                  For: Roger Hilfiger
                              Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| continued) | | | | | |
| ان 10/30/05 | 4:30p | 1.80 | REVIEW | RH | 15 f - Review for Rule 29 motion, Choney, McBride and Callery testimony. |
| Subtotal 20051030 | | | | | |
| | | 1.80 | | | |
| on 10/31/05 | 8:30a | 7.00 | JURY TRL | RH | 15  a -  RULE 29 Motion, OR, testimony,  M. Callery, Chuck Choney, K. Wilson, James McBride, B. Rosser |
| Subtotal 20051031 | | | | | |
| | | 7.00 | | | |

** Grand Totals ***
                    123.00
   Number of Events:  37

#133

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**SEALED**

UNITED STATES OF AMERICA,        )
                                 )
              Plaintiff,          )
                                 )
vs.                              )        Case No. CR-04-115-P
                                 )
KENNETH EUGENE BARRETT,          )        **FILED**
                                 )
              Defendant.          )        MAY 1 7 2005

William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

**ORDER**

On May 5, 2005, this Court granted John David Echols' Motion to Withdraw.

Since this is a death penalty case, pursuant to 21 U.S.C. § 848(q), this Court hereby

designates Roger Hilfiger as lead counsel and appoints, Bret Allan Smith, as co-

counsel. Lead counsel shall be compensated at a rate not to exceed $150.00 and co-

counsel shall be compensated at a rate not to exceed $125.00. On March 18, 2005,

this Court entered a Budget Order in this matter. The overall total budget set forth

in that order shall remain in effect with the only alteration being that Mr. Hilfiger

will, from this date forward, be authorized compensation not to exceed $150.00 per

hour. Counsel shall have until May 27, 2005, to submit an amended budget proposal

if they feel (1) delegation of hours needed to be shifted between counsel[1], or (2)

---

[1]Since Mr. Echols was originally allowed hours that may now be performed by either Mr. Hilfiger or Mr. Smith, some
adjustments may need to be reflected on any amendment submitted to the Court.

certain categories may require additional hours due to the unfamiliarity of both counsel with the background of this case. As indicated in this Court's order entered on May 5, 2005, however, this Court is not so concerned with counsel shifting the approved number of hours among each other as it is with counsel exceeding the total number of hours approved without seeking prior court approval and authorization to do so. Further, since counsel have previously indicated difficulties in retaining certain experts within the budgeted amounts set by this Court, counsel will be allowed to include in their amended budget request any difficulties they may be encountering and request additional funding if supported by detailed information regarding what will work will be performed for the amount of fees requested, the hourly rate to be paid, and the total number of hours required to complete the work. Counsel's request should strictly comply with the requirements in paragraph 3 of the Sealed Order Regarding *Ex Parte* Motion for Approval of "Pre-Authorization" Budget for the Defense (Docket No. 38). Although this Court does not intend to monitor contracts with expert witnesses, due to difficulties encountered by experts retained in the state court trial which have been brought to this Court's attention, it is strongly recommended that counsel enter into written contracts with all expert witnesses detailing the scope of services to be performed and perhaps withholding a percentage of payment until after the expert has testified at trial. If funding of a particular expert

2

increases over the amounts budgeted, this Court intends to request counsel provide copies of any such contracts to substantiate an increase in anticipated amounts.

Finally, defense counsel shall continue to follow all of the guidelines for interim payment of attorney fees and reimbursement of costs set forth in the Sealed Order Regarding *Ex Parte* Motion for Approval of "Pre-Authorization" Budget for the Defense (Docket No. 38); the Budget Order filed herein on March 18, 2005; and the Order filed on May 5, 2005.

It is so ordered this ____17th____ day of May, 2005.

_____
JAMES H. PAYNE, CHIEF
UNITED STATES DISTRICT COURT JUDGE

# MEMORANDUM

**TO:**   Susan Gilmartin, Financial Specialist
     U.S. District Court, OK/E

**FROM:**  Sharla Young, Administrative Officer
     Office of Federal Public Defender

**SUBJECT:** **CJA-30 VOUCHER NO.**
     **INTERIM NO. #10**
     **USA v. BARRETT, KENNETH EUGENE**
     **Case No. CR-04-115-P**

**DATE:**  December 7, 2005

---

__X__ The attorney appointed to represent the petitioner in the referenced cause submits this interim voucher for services rendered to date. Interim payments were authorized by Court order.

  __X__ a)  copy of order attached.

  __X__ b)  **Docket Clerk:** Order dated May 17, 2005

__X__ **Death Penalty Matter:** The attached CJA-30 is submitted by the attorney appointed in the referenced death penalty matter for services rendered to date. The attached voucher has been reviewed by this office for technical and mathematical accuracy and appears correct.


Reviewed for mathematical accuracy by
Janice L. Tolliver, Office of FPD
Date: December 7, 2005

Reviewed for technical accuracy by Christy Streater,
Panel Administrator/Paralegal, Office of FPD
Date: 12/7/05

Date

Reviewed by Sharla Young, Administrative Officer, Office of FPD

12-9-05
Date

Reviewed by Susan Gilmartin, Financial Specialist, US District Ct, OK/E

CJA 30 DEATH PENALTY PROCEEDINGS: APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL.

| 1. CIR./DIST./DIV. CODE<br>OKE | 2. PERSON REPRESENTED<br>Barrett, Kenneth Eugene | | VOUCHER NUMBER<br>051213060016 |
|---|---|---|---|
| 3. MAG. DKT./DEF. NUMBER<br>6:04-000100-001 | 4. DIST. DKT./DEF. NUMBER<br>04-000115 | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
| 7. IN CASE/MATTER OF (Case Name)<br>U.S. v. Barrett | 8. TYPE PERSON REPRESENTED<br>Adult Defendant | | 9. REPRESENTATION TYPE<br>Federal Capital Prosecution |

10. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 21 848E.F -- INTENTIONALLY KILLS OR COUNSELS, COMMANDS W/VIOLATION OF 18:841(B)(1)(A)

11. ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS

HILFIGER, ROGER
P.O. BOX 0791
MUSKOGEE OK 74402-0791

Telephone Number: (918) 683-4445

13. NAME AND MAILING ADDRESS OF LAW FIRM (only provide per instructions)

12. COURT ORDER
- [X] O Appointing Counsel
- [ ] C Co-Counsel
- [ ] F Subs For Federal Defender
- [ ] R Subs For Retained Attorney
- [ ] P Subs For Panel Attorney
- [ ] Y Standby Counsel

Prior Attorney's Name: _____
Appointment Date: _____

(A) Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 11, who has been determined to possess the specific qualifications required by law, is appointed to represent this person in this case.

(B) The attorney named in Item 11 is appointed to serve as: [X] LEAD COUNSEL. [ ] CO-COUNSEL.
Name of Co-Counsel or Lead Counsel: John B. Echols Bret Smith
Appointment Date: 5-17-2005

(C) If you represented the defendant or petitioner in any prior proceeding related to this matter, attach to your initial claim a listing of those proceedings and describe your role in each (e.g., lead counsel or co-counsel).

- [ ] (D) Due to the expected length of this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, interim payments of compensation and expenses are approved pursuant to the attached order.

Signature of Presiding Judicial Officer or By Order of the Court
Date of Order: 10/25/2004        Nunc Pro Tunc Date

(E) Repayment or partial repayment ordered from the person represented for this service at time of appointment. [ ] YES [ ] NO

## CLAIM FOR SERVICES AND EXPENSES

14. STAGE OF PROCEEDING
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 15 was performed even if the work is intended to be used in connection with a later stage of the proceeding. CHECK NO MORE THAN ONE BOX. Submit a separate voucher for each stage of the proceeding.

CAPITAL PROSECUTION
- a [ ] Pre-Trial
- b [ ] Trial
- c [ ] Sentencing
- d [ ] Other Post Trial
- e [ ] Appeal
- f [ ] Petition for the U.S Supreme Court
- g [ ] Writ of Certiorari

HABEAS CORPUS
- g [ ] Habeas Petition
- h [ ] Evidentiary Hearing
- i [ ] Dispositive Motions
- j [ ] Appeal
- k [ ] Petition for the U.S Supreme Court
- [ ] Writ of Certiorari

OTHER PROCEEDING
- l [ ] Stay of Execution
- m [ ] Appeal of Denial of Stay
- n [ ] Petition for Writ of Certiorari to the U.S Supreme Court Regarding Denial of Stay
- o [ ] Other

### HOURS AND COMPENSATION CLAIMED / FOR COURT USE ONLY

| 15. CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|
| a. In-Court Hearings (Rate per Hour = $ 150 ) | 65.1 | 9765 | | IN COURT TOTAL (Category a) | IN COURT TOTAL (Category a) |
| b. Interviews and Conferences with Client | -0- | | | | |
| c. Witness Interviews | 8.0 | | | | |
| d. Consultation with Investigators and Experts | 6.8 | | | | |
| e. Obtaining and Reviewing the Court Record | 13.3 | | | | |
| f. Obtaining and Reviewing Documents and Evidence | 20.4 | | | OUT OF COURT TOTAL (Categories b - j) | OUT OF COURT TOTAL (Categories b - j) |
| g. Consulting with Expert Counsel | -0- | | | | |
| h. Legal Research and Writing | 11.1 | | | | |
| i. Travel | -0- | | | | |
| j. Other (Specify on additional sheets) | -0- | | | | |
| Totals: Categories b thru j (Rate per hour = $ 150 ) | 59.6 | 8940 | | | |

### CLAIM FOR TRAVEL AND EXPENSES (Attach itemization of expenses with dates)

| | | | | | |
|---|---|---|---|---|---|
| 16. Travel Expenses (lodging, parking, meals, mileage, etc.) | | -0- | | | |
| 17. Other Expenses (other than expert, transcripts, etc.) | | -0- | | | |
| **GRAND TOTALS (CLAIMED AND ADJUSTED)** | | 18705 | | | |

18. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE
FROM 9-1-2005 TO 9-30-2005

19. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION

20. CASE DISPOSITION

21. CLAIM STATUS [ ] Final Payment [X] Interim Payment Number 9 [ ] Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case? [X] YES [ ] NO If yes, were you paid? [X] YES [ ] NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation? [ ] YES [X] NO If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.
Signature of Attorney: Roger Hilfiger     Date: 10-1-2005

## APPROVED FOR PAYMENT - COURT USE ONLY

| 22. IN COURT COMP.<br>$9,765.00 | 23. OUT OF COURT COMP.<br>$8,940.00 | 24. TRAVEL EXPENSES<br>-0- | 25. OTHER EXPENSES<br>-0- | 26. TOTAL AMT. APPROVED<br>18,705.00 |
|---|---|---|---|---|
| 27. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER<br>James H Payne | | DATE<br>12-13-05 | | 27a. JUDGE CODE<br>8607 |

COPY

# DEATH PENALTY HOURLY WORKSHEET
[Transfer Grand Total to CJA-30 Voucher]

Case No. CR-04-115P    Voucher No. SEPTEMBER 2005    Page 1 of 3

| Date | Brief Description of Services | 15a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d- Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f - Obtain & Review Docs & Other Evidence | 15g - Consult Resource Cntr | 15h Legal Research & Writing | 15i Travel | 15j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/5 | Review Pictures & video | | | | | | 2.8 | | | | |
| 9/6 | Prepare Jury intro Pl cent | 0.2 | | | | | | | 0.8 | | |
| 9/7 | Witness interviews in Sallisaw | | | 4.3 | | | | | | | |
| 9/9 | Res on bifurcated Sentencing | | | | | | | | 1.3 | | |
| | View model | | | | | | 1.0 | | | | |
| | Status on voir dire and times | 1.4 | | | | | | | | | |
| | Prepare juror info notebooks | | | | 1.0 | | | | | | |
| 9/11 | Research on juror info | | | | | 2.0 | | | | | |
| 9/12 | BS & AngieCole | | | | 1.5 | | | | | | |
| | Death Penalty Qual | 7.5 | | | | | | | | | |
| 9/13 | Research - Juror Info | | | | | 1.5 | | | | | |
| | Death Pen. Qual | 8.0 | | | | | | | | | |
| 9/14 | Research - ~~Model~~ Juror li | | | | | 1.5 | | | | | |
| | Death Qual | 8.0 | | | | | | | | | |
| | Research - Model Info | | | | | 2.0 | | | | | |
| **Page Totals:** | | 25.1 | -0- | 4.3 | 2.5 | 7.0 | 3.8 | -0- | 2.1 | | |
| **GRAND TOTALS:** | | 65.1 | -0- | 8.0 | 6.8 | 13.3 | 20.4 | --- | 11.1 | | |

| Date | Brief Description of Services | 15 a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d- Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f - Obtain & Review Docs & Other Evidence | 15g - Consult Resource Cntr | 15h Legal Research & Writing | 15 i Travel | 15 j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/15 | Res - juror Q's | | | | | 1.3 | | | | | |
| | Death Qual | 8.5 | | | | | | | | | |
| 9/16 | Res - Juror Q's | | | | | 1.0 | | | | | |
| | Death Qual | 7.5 | | | | | | | | | |
| 9/17 | Rev 9th & 10th / Day | | | | | | 4.5 | | | | |
| | 2nd trial | | | | | | | | | | |
| 9/20 | Pretrial | 1.0 | | | | | | | | | |
| | JV - KB, BS, Cole | | | | 3.5 | | | | | | |
| | go over jurors | | | | | | | | | | |
| 9/21 | Def's exhibits | | | | | | 2.1 | | | | |
| 9/22 | Interview - Weaver | | | 1.2 | | | | | | | |
| | w/Cobb on invest | | | | 0.8 | | | | | | |
| | Opening Statement | | | | | | 1.5 | | | | |
| 9/23 | Interview witnesses | | | 1.5 | | | | | | | |
| | Turman | | | 1.0 | | | | | | | |
| 9/24 | Assemble Juror Info | | | | | 2.5 | | | | | |
| 9/25 | Prepare OS, | | | | | | | | | | |
| | Evidence Book | | | | | | | | 6.0 | | |
| 9/26 | Voir Dire Q's | | | | | | | | 3.0 | | |
| | Voir Dire | 8.0 | | | | | | | | | |
| | OS, first witness | | | | | 1.5 | | | | | |
| | preparations | | | | | | | | | | |
| | and reviews | ✓ | | | | | | | | | |
| Page Totals: | | 25.0 | —0— | 3.7✓ | 4.3✓ | 6.3✓ | 8.1✓ | —0— | 9.0✓ | | |
| GRAND TOTALS: | | 65.1 | —0— | 8.0 | 6.8 | 13.3 | 20.4 | —0— | 11.1 | | |

# DEATH PENALTY HOURLY WORKSHEET
(Transfer Grand Total to CJA-30 Voucher)

Case No. CR-04-115P    Voucher No. September 2005    Page 3 of 3

| Date | Brief Description of Services | 15a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f Obtain & Review Docs & Other Evidence | 15g Consult Resource Cntr | 15h Legal Research & Writing | 15i Travel | 15j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/27 | OS & witnesses statements | | | | | | 3.0 | | | | |
| | OS & testimony | 7.5 | | | | | | | | | |
| 9/28 | Review trans for today's witnesses | | | | | | 2.5 | | | | |
| | Testimony | 7.5 | | | | | | | | | |
| 9/29 | Reassemble books & prepare for next week | | | | | | 1.2 | | | | |
| 9/30 | Records on next witnesses & get bullet pictures | | | | | | 1.8 | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| Page Totals: | | 15.0 | —0— | —0— | —0— | —0— | 8.5 ✓ | —0— | —0— | | |
| GRAND TOTALS: | ✓ | 65.1 | —0— | 8.0 | 6.8 ✓ | 13.3 ✓ | 20.4 ✓ | —0— | 11.1 ✓ | | |

Billing Calendar - Barrett
September 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| ɔn 09/05/05 | 3:00p | 2.80 | REVIEW | RH | 15 f - review pictures, and videos for use at trial. |
| Subtotal 20050905 | | 2.80 | | | |
| ɹe 09/06/05 | 8:00a | 0.80 | PREPARE | RH | 15 h - Prepared jury intro for Jury Qual and submit to USA, get extens to file. |
| | 2:00p | 0.20 | PHONE | RH | 15 a - Payne Tele/Conf |
| Subtotal 20050906 | | 1.00 | | | |
| ɘd 09/07/05 | 2:30p | 4.30 | APPT | RH | 15 c - Travel to Sallisaw and interview, Gelene, P. Crawford, T. Sanders, & T. Barrett.  View house again and measure. |
| Subtotal 20050907 | | 4.30 | | | |
| ri 09/09/05 | 11:00a | 1.30 | RESEARCH | RH | 15 h - Research bifurcated sentencing and prepare brief, file |
| | 11:00a | 1.00 | PREPARE | RH | 15 f - View Model, get D's Exhibits from USA. |

15 a   .3
   c   1/3
   ⸻   :
   h   2.1

Billing Calendar - Barrett
September 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---------|------|----------|------|-----|------|
| | 1:00p | 1.40 | STATUS | RH | 15 a - 1- Previous trial info 2 - 3 minutes on voir dire, 3 - US to supplement page 33 as to broad range of issues by Wed and defense to respond, 4 - 9/26 64 jurors at random, 1 1/4 for general voir dire each side, (maybe extended), challenges for cause, additional jurors as needed, 1:00 p.m. for peremptory challenges, USA 23 and Def 23, remaining 18 are jurors and last 6 are alternates; Opening statements -- 1 hr each, testimony begins 9/27 in Courtroom 2 with 9/29 afternoon off and 9/30 off, 5- Enter through handicap and give names to marshall. |
| | 4:00p | 1.00 | PREPARE | RH | 15 d - Juror Info notebooks, contact Angie on being available Mon. |
| Subtotal 20050909 | | | | | |
| | | 4.70 | | | |
| un 09/11/05 | 3:00p | 2.00 | RESEARCH | RH | 15 e - Review Juror info sheets, ph/USMarshall on Stun belt and haircut. |
| Subtotal 20050911 | | | | | |
| | | 2.00 | | | |
| on 09/12/05 | 8:00a | 1.50 | APPT | RH | 15 d - Meet w/BS and Angie to discuss Juror stategy, before and after court. 1.5 hr |
| | 9:00a | 7.50 | JURY TRL | RH | 15 a - Death Penalty Qual. |
| Subtotal 20050912 | | | | | |
| | | 9.00 | | | |

13.4

15 a  8.9
   d  2.5
   e  2.0

Billing Calendar - Barrett
September 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| ue 09/13/05 | 7:30a | 1.50 | RESEARCH | RH | 15 e - reviewing Juror Q's before & after court |
| | 9:00a | 8.00 | JURY TRL | RH | 15 a - Juror Death Qualification 8.0 hr |
| Subtotal 20050913 | | | | | |
| | | 9.50 | | | |
| ed 09/14/05 | 7:30a | 1.50 | RESEARCH | RH | 15 e - review Juror Q's before and after court |
| | 9:00a | 8.00 | JURY TRL | RH | 15 a - Juror Death Qualification 8.0 hr |
| | 8:00p | 2.00 | RESEARCH | RH | 15 e - Review CD's on model and photos for model |
| Subtotal 20050914 | | | | | |
| | | 11.50 | | | |
| hu 09/15/05 | 7:30a | 1.30 | RESEARCH | RH | 15 e - review Juror Q's before and after court |
| | 9:00a | 8.50 | JURY TRL | RH | 15 a - Juror Death Qualification 8.5 hr |
| Subtotal 20050915 | | | | | |
| | | 9.80 | | | |
| ri 09/16/05 | 8:00a | 1.00 | RESEARCH | RH | 15 e - Review Juror Q's before court |
| | 9:00a | 7.50 | JURY TRL | RH | 15 a - Juror Death Qualification 7.5 hr |
| Subtotal 20050916 | | | | | |
| | | 8.50 | | | |
| at 09/17/05 | 11:30a | 4.50 | REVIEW | RH | 15 f - 9th and 10th Day 2nd Trial, Lyons read and take notes for 1st trial comparison |
| Subtotal 20050917 | | | | | |
| | | 4.50 | | | |
| ue 09/20/05 | 1:45p | 1.00 | PRETRIAL | RH | 15 a - Witness ID and General Voir Dire q's; discuss with USA on interviews. |

*5a 33.0*

*E 7.3*

*D 4.5*

*44.5*

Billing Calendar - Barrett
September 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| | 3:00p | 3.50 | APPT | RH | 15 d - at jail w/Angie Cole, KB, BS on jurors, get info from KB on witnesses. |
| Subtotal 20050920 | | | | | |
| | | 4.50 | | | |
| ed 09/21/05 | 10:00a | 2.10 | PREPARE | RH | 15 f - Def's exhibits |
| Subtotal 20050921 | | | | | |
| | | 2.10 | | | |
| hu 09/22/05 | 9:30a | 1.20 | APPT | RH | 15 c - Randy Weaver interview @ Mike Littlefield's |
| | 11:00a | 0.80 | APPT | RH | 15 d - Cobb on more investigation w/witnesses |
| | 4:00p | 1.50 | PREPARE | RH | 15 f - go over opening statement; review Echols OS |
| Subtotal 20050922 | | | | | |
| | | 3.50 | | | |
| ri 09/23/05 | 9:00a | 1.50 | APPT | RH | 15 c - Crawford and Turman witnesses, both no show, pictures of bullet |
| | 2:00p | 1.00 | APPT | RH | 15 c - Turrman show, but no talk |
| Subtotal 20050923 | | | | | |
| | | 2.50 | | | |
| at 09/24/05 | 12:00p | 2.50 | PREPARE | RH | 15 e - Assemble Juror Info Book & restudy for Monday |
| Subtotal 20050924 | | | | | |
| | | 2.50 | | | |
| un 09/25/05 | 4:00p | 6.00 | PREPARE | RH | 15 h - w/BS on Jurors, work on Opening, assemble Evidence Book, split up for Monday |
| Subtotal 20050925 | | | | | |
| | | 6.00 | | | |
| on 09/26/05 | 5:30a | 3.00 | PREPARE | RH | 15 h - Q's for Voir DIre , study Opening, discuss w/BS and AC. |

Billing Calendar - Barrett
September 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| continued) | | | | | |
| | 8:30a | 8.00 | JURY TRL | RH | 15 a - Jury Voir DIre and selection |
| | 8:00p | 1.50 | PREPARE | RH | 15 e - study Opening, prepare for first witnesses Model man and Johnson |
| Subtotal 20050926 | | | | | |
| | | 12.50 | | | |
| ue 09/27/05 | 5:00a | 3.00 | REVIEW | RH | 15 f - Review Opening and go over anticipated Testimony for today |
| | 9:30a | 7.50 | JURY TRL | RH | 15 a - Opening & Testimony |
| Subtotal 20050927 | | | | | |
| | | 10.50 | | | |
| ed 09/28/05 | 5:00a | 2.50 | PREPARE | RH | 15 f - review transcripts for Testimony today |
| | 8:45a | 7.50 | JURY TRL | RH | 15 a - Testimony |
| Subtotal 20050928 | | | | | |
| | | 10.00 | | | |
| nu 09/29/05 | 4:00p | 1.20 | PREPARE | RH | 15 f - reassemble records and prepare for next week. |
| Subtotal 20050929 | | | | | |
| | | 1.20 | | | |
| ri 09/30/05 | 1:30p | 1.80 | PREPARE | RH | 15 f - Coordinate records on witnesses for next week and get bullet pictures to Littlefield |
| Subtotal 20050930 | | | | | |
| | | 1.80 | 3.0 | | |

** Grand Totals ***

          124.70
  Number of Events:   40

/15 a    93.0
   e    1.5
   f    8.5

certain categories may require additional hours due to the unfamiliarity of both counsel with the background of this case. As indicated in this Court's order entered on May 5, 2005, however, this Court is not so concerned with counsel shifting the approved number of hours among each other as it is with counsel exceeding the total number of hours approved without seeking prior court approval and authorization to do so. Further, since counsel have previously indicated difficulties in retaining certain experts within the budgeted amounts set by this Court, counsel will be allowed to include in their amended budget request any difficulties they may be encountering and request additional funding if supported by detailed information regarding what will work will be performed for the amount of fees requested, the hourly rate to be paid, and the total number of hours required to complete the work. Counsel's request should strictly comply with the requirements in paragraph 3 of the Sealed Order Regarding *Ex Parte* Motion for Approval of "Pre-Authorization" Budget for the Defense (Docket No. 38). Although this Court does not intend to monitor contracts with expert witnesses, due to difficulties encountered by experts retained in the state court trial which have been brought to this Court's attention, it is strongly recommended that counsel enter into written contracts with all expert witnesses detailing the scope of services to be performed and perhaps withholding a percentage of payment until after the expert has testified at trial. If funding of a particular expert

2

increases over the amounts budgeted, this Court intends to request counsel provide copies of any such contracts to substantiate an increase in anticipated amounts.

Finally, defense counsel shall continue to follow all of the guidelines for interim payment of attorney fees and reimbursement of costs set forth in the Sealed Order Regarding *Ex Parte* Motion for Approval of "Pre-Authorization" Budget for the Defense (Docket No. 38); the Budget Order filed herein on March 18, 2005; and the Order filed on May 5, 2005.

It is so ordered this _17th_ day of May, 2005.

JAMES H. PAYNE, CHIEF
UNITED STATES DISTRICT COURT JUDGE

3

# MEMORANDUM

**TO:** Susan Gilmartin, Financial Specialist
U.S. District Court, OK/E

**FROM:** Sharla Young, Administrative Officer
Office of Federal Public Defender

**SUBJECT:** **CJA-30 VOUCHER NO.**
**INTERIM NO. # 9**
**USA v. Barrett, Kenneth Eugene**
**Case No. CR-04-115-P**

**DATE:** October 5, 2005

---

_X_ The attorney appointed to represent the petitioner in the referenced cause submits this interim voucher for services rendered to date. Interim payments were authorized by Court order.

    _X_ a) copy of order attached.

    ____ b) **Docket Clerk:** Order dated _____

_X_ **Death Penalty Matter:** The attached CJA-30 is submitted by the attorney appointed in the referenced death penalty matter for services rendered to date. The attached voucher has been reviewed by this office for technical and mathematical accuracy and appears correct.

Reviewed for mathematical accuracy by
Janice L. Tolliver, Office of FPD
Date: October 5, 2005

Reviewed for technical accuracy by Christy Streater.
Panel Administrator/Paralegal, Office of FPD
Date: 10/5/05

10/5/05
Date

Reviewed by Sharla Young, Administrative Officer, Office of FPD

10-6-05
Date

Reviewed by Susan Gilmartin, Financial Specialist, US District Ct, OK/E

CJA 30 DEATH PENALTY PROCEEDINGS: APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL.

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | UCHER NUMBER |
|---|---|---|---|
| OKE | Barrett, Kenneth Eugene | | 051213000015 |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| 6:04-000100-001 | 04-000115 | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. TYPE PERSON REPRESENTED | 9. REPRESENTATION TYPE |
|---|---|---|
| U.S. v. Barrett | Adult Defendant | Federal Capital Prosecution |

**10. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section)** If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 21 848E.F -- INTENTIONALLY KILLS OR COUNSELS, COMMANDS W/VIOLATION OF 18:841(B)(1)(A)

**11. ATTORNEY'S NAME** (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS

HILFIGER, ROGER
P.O. BOX 0791
MUSKOGEE OK 74402-0791

Telephone Number: (918) 683-4445

**13. NAME AND MAILING ADDRESS OF LAW FIRM** (only provide per instructions)

**12. COURT ORDER**

- ☒ O Appointing Counsel
- ☐ C Co-Counsel
- ☐ F Subs For Federal Defender
- ☐ R Subs For Retained Attorney
- ☐ P Subs For Panel Attorney
- ☐ Y Standby Counsel

Prior Attorney's Name: _____

Appointment Date: _____

(A) Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 11, who has been determined to possess the specific qualifications required by law, is appointed to represent this person in this case.

(B) The attorney named in Item 11 is appointed to serve as ☒ LEAD COUNSEL. ☐ CO-COUNSEL.

Name of Co-Counsel or Lead Counsel: John D. Echols Bret Smith

Appointment Date: 5-17-2005

(C) If you represented the defendant or petitioner in any prior proceeding related to this matter, attach to your initial claim a listing of those proceedings and describe your role in each (e.g., lead counsel or co-counsel).

☐ (D) Due to the expected length of this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, interim payments of compensation and expenses are approved pursuant to the attached order.

Signature of Presiding Judicial Officer or By Order of the Court

10/25/2004
Date of Order                    Nunc Pro Tunc Date

(E) Repayment or partial repayment ordered from the person represented for this service at time of appointment.      ☐ YES      ☐ NO

CLAIM FOR SERVICES AND EXPENSES

**14. STAGE OF PROCEEDING**
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 15 was performed even if the work is intended to be used in connection with a later stage of the proceeding. CHECK NO MORE THAN ONE BOX    Submit a separate voucher for each stage of the proceeding.

CAPITAL PROSECUTION
- a ☐ Pre-Trial
- b ☐ Trial
- c ☐ Sentencing
- d ☐ Other Post Trial
- e ☐ Appeal
- f ☐ Petition for the U.S.
- g ☐ Supreme Court
- ☐ Writ of Certiorari

HABEAS CORPUS
- g ☐ Habeas Petition
- h ☐ Evidentiary Hearing
- i ☐ Dispositive Motions
- j ☐ Appeal
- k ☐ Petition for the U.S.
- ☐ Supreme Court
- ☐ Writ of Certiorari

OTHER PROCEEDING
- l ☐ Stay of Execution
- m ☐ Appeal of Denial of Stay
- n ☐ Petition for Writ of Certiorari to the U.S. Supreme Court Regarding Denial of Stay
- o ☐ Other

HOURS AND COMPENSATION CLAIMED / FOR COURT USE ONLY

| 15. | CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|---|
| a. | In-Court Hearings (Rate per Hour = $ 150 ) | 5.2 | 780 | | IN COURT TOTAL (Category a) | IN COURT TOTAL (Category a) |
| b. | Interviews and Conferences with Client | 1.8 | | | | |
| c. | Witness Interviews | -0- | | | | |
| d. | Consultation with Investigators and Experts | 6.3 | | | | |
| e. | Obtaining and Reviewing the Court Record | 2.8 | | | | |
| f. | Obtaining and Reviewing Documents and Evidence | 19.0 | | | OUT OF COURT TOTAL (Categories b - j) | OUT OF COURT TOTAL (Categories b - j) |
| g. | Consulting with Expert Counsel | -0- | | | | |
| h. | Legal Research and Writing | 24.0 | | | | |
| i. | Travel | -0- | | | | |
| j. | Other (Specify on additional sheets) | -0- | | | | |
| | Totals: Categories b thru j (Rate per hour = $ 150 ) | 53.90 | 8085 | | | |

CLAIM FOR TRAVEL AND EXPENSES (Attach itemization of expenses with dates)

| 16. | Travel Expenses (lodging, parking, meals, mileage, etc.) | -0- | | |
|---|---|---|---|---|
| 17. | Other Expenses (other than expert, transcripts, etc.) | -0- | | |
| | GRAND TOTALS (CLAIMED AND ADJUSTED) | 8865 | | |

**18. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE**
FROM 8-1-2005 TO 8-31-2005

**19. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION**

**20. CASE DISPOSITION**

**21. CLAIM STATUS**      ☐ Final Payment    ☒ Interim Payment Number 8    ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case? ☒ YES ☐ NO    If yes, were you paid? ☒ YES ☐ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation?    ☐ YES ☒ NO    If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.

Signature of Attorney: Roger Hilfiger      Date: 10-1-2005

APPROVED FOR PAYMENT - COURT USE ONLY

| 22. IN COURT COMP. | 23. OUT OF COURT COMP. | 24. TRAVEL EXPENSES | 25. OTHER EXPENSES | 26. TOTAL AMT. APPROVED |
|---|---|---|---|---|
| $780.00 | $8,085.00 | -0- | -0- | 8,865.00 |

| 27. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | DATE | 27a. JUDGE CODE |
|---|---|---|
| James A Payne | 12-13-05 | 8607 |

COPY

# DEATH PENALTY HOURLY WORKSHEET
(Transfer Grand Total to CJA-30 Voucher)

Case No. CR-04-115 P   Voucher No. AUGUST 2005    Page 1 of 2

| Date | Brief Description of Services | 15a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f Obtain & Review Docs & Other Evidence | 15g Consult Resource Cntr | 15h Legal Research & Writing | 15i Travel | 15j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/8 | 4ry Day 2nd trial | | | | | | 4.2 | | | | |
| 8/9 | w/Cobb on trajectory | | | | 1.5 | | | | | | |
| 8/10 | Rev ballistics info | | | | | | 2.5 | | | | |
| 8/12 | Status hrg on dates | 1.0 | | | | | | | | | |
| | Ph/calls to mom/step | | 0.8 | | | | | | | | |
| 8/14 | 5th/day 2nd trial | | | | | | 3.0 | | | | |
| 8/16 | 6th day 2nd trial | | | | | | 3.2 | | | | |
| 8/17 | Ph/Cole on jurors | | | | 0.5 | | | | | | |
| 8/18 | Cole to deliver Q's | | | | 1.0 | | | | | | |
| 8/19 | Russell on Mitigation | | | | 2.5 | | | | | | |
| 8/22 | Jury instructions | | | | | | | | 2.0 | | |
| | 7th day, 2nd trial | | | | | | 2.5 | | | | |
| 8/23 | 8th day, 2nd trial | | | | | | 3.6 | | | | |
| 8/25 | Voir-dire, Jury instructs | | | | | | | | 2.3 | | |
| | trial brief | | | | | | | | | | |
| 8/26 | Restraint research | | | | | | | | 1.2 | | |
| | Deliver Jury Q's | | | | 0.8 | | | | | | |
| 8/25 | Peruse Jury Q's | | | | | 2.3 | | | | | |
| 8/28 | Res. VD, JI, | | | | | | | | | | |
| | homicide info | | | | | | | | 7.0 | | |
| 8/29 | JV - disc above | | | | | | | | | | |
| | plus restraint | | 1.0 | | | | | | | | |
| | issue | | | | | | | | | | |
| Page Totals: | | 1.0 | 1.8 | -0- | 6.30 | 2.3 | 19.0 | -0- | 12.50 | (12.50) | |
| GRAND TOTALS: | | 5.2 | 1.8 | -0- | 6.3 | 2.8 | 19.0 | -0- | 24.0 | -0- | -0- |

| Date | Brief Description of Services | 15a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d - Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f - Obtain & Review Docs & Other Evidence | 15g - Consult Resource Cntr | 15h Legal Research & Writing | 15i Travel | 15j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/29 | Prep VD, JI & discuss w/ BS | | | | | | | | 8.0 | | |
| 8/30 | Prepare trial brief restraint issues | | | | | | | | 3.5 | | |
| | File Brief & Obj | | | | | 0.5 | | | | | |
| 8/31 | Hearing on sturn Belt | 3.0 | | | | | | | | | |
| | Pretrial - jurors are t's only bifurcated sentencing? | 1.2 | | | | | | | | | |
| **Page Totals:** | | 4.2 | —0— | —0— | —0— | 0.5 | —0— | —0— | 11.5 | —0— | —0— |
| **GRAND TOTALS:** | | 5.2 | 1.8 | —0— | 6.3 | 2.8 | 19.0 | —0— | 24.0 | —0— | —0— |

Billing Calendar - Barrett
August 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| ɔn 08/08/05 | 4:00p | 4.20 | REVIEW | RH | 15 f - 4th Day 2nd Trial, Gren, Hash, Darst read and make notes for 1st trial comparison |
| Subtotal 20050808 | | | | | |
| | | 4.20 | | | |
| ɹe 08/09/05 | 3:00p | 1.50 | APPT | RH | w/Loyd Cobb, BS on trajectory analysis and info needed; prep for meeting. |
| Subtotal 20050809 | | | | | |
| | | 1.50 | | | |
| ed 08/10/05 | 3:00p | 2.50 | REVIEW | RH | 15 f - Assemble and review OSBI ballistics to follow locations of cartridges and bullets |
| Subtotal 20050810 | | | | | |
| | | 2.50 | | | |

*15 d* (handwritten)

4.5 (handwritten)

15 d 1.5
f 6.7 (handwritten)

Billing Calendar – Barrett
August 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| ri 08/12/05 | 11:00a | 1.00 | STATUS | RH | *15 a* 3rd/4th floor courtroom; called Doris/Gelene on 8/9 and let them know. Gen Qual on 8/18 -19 in MKO; counsel need not be present; done in 4 sessions of 60-80 each; Govt says 41 witnesses with 10-15 days 1st stage; D +5 witnesses 5 days; 2nd stage, 5 witnesses each and 5 days each. Sept 12 - Death Qual Sept 26 - General Voir Dire Sept 27 - Testimony starts Sept 29 - no testimony or 1/2 day Sept 30 - BS & ML at 10th circuit Oct 4 - schedule conflict Oct 10 - holiday & balance of week no testimony Oct 18 - start testimony Q's on questionaire - Trial briefs and JI due on 8/29 |
| | 4:00p | 0.80 | PHONE | RH | 15  b - ph w/Doris and Gelene on Status conf with current trial info (918)775-6969 Gelen=DayPhone; (918)245-2725 Doris=EvePhone; |

Subtotal 20050812

1.80

| ;un 08/14/05 | 1:00p | 3.00 | REVIEW | RH | 15 f  - 5th Day 2nd Trial, Poe, Goss, Philpot, T Barrett, Fair, Philpot read and take notes for 1st trial comparison |

4.8

· Subtotal 20050814

*15 a 1.0*
*b .8*
*f 3.0*

3.00

Billing Calendar - Barrett
August 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| ie 08/16/05 | 5:00p | 3.20 | REVIEW | RH | 15 f  - 6th Day 2nd Trial, Mann, Distefano, Franchini, Callery, Beach, Rosser, & Daliy (part) read and take notes for 1st trial comparison |
| Subtotal 20050816 | | 3.20 | | | |
| ed 08/17/05 | 9:00a | 0.50 | PHONE | RH | 15  d - Angie Cole with OIDS 405-801-2602 AND 405-410-4191 on Jury q'S Meet tomorrow at Norman with same Q and go over Jury Pro info; told her jury dates. |
| Subtotal 20050817 | | 0.50 | | | |
| hu 08/18/05 | 11:00a | 1.00 | APPT | RH | 15 d - Meet w/Angie Cole in Norman. Discuss Jury Pro, how it works, what she will do , inform her of dates and make arrangements to get Jury Q's to her. |
| Subtotal 20050818 | | 1.00 | | | |
| ri 08/19/05 | 11:00a | 2.50 | APPT | RH | 15 d - Meet w/Jennie Russell and BS in Tulsa. Discuss Mitigation infor;  she has already done presentation; BS is to get transcript of Horn testimony for questions. |
| Subtotal 20050819 | | 2.50 | | | |
| lon 08/22/05 | 3:30p | 2.00 | RESEARCH | RH | 15 h  - on Jury Instructions, need to determine type of homicide? |

*15 d   4.0*
*f    3.2*
*9.2*
*h.   5.0*

Billing Calendar - Barrett
August 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| | 7:30p | 2.50 | REVIEW | RH | 15 f - 7th Day 2nd Trial, Wood, Huntington, Randolph, Choney, read and take notes for 1st trial comparison |
| Subtotal 20050822 | | | | | |
| | | 4.50 | | | |
| ue 08/23/05 | 5:30p | 3.60 | REVIEW | RH | 15 f - 8th Day 2nd Trial, Parks, Lyons, Howard read and take notes for 1st trial comparison |
| Subtotal 20050823 | | | | | |
| | | 3.60 | | | |
| nu 08/25/05 | 2:00p | 2.30 | RESEARCH | RH | 15 h - Discuss w/BS division of duties on proposed voir dire, jury instructions, and trial brief. |
| Subtotal 20050825 | | | | | |
| | | 2.30 | | | |
| ri 08/26/05 | 11:00a | 1.20 | RESEARCH | RH | 15 h - Case on restraint and for other args on restraint. |
| | 3:30p | 0.80 | APPT | RH | 15 d - Deliver jury Q's to OIDS for Angie Cole, make arrangements for return in one week. |
| _hurs 8/25/05_ | 7:00p | 2.30 | Review | RH | 15 e - perusal of Juror Q's . |
| Subtotal 20050826 | | | | | |
| | | 4.30 | | | |
| un 08/28/05 | 1:30p | 7.00 | RESEARCH | RH | 15 h - Research on Proposed voir dire, jury instructions; issue of vol mans & death penalty; homicide determination |
| Subtotal 20050828 | | | | | |
| | | 7.00 | | | |

15 d  .8
e  2.3
f  6.1
h  16.5

Billing Calendar - Barrett
August 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---------|------|----------|------|-----|------|
| on 08/29/05 | 7:30a | 1.00 | JV | RH | 15 b - Discuss w/KB jury instruct, D's testifying, and DP issues. Calm down on restraint issue. |
| | 8:30a | 8.00 | PREPARE | RH | 15 h - Proposed voir dire, jury instructions prepared & discussed w/BS |

Subtotal 20050829

9.00

| ue 08/30/05 | 8:30a | 3.50 | PREPARE | RH | 15 h - Complete trial brief; review Obj to restraints on KB, make copies |
| | 12:00p | 0.50 | FILE | RH | 15 e - Trial Brief & Obj to Restraints; leave copy for USA who has not filed yet. |

Subtotal 20050830

4.00

| ed 08/31/05 | 10:00a | 3.00 | HEARING | RH | 15 a - UNDER SEAL HEARING ORDER on stun belt; testimony; necessity questionable, but Payne appears to be in favor of belt, consider use during DP qual and see how KB reacts and then maybe readdress; Appeal? |

Billing Calendar - Barrett
August 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| | 1:00p | 1.20 | PRETRIAL | RH | 15 a - Discuss issues in Pre-trial briefs; jurors referred to by numbers for privacy; 4 excused w/o objections; govt question on KB statement - not enought info to rule on; work on opening info for jurors by 9/6; govt says no 404b evidence so no notice; need to subpoena to use 804 unavailability; dummy displayed and removed except when used by witness; uniformed OHP - no decision; Bifurcated sentencing as to 21 violation and then 18 violation due by 9/9; Ct's emphasis on jurors is (1) death qual (2) time avail (3) Publicity (4) discrimination cert under 18 USC 3593 (f); govt to submit Victim Impact statement before victims testify. |

Subtotal 20050831

4.20

** Grand Totals ***
59.10
Number of Events: 24

#133

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**SEALED**

UNITED STATES OF AMERICA,  )
                        )
        Plaintiff,  )
                        )
vs.  )         Case No. CR-04-115-P
                        )
KENNETH EUGENE BARRETT,  )
                        )
        Defendant.  )

**FILED**

MAY 1 7 2005

William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

## ORDER

On May 5, 2005, this Court granted John David Echols' Motion to Withdraw.
Since this is a death penalty case, pursuant to 21 U.S.C. § 848(q), this Court hereby
designates Roger Hilfiger as lead counsel and appoints, Bret Allan Smith, as co-
counsel. Lead counsel shall be compensated at a rate not to exceed $150.00 and co-
counsel shall be compensated at a rate not to exceed $125.00. On March 18, 2005,
this Court entered a Budget Order in this matter. The overall total budget set forth
in that order shall remain in effect with the only alteration being that Mr. Hilfiger
will, from this date forward, be authorized compensation not to exceed $150.00 per
hour. Counsel shall have until May 27, 2005, to submit an amended budget proposal
if they feel (1) delegation of hours needed to be shifted between counsel[1], or (2)

---

[1] Since Mr. Echols was originally allowed hours that may now be performed by either Mr. Hilfiger or Mr. Smith, some adjustments may need to be reflected on any amendment submitted to the Court.

certain categories may require additional hours due to the unfamiliarity of both counsel with the background of this case. As indicated in this Court's order entered on May 5, 2005, however, this Court is not so concerned with counsel shifting the approved number of hours among each other as it is with counsel exceeding the total number of hours approved without seeking prior court approval and authorization to do so. Further, since counsel have previously indicated difficulties in retaining certain experts within the budgeted amounts set by this Court, counsel will be allowed to include in their amended budget request any difficulties they may be encountering and request additional funding if supported by detailed information regarding what will work will be performed for the amount of fees requested, the hourly rate to be paid, and the total number of hours required to complete the work. Counsel's request should strictly comply with the requirements in paragraph 3 of the Sealed Order Regarding *Ex Parte* Motion for Approval of "Pre-Authorization" Budget for the Defense (Docket No. 38). Although this Court does not intend to monitor contracts with expert witnesses, due to difficulties encountered by experts retained in the state court trial which have been brought to this Court's attention, it is strongly recommended that counsel enter into written contracts with all expert witnesses detailing the scope of services to be performed and perhaps withholding a percentage of payment until after the expert has testified at trial. If funding of a particular expert

2

increases over the amounts budgeted, this Court intends to request counsel provide copies of any such contracts to substantiate an increase in anticipated amounts.

Finally, defense counsel shall continue to follow all of the guidelines for interim payment of attorney fees and reimbursement of costs set forth in the Sealed Order Regarding *Ex Parte* Motion for Approval of "Pre-Authorization" Budget for the Defense (Docket No. 38); the Budget Order filed herein on March 18, 2005; and the Order filed on May 5, 2005.

It is so ordered this ___17th___ day of May, 2005.

JAMES H. PAYNE, CHIEF
UNITED STATES DISTRICT COURT JUDGE

3

# MEMORANDUM

**TO:**      Susan Gilmartin, Financial Specialist
U.S. District Court, OK/E

**FROM:**    Sharla Young, Administrative Officer
Office of Federal Public Defender

**SUBJECT:**    **CJA-30 VOUCHER NO.**
**INTERIM NO. # 8**
**USA v. Barrett, Kenneth Eugene**
**Case No. CR-04-115-P**

**DATE:**    October 5, 2005

---

<u>X</u>   The attorney appointed to represent the petitioner in the referenced cause submits this interim voucher for services rendered to date. Interim payments were authorized by Court order.

    <u>X</u>  a)    copy of order attached.

    <u>    </u>  b)    **Docket Clerk:**  Order dated _____

<u>X</u>  **Death Penalty Matter:** The attached CJA-30 is submitted by the attorney appointed in the referenced death penalty matter for services rendered to date. The attached voucher has been reviewed by this office for technical and mathematical accuracy and appears correct.


Reviewed for mathematical accuracy by
Janice L. Tolliver, Office of FPD
Date: October 5, 2005

Reviewed for technical accuracy by Christy Streater.
Panel Administrator/Paralegal, Office of FPD
Date: **10/5/05**

10/5/05
Date

Reviewed by Sharla Young, Administrative Officer, Office of FPD

10-6-05
Date

Reviewed by Susan Gilmartin, Financial Specialist, US District Ct, OK/E

CJA 30 INVESTIGATIVE (NON CAPITAL) PROCEEDINGS: APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL.

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| OKE | Barrett, Kenneth Eugene | | 050922000006 |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| 6:04-000100-001 | 04-115-CR | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. TYPE PERSON REPRESENTED | 9. REPRESENTATION TYPE |
|---|---|---|
| U.S. v. Barrett | Adult Defendant | Federal Capital Prosecution |

10. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 21 848E.F -- INTENTIONALLY KILLS OR COUNSELS, COMMANDS W/VIOLATION OF 18:841(B)(1)(A)

11. ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS

HILFIGER, ROGER
P.O. BOX 0791
MUSKOGEE OK 74402-0791

Telephone Number: (918) 683-4445

13. NAME AND MAILING ADDRESS OF LAW FIRM (only provide per instructions)

12. COURT ORDER
- ☒ O Appointing Counsel
- ☐ F Subs For Federal Defender
- ☐ P Subs For Panel Attorney
- ☐ C Co-Counsel
- ☐ R Subs For Retained Attorney
- ☐ Y Standby Counsel

Prior Attorney's Name: _____

Appointment Date: _____

(A) Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 11, who has been determined to possess the specific qualifications required by law, is appointed to represent this person in this case.

(B) The attorney named in Item 11 is appointed to serve as ☒ LEAD COUNSEL, ☐ CO-COUNSEL

Name of Co-Counsel or Lead Counsel: John D. Echols Bret Smith
Appointment Date: 5-17-2005

(C) If you represented the defendant or petitioner in any prior proceeding related to this matter, attach to your initial claim a listing of those proceedings and describe your role in each (e.g., lead counsel or co-counsel).

☐ (D) Due to the expected length of this case, and the anticipated hardship on counsel in undertaking representation full time for such a period without compensation, interim payments of compensation and expenses are approved pursuant to the attached order.

_____
Signature of Presiding Judicial Officer or By Order of the Court

10/25/2004
Date of Order          Nunc Pro Tunc Date

(E) Repayment or partial repayment ordered from the person represented for this service at time of appointment. ☐ YES ☐ NO

14. STAGE OF PROCEEDING
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 15 was performed even if the work is intended to be used in connection with a later stage of the proceeding. CHECK NO MORE THAN ONE BOX. Submit a separate voucher for each stage of the proceeding.

CAPITAL PROSECUTION
- a ☒ Pre-Trial
- b ☐ Trial
- c ☐ Sentencing
- d ☐ Other Post Trial
- e ☐ Appeal
- f ☐ Petition for the U.S. Supreme Court

HABEAS CORPUS
- g ☐ Habeas Petition
- h ☐ Evidentiary Hearing
- i ☐ Dispositive Motions
- j ☐ Appeal
- k ☐ Petition for the U.S. Supreme Court
- Writ of Certiorari

OTHER PROCEEDING
- l ☐ Stay of Execution
- m ☐ Appeal of Denial of Stay
- n ☐ Petition for Writ of Certiorari to the U.S. Supreme Court Regarding Denial of Stay
- o ☐ Other

HOURS AND COMPENSATION CLAIMED / FOR COURT USE ONLY

| 15. CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|
| a. In-Court Hearings (Rate per Hour = $ 150 ) | 2.2 | 330.00 | | IN COURT TOTAL (Category a) | IN COURT TOTAL (Category a) |
| b. Interviews and Conferences with Client | 2.3 | | | | |
| c. Witness Interviews | 3.0 | | .5 | | |
| d. Consultation with Investigators and Experts | 2.8 | | 5.3 | | |
| e. Obtaining and Reviewing the Court Record | 0.3 | | | | |
| f. Obtaining and Reviewing Documents and Evidence | 17.2 | | | OUT OF COURT TOTAL (Categories b - j) | OUT OF COURT TOTAL (Categories b - j) |
| g. Consulting with Expert Counsel | | | | | |
| h. Legal Research and Writing | 1.0 | | | | |
| i. Travel | | | | | |
| j. Other (Specify on additional sheets) | | | | | |
| Totals: Categories b thru j (Rate per hour = $ 150 ) | 26.6 | 3990.00 | | | |

CLAIM FOR TRAVEL AND EXPENSES (Attach itemization of expenses with dates)

| 16. Travel Expenses (lodging, parking, meals, mileage, etc.) | | |
|---|---|---|
| 17. Other Expenses (other than expert, transcripts, etc.) | | |

GRAND TOTALS (CLAIMED AND ADJUSTED): 4320.00

| 18. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE FROM 7-1-2005 TO 7-31-2005 | 19. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 20. CASE DISPOSITION |
|---|---|---|

21. CLAIM STATUS ☐ Final Payment ☒ Interim Payment Number 7 ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case? ☒ YES ☐ NO If yes, were you paid? ☒ YES ☐ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything or value) from any other source in connection with this representation? ☐ YES ☐ NO If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.

Interims 1-5

Signature of Attorney: Roger Hilfiger          Date: Sept 1, 2005

| 22. IN COURT COMP. | 23. OUT OF COURT COMP. | 24. TRAVEL EXPENSES | 25. OTHER EXPENSES | 26. TOTAL AMT. APPROVED |
|---|---|---|---|---|
| $330.00 | $3,990.00 | -0- | -0- | $4,320.00 |

| 27. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | DATE 9-22-05 | 27a. JUDGE CODE 0607 |
|---|---|---|

#133

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**SEALED**

UNITED STATES OF AMERICA,      )
                               )
                Plaintiff,     )
                               )
vs.                            )      Case No. CR-04-115-P
                               )
KENNETH EUGENE BARRETT,        )
                               )      **FILED**
                Defendant.     )
                               )      MAY 1 7 2005
                               )
                                      William B. Guthrie
                                      Clerk, U.S. District Court

**ORDER**                      By_____
                                                    Deputy Clerk

On May 5, 2005, this Court granted John David Echols' Motion to Withdraw.

Since this is a death penalty case, pursuant to 21 U.S.C. § 848(q), this Court hereby

designates Roger Hilfiger as lead counsel and appoints, Bret Allan Smith, as co-

counsel. Lead counsel shall be compensated at a rate not to exceed $150.00 and co-

counsel shall be compensated at a rate not to exceed $125.00. On March 18, 2005,

this Court entered a Budget Order in this matter. The overall total budget set forth

in that order shall remain in effect with the only alteration being that Mr. Hilfiger

will, from this date forward, be authorized compensation not to exceed $150.00 per

hour. Counsel shall have until May 27, 2005, to submit an amended budget proposal

if they feel (1) delegation of hours needed to be shifted between counsel[1], or (2)

---

[1]Since Mr. Echols was originally allowed hours that may now be performed by either Mr. Hilfiger or Mr. Smith, some adjustments may need to be reflected on any amendment submitted to the Court.

certain categories may require additional hours due to the unfamiliarity of both counsel with the background of this case. As indicated in this Court's order entered on May 5, 2005, however, this Court is not so concerned with counsel shifting the approved number of hours among each other as it is with counsel exceeding the total number of hours approved without seeking prior court approval and authorization to do so. Further, since counsel have previously indicated difficulties in retaining certain experts within the budgeted amounts set by this Court, counsel will be allowed to include in their amended budget request any difficulties they may be encountering and request additional funding if supported by detailed information regarding what will work will be performed for the amount of fees requested, the hourly rate to be paid, and the total number of hours required to complete the work. Counsel's request should strictly comply with the requirements in paragraph 3 of the Sealed Order Regarding *Ex Parte* Motion for Approval of "Pre-Authorization" Budget for the Defense (Docket No. 38). Although this Court does not intend to monitor contracts with expert witnesses, due to difficulties encountered by experts retained in the state court trial which have been brought to this Court's attention, it is strongly recommended that counsel enter into written contracts with all expert witnesses detailing the scope of services to be performed and perhaps withholding a percentage of payment until after the expert has testified at trial. If funding of a particular expert

2

# DEATH PENALTY HOURLY WORKSHEET
[Transfer Grand Total to CJA-30 Voucher]

Case No. CR-04-115P  Voucher No. July 2005  Page 1 of 2

| Date | Brief Description of Services | 15 a IN COURT HEARINGS | 15 b Interviews & Client Conf(s) | 15 c Witness Interviews | 15 d - Consult Investigators & Experts | 15 e Obtain/Review Ct Records | 15 f - Obtain & Review Docs & Other Evidence | 15 g - Consult Resource Cntr | 15 h Legal Research & Writing | 15 i Travel | 15 j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/10 | 2nd Trial Trans 2nd Day | | | | | | 1.8 | | | | |
| 7/11 | 2nd Trial Trans 3rd Day | | | | | | 2.0 | | | | |
| 7/13 | Appt – Expts & wits w/John Echols | | | 3.0 | | | | | | | |
| 7/15 | Status – hrg on transcripts – wait | 1.0 | | | | | | | | | |
| | Wait in Ct. | 1.2 | | | | | | | | | |
| | Ph/call w/woods | | | | 0.5 | | | | | | |
| 7/17 | Assimilate notes on 15D trial witnesses | | | | | | 3.5 | | | | |
| 7/18 | Ph/Littlefield & Woods on transcripts | | | | 0.5 | | | | | | |
| | Ph/OIDS on Jurors | | | | 0.8 | | | | | | |
| | Ph/Doris & DS on jury panel | | 0.5 | | | | | | | | |
| | Ph/Doris on panel | | 0.6 | | | | | | | | |
| 7/19 | JV w/KBau jury panel | | 1.0 | | | | | | | | |
| | Review Order | | | | | 0.3 | | | | | |
| 7/20 | Memo & Continuance | | | | | | | | 1.0 | | |
| 7/25 | 1st Day 2nd trial read & comparison notes | | | | | | 2.5 | | | | |
| **Page Totals:** | | 2.2 ✓ | 2.1 ✓ | 3.0 | 1.8 ✓ | 0.3 ✓ | 9.8 ✓ | | 1.0 ✓ | | |
| **GRAND TOTALS:** | | 2.2 ✓ | 2.3 ✓ | 3.0 ✓ | 2.8 ✓ | 0.3 ✓ | 17.2 ✓ | | 1.0 | | |

Case No. CR-04-115 P    Voucher No. July 2005    Page 2 of 2

| Date | Brief Description of Services | 15a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d - Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f - Obtain & Review Docs & Other Evidence | 15g - Consult Resource Cntr | 15h Legal Research & Writing | 15i Travel | 15j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/26 | 2nd Day 2nd trial read & make comparism notes | | | | | | 4.0 | | | | |
| 7/28 | Ph/ Doris on Toby | | 0.2 | | | | | | | | |
| 7/29 | Lloyd on bh on traject & timing | | | | 1.0 | | | | | | |
| 7/31 | 3rd Day 2nd trial real & make comparism notes | | | | | | 3.4 | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| Page Totals: | | | 0.2 ✓ | | 1.0 ✓ | | 7.4 ✓ | | | | |
| GRAND TOTALS: | | 2.2 | 2.3 | 3.0 | 2.8 | 0.3 | 17.2 | | | 1.0 ✓ | |

Billing Calendar - Barrett
July 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---------|------|----------|------|-----|------|
| ın 07/10/05 | 6:00p | 1.80 | REVIEW | RH | 15 f - 2nd Trial Trans. 2nd day, Pettingill (rest), read |
| Subtotal 20050710 | | | | | |
| | | 1.80 | | | |
| ɔn 07/11/05 | 4:00p | 2.00 | REVIEW | RH | 15 f - 2nd Trial Trans. 3rd day, Hamilton & Greninger (part), read |
| Subtotal 20050711 | | | | | |
| | | 2.00 | | | |
| ed 07/13/05 | 1:30p | 3.00 | APPT | RH | 15 d - Discuss Experts & personal data of witnesses @ 2nd trial w/John Echols |
| Subtotal 20050713 | | | | | |
| | | 3.00 | | | |
| ri 07/15/05 | 10:30a | 2.20 | STATUS | RH | 15 a - Wait for hearing -- 1.2 hrs |

2.0

15 a - Status -- 1 hr; Have 5 days of 9days transcript; no new discovery date; use Southern Panel; suggested using balance of Northern not tainted along with Southern; need additional time to input data on questionaires prior to death penalty qualification; General Qual on 8/22 in McAlester, with trial still set on 8/29; Will consider reset with Nov 1 with waiver; by Wednesday 7/23 need names of people at defense table for questionaire. Need old questionaires returned 7/21 by noon. ML says 38 witnesses and 10-15 days, 2-3 days for defense on first stage and 2nd stage a total of

15 a   2.2
   d   3.0
   f   3.8

8/30/05
1:23p
                      Cook & Hilfiger                   Page 2

Billing Calendar - Barrett
July 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| | 2:00p | 0.50 | PHONE | RH | 15 d - Calls w/Mark Woods (774-4214) to get agreement on payment set up and inform him of CJA 24 signature needed. |
| Subtotal 20050715 | | | | | |
| | | 2.70 | | | |
| un 07/17/05 | 3:00p | 3.50 | PREPARE | RH | 15 f - Assimilate notes on 1st trial witnesses (partial). |
| Subtotal 20050717 | | | | | |
| | | 3.50 | | | |
| on 07/18/05 | 11:00a | 0.50 | PHONE | RH | 15 c - Calls with M. Littlefield and M. Woods on transcript availability; no obj to continuance, get reset dates for other matters also. |
| | 2:00p | 0.80 | PHONE | RH | 15 d - Calls to Fed Pub Def and OIDS on program for interpreting juror questionaires; return call from Angie Cole with OIDS 405-801-2602 on Jury Pro info and to volunteer to input info and assist in court on selection issues. |
| | 3:00p | 0.50 | APPT | RH | 15 b - w/BS& Doris on status of jury panel, mitigation exp, and need for addn'l time; also issues raised by KB and Doris on investigation needs and Southern Panel. |
| | 5:00p | 0.60 | PHONE | RH | 15 b - w/Doris on status of jury panel, and need for addn'l time; she in agreement on Southern Panel, since it does not include Pittsburg County. |
| Subtotal 20050718 | | | | | |
| | | 2.40 | | | |

*handwritten:* 15 f 1.1
    c .5
    d 1.5

Billing Calendar - Barrett
July 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay | When | Time | Duration | What | Who | Note |
|----|------|------|----------|------|-----|------|
| ıe | 07/19/05 | 4:30p | 1.00 | JV | RH | 15 b - w/KB jury panel, Angie Cole asst, and need for addn'l time; waive speedy trial through Nov docket, and he in agreement on Southern Panel. |
|    |          | 5:30p | 0.30 | REVIEW | RH | 15 e - Order on Report denying Death Penalty motions and govt notice of counsel table. |

Subtotal 20050719

1.30

| ed | 07/20/05 | 10:00a | 1.00 | PREPARE | RH | 15 h - Memo on Counsel table & Req for Continuance |

Subtotal 20050720

1.00

| on | 07/25/05 | 6:00p | 2.50 | REVIEW | RH | 15 f - 1st Day 2nd Trial, Clint Johnson reread and make notes for 1st trial comparison |

Subtotal 20050725

2.50

| ue | 07/26/05 | 2:00p | 4.00 | REVIEW | RH | 15 f - 2nd Day 2nd Trial, Pettingill reread and make notes for 1st trial comparison |

Subtotal 20050726

4.00

| hu | 07/28/05 | 11:00a | 0.20 | PHONE | RH | 15 b - Doris B message, Toby Barrett (918)776-3239 with agree to interview. |

Subtotal 20050728

0.20

| ri | 07/29/05 | 11:00a | 1.00 | APPT | RH | 15 d - Lloyd Cobb w/Bret Smith, on trajectory analysis, timing and day/night viewing |

15 h 1.2  15 f 1.0
d 1.0
e .3
f 4.5

Billing Calendar - Barrett
July 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---------|------|----------|------|-----|------|
| Subtotal 20050729 | | | | | |
| | | 1.00 | | | |
| un 07/31/05 | 7:00a | 3.40 | REVIEW | RH | 15 f  - 3rd Day 2nd Trial, Hamilton reead and make notes for 1st trial comparison, obtain D's Exhibits |
| Subtotal 20050731 | | | | | |
| | | 3.40 | | | |

** Grand Totals ***

28.80
Number of Events: 18

# MEMORANDUM

**TO:**     Susan Gilmartin, Financial Specialist
U.S. District Court, OK/E

**FROM:**    Sharla Young, Administrative Officer
Office of Federal Public Defender

**SUBJECT:**    **CJA-30 VOUCHER NO.
INTERIM NO. 7
USA v. BARRETT, KENNETH EUGENE
Case No. 6:04-0001000-001**

**DATE:**    September 12, 2005

---

_X_    The attorney appointed to represent the petitioner in the referenced cause submits this interim voucher for services rendered to date. Interim payments were authorized by Court order.

    _X_  a)    copy of order attached.

    _X_  b)    **Docket Clerk:**  Order dated May 17, 2005

_X_    **Death Penalty Matter:** The attached CJA-30 is submitted by the attorney appointed in the referenced death penalty matter for services rendered to date. The attached voucher has been reviewed by this office for technical and mathematical accuracy and appears correct.


Reviewed for mathematical accuracy by
Janice L. Tolliver, Office of FPD
Date:  September 12, 2005

Reviewed for technical accuracy by Christy Streater,
Panel Administrator/Paralegal, Office of FPD
Date: 9/12/05

9/12/05
Date

Reviewed by Sharla Young, Administrative Officer, Office of FPD

9-14-05
Date

Reviewed by Susan Gilmartin, Financial Specialist, US District Ct, OK/E

CJA 30 DEATH PENALTY PROCEEDINGS: APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL.

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| OKE | Barrett, Kenneth Eugene | | 050922000005 |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| 6:04-000100-001 | 04 - 115-CR | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. TYPE PERSON REPRESENTED | 9. REPRESENTATION TYPE |
|---|---|---|
| U.S. v. Barrett | Adult Defendant | Federal Capital Prosecution |

**10. OFFENSE(S) CHARGED** (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 21 848E.F -- INTENTIONALLY KILLS OR COUNSELS, COMMANDS W/VIOLATION OF 18:841(B)(1)(A)

| 11. ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS | 12. COURT ORDER |
|---|---|
| HILFIGER, ROGER P.O. BOX 0791 MUSKOGEE OK 74402-0791 Telephone Number: (918) 683-4445 | [X] O Appointing Counsel   [ ] C Co-Counsel<br>[ ] F Subs For Federal Defender   [ ] R Subs For Retained Attorney<br>[ ] P Subs For Panel Attorney   [ ] Y Standby Counsel<br>Prior Attorney's Name: _____<br>Appointment Date: _____<br>(A) Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 11, who has been determined to possess the specific qualifications required by law, is appointed to represent this person in this case.<br>(B) The attorney named in Item 11 is appointed to serve as: [X] LEAD COUNSEL [X] CO-COUNSEL<br>Name of Co-Counsel or Lead Counsel: John D. Clarke  Bret Smith<br>Appointment Date: 5-17-2005 |
| 13. NAME AND MAILING ADDRESS OF LAW FIRM (only provide per instructions) | (C) If you represented the defendant or petitioner in any prior proceeding related to this matter, attach to your initial claim a listing of those proceedings and describe your role in each (e.g., lead counsel or co-counsel).<br>[ ] (D) Due to the expected length of this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, interim payments of compensation and expenses are approved pursuant to the attached order.<br>Signature of Presiding Judicial Officer or By Order of the Court<br>10/25/2004<br>Date of Order _____ Nunc Pro Tunc Date _____<br>(E) Repayment or partial repayment ordered from the person represented for this service at time of appointment.  [ ] YES  [ ] NO |

## CLAIM FOR SERVICES AND EXPENSES

**14. STAGE OF PROCEEDING**
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 15 was performed even if the work is intended to be used in connection with a later stage of the proceeding CHECK NO MORE THAN ONE BOX Submit a separate voucher for each stage of the proceeding

**CAPITAL PROSECUTION**
a. [X] Pre-Trial
b. [ ] Trial
c. [ ] Sentencing
d. [ ] Other Post Trial
e. [ ] Appeal
f. [ ] Petition for the U.S
g. [ ] Supreme Court
[ ] Writ of Certiorari

**HABEAS CORPUS**
g. [ ] Habeas Petition
h. [ ] Evidentiary Hearing
i. [ ] Dispositive Motions
j. [ ] Appeal
k. [ ] Petition for the U.S
[ ] Supreme Court
[ ] Writ of Certiorari

**OTHER PROCEEDING**
l. [ ] Stay of Execution
m. [ ] Appeal of Denial of Stay
n. [ ] Petition for Writ of Certiorari to the U.S
[ ] Supreme Court Regarding Denial of Stay
o. [ ] Other

### HOURS AND COMPENSATION CLAIMED / FOR COURT USE ONLY

| 15. CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|
| a. In-Court Hearings (Rate per Hour = $ 150 ) | 1.7 | 255.00 | | IN COURT TOTAL (Category a) | IN COURT TOTAL (Category a) |
| b. Interviews and Conferences with Client | 1.6 | | | | |
| c. Witness Interviews | 3.3 | | | | |
| d. Consultation with Investigators and Experts | 1.1 | | | | |
| e. Obtaining and Reviewing the Court Record | 1.5 | | | | |
| f. Obtaining and Reviewing Documents and Evidence | 8.1 | | | OUT OF COURT TOTAL (Categories b - j) | OUT OF COURT TOTAL (Categories b - j) |
| g. Consulting with Expert Counsel | | | | | |
| h. Legal Research and Writing | 0.8 | | | | |
| i. Travel | 1.5 | | | | |
| j. Other (Specify on additional sheets) | 0.2 | | | | |
| Totals: Categories b thru j (Rate per hour = $ 150 ) | 18.10 | 2715.00 | | | |

### CLAIM FOR TRAVEL AND EXPENSES (Attach itemization of expenses with dates)

| | | | | | |
|---|---|---|---|---|---|
| 16. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | | | |
| 17. Other Expenses (other than expert, transcripts, etc.) | | | | | |
| GRAND TOTALS (CLAIMED AND ADJUSTED): | | 2970.00 | | | |

| 18. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE | 19. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 20. CASE DISPOSITION |
|---|---|---|
| FROM 6-1-2005 TO 6-30-2005 | | |

**21. CLAIM STATUS** [ ] Final Payment [X] Interim Payment Number 6 [ ] Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case? [X] YES [ ] NO If yes, were you paid? [X] YES [ ] NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation? [ ] YES [X] NO If yes, give details on additional sheets. Interims 1-5
I swear or affirm the truth or correctness of the above statements.
Signature of Attorney: Roger Hilfiger   Date: Aug 31, 2005

### APPROVED FOR PAYMENT - COURT USE ONLY

| 22. IN COURT COMP. | 23. OUT OF COURT COMP. | 24. TRAVEL EXPENSES | 25. OTHER EXPENSES | 26. TOTAL AMT. APPROVED |
|---|---|---|---|---|
| $255.00 | $2,715.00 | -0- | -0- | $2,970.00 |

| 27. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | DATE | 27a. JUDGE CODE |
|---|---|---|
| James H. Payne | 9-22-05 | 8607 |

COPY

# COOK & HILFIGER

## Attorneys at Law
### 620 West Broadway
### P.O. Box 791
### Muskogee, Oklahoma 74402-0791

R. JAY COOK
ROGER HILFIGER
HEATHER HILFIGER

TELEPHONE: 918.683.4445
TELEFAX: 918.683.1828

September 8, 2005

Honorable James Payne
United States District Judge
Eastern District of Oklahoma
Muskogee, OK 784401

RE:   USA v. Kenneth Barrett, CR-04-115-P
      Interim Payment Request #6
      June 1 to June 30, 2005

Dear Judge Payne:

I have submitted Interim Payment Requests #6 and #7, and I have been informed that since #6 was submitted more than 45 days after the due date I needed to provide an explanation. Both of these interim requests are past the due date, although #7 is less than 45 days late.

Between my regular practice and preparing for the Barrett trial, I put the preparation and submission of payment requests at the bottom of my "to do" list. It always seemed that there were more pressing matters that I needed to consider before preparing the payment request, especially when working on Barrett.

Yours Very Truly,

Roger Hilfiger

#133

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**SEALED**

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. )  Case No. CR-04-115-P
)
KENNETH EUGENE BARRETT, )
)
Defendant. )

**FILED**

MAY 1 7 2005

William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

### ORDER

On May 5, 2005, this Court granted John David Echols' Motion to Withdraw. Since this is a death penalty case, pursuant to 21 U.S.C. § 848(q), this Court hereby designates Roger Hilfiger as lead counsel and appoints, Bret Allan Smith, as co-counsel. Lead counsel shall be compensated at a rate not to exceed $150.00 and co-counsel shall be compensated at a rate not to exceed $125.00. On March 18, 2005, this Court entered a Budget Order in this matter. The overall total budget set forth in that order shall remain in effect with the only alteration being that Mr. Hilfiger will, from this date forward, be authorized compensation not to exceed $150.00 per hour. Counsel shall have until May 27, 2005, to submit an amended budget proposal if they feel (1) delegation of hours needed to be shifted between counsel[1], or (2)

---

[1] Since Mr. Echols was originally allowed hours that may now be performed by either Mr. Hilfiger or Mr. Smith, some adjustments may need to be reflected on any amendment submitted to the Court.

certain categories may require additional hours due to the unfamiliarity of both counsel with the background of this case. As indicated in this Court's order entered on May 5, 2005, however, this Court is not so concerned with counsel shifting the approved number of hours among each other as it is with counsel exceeding the total number of hours approved without seeking prior court approval and authorization to do so. Further, since counsel have previously indicated difficulties in retaining certain experts within the budgeted amounts set by this Court, counsel will be allowed to include in their amended budget request any difficulties they may be encountering and request additional funding if supported by detailed information regarding what will work will be performed for the amount of fees requested, the hourly rate to be paid, and the total number of hours required to complete the work. Counsel's request should strictly comply with the requirements in paragraph 3 of the Sealed Order Regarding *Ex Parte* Motion for Approval of "Pre-Authorization" Budget for the Defense (Docket No. 38). Although this Court does not intend to monitor contracts with expert witnesses, due to difficulties encountered by experts retained in the state court trial which have been brought to this Court's attention, it is strongly recommended that counsel enter into written contracts with all expert witnesses detailing the scope of services to be performed and perhaps withholding a percentage of payment until after the expert has testified at trial. If funding of a particular expert

2

increases over the amounts budgeted, this Court intends to request counsel provide copies of any such contracts to substantiate an increase in anticipated amounts.

Finally, defense counsel shall continue to follow all of the guidelines for interim payment of attorney fees and reimbursement of costs set forth in the Sealed Order Regarding *Ex Parte* Motion for Approval of "Pre-Authorization" Budget for the Defense (Docket No. 38); the Budget Order filed herein on March 18, 2005; and the Order filed on May 5, 2005.

It is so ordered this _____17th_____ day of May, 2005.

JAMES H. PAYNE, CHIEF
UNITED STATES DISTRICT COURT JUDGE

3

# DEATH PENALTY HOURLY WORKSHEET
(Transfer Grand Total to CJA-30 Voucher)

Case No. CR-04-115 P    Voucher No. JUNE 2005    Page 1 of 1

| Date | Brief Description of Services | 15 a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d - Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f - Obtain & Review Docs & Other Evidence | 15g - Consult Resource Cntr | 15h Legal Research & Writing | 15 i Travel | 15 j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/1 | Ph/c — US Marshall | | | | | | | | | | 0.2 |
| 6/2 | Tel Conf — an Juror Q's | 0.5 | | | | | | | | | |
| 6/3 | Juror interviews | | | 2.5 | | | | | | | |
| | Rev Ct notes at Cthouse | | | | | | 1.0 | | | | |
| | To / from Sallisaw | | | | | | | | | 1.5 | |
| 6/5 | Jail visit — waiver | | 0.6 | | | | | | | | |
| 6/6 | Status Hrg | 0.8 | | | | | | | | | |
| 6/10 | ph/O'Connell on OIDS juror program | | | | 0.5 | | | | | | |
| 6/15 | Review Juror Q's | | | | | 1.5 | | | | | |
| | Research DP Q's | | | | | | | | 0.8 | | |
| 6/22 | Ph/J. Payne - transcripts | 0.4 | | | | | | | | | |
| | Ph/Woods - transcripts | | | 0.3 | | | | | | | |
| 6/24 | Review - 2nd P file Aff | | | | | | 4.0 | | | | |
| 6/27 | Research - Phy Evid | | | | | | 1.8 | | | | |
| | Review - 2nd Trial Trans | | | | | | 1.3 | | | | |
| 6/28 | Ph/Doris & gelene | | | 0.5 | | | | | | | |
| 6/29 | Jail Visit — new dates | | 1.0 | | | | | | | | |
| | w/BS on Mit Expert | | | | 0.6 | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| Page Totals: | | 1.7 | 1.6 | 3.3 | 1.1 | 1.5 | 8.1 | | 0.8 | 1.5 | 0.2 |
| GRAND TOTALS: | | 1.7 | 1.6 | 3.3 | 1.1 | 1.5 | 8.1 | | 0.8 | 1.5 | 0.2 |

Billing Calendar - Barrett
June 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| ed 06/01/05 | 9:15a | 0.20 | PHONE | RH | 15 j -Louisa, U.S. Marshall, 687-2514, considering transferring KB back to prison, to await trial. |

Subtotal 20050601

0.20

| hu 06/02/05 | 12:30p | 0.50 | TEL-CONF | RH | 15 a - J.Payne, RH, BS, ML on Juror Q's from White - not public records, kept private and return to Ct Clk. |

Subtotal 20050602

0.50

| ri 06/03/05 | 12:00p | 5.00 | APPT | RH | 15 c - St Jury Trial Juror, Sullivan & Keen -- 2.5 hrs<br>15 f - Review 2nd Trial Ct. notes at Ct house -- 1.0 hrs<br>15 i - Drive time -- 1.5 hrs |

Subtotal 20050603

5.00

| Sun 06/05/05 | 9:00a | 0.60 | JV | RH | 15 b - Discussed hrg on Mon for waiver; subpoena Alvin for trial |

Subtotal 20050605

0.60

| Mon 06/06/05 | 4:00p | 0.80 | STATUS | RH | 15 a - Jury Qual w/White's panel - 7/5<br>8/29 Start day<br>9/6 Voir Dire & Testimony<br>7/22 Trial Briefs<br>6/10 Discovery<br>7/6 Instructions<br>Need waiver if want continuance |

* Subtotal 20050606

0.80

Billing Calendar - Barrett
June 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| y When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| i 06/10/05 | 2:00p | 0.50 | PHONE | RH | 15 d - Julia O'Connell, has OIDS computer program and inputing info on jurors, will share. Consider motion on not agreeing to do both cases w/White. Get with her next week. |
| Subtotal 20050610 | | 0.50 | | | |
| ed 06/15/05 | 3:30p | 1.50 | NOTE | RH | 15e Review Jury Panel Q' s to spread counties |
| | 6:00p | 0.80 | RESEARCH | RH | 15 h - Review Death Penalty Quals from Resource Center |
| Subtotal 20050615 | | 2.30 | | | |
| ed 06/22/05 | 1:30p | 0.40 | PHONE | RH | 15 a - Conf w/Judge, AUSA, BS on transcripts to see progress and how to speed up; AUSA wants copy |
| | 2:45p | 0.30 | PHONE | RH | 15 c - Conf w/BS and Mark Woods on transcripts; original to Ct Clk Seq, copy to me and copy to AUSA but he may charge for AUSA copy. |
| Subtotal 20050622 | | 0.70 | | | |
| ri 06/24/05 | 11:00a | 4.00 | REVIEW | RH | 15 f - OHP file and affidavits taken by G. Randolph |
| Subtotal 20050624 | | 4.00 | | | |
| Mon 06/27/05 | 2:00p | 1.80 | RESEARCH | RH | 15 f - Smith & RH to AUSA Littlefield to review part of physical evidence, |
| | 4:00p | 1.30 | REVIEW | RH | 15 f - 2nd Trial Trans. 1st 1/2 day, C.Johnson & Pettinghill (part) read |

a .4
c .3
d .5    15 h .8
e 1.5

# MEMORANDUM

**TO:**        Susan Gilmartin, Financial Specialist
U.S. District Court, OK/E

**FROM:**    Sharla Young, Administrative Officer
Office of Federal Public Defender

**SUBJECT:**  **CJA-30 VOUCHER NO.
INTERIM NO. 6
USA v. BARRETT, KENNETH EUGENE
Case No. 6:04-0001000-001**

**DATE:**     September 12, 2005

---

__X__   The attorney appointed to represent the petitioner in the referenced cause submits this interim voucher for services rendered to date. Interim payments were authorized by Court order.

    __X__  a)     copy of order attached.

    __X__  b)    **Docket Clerk:**  Order dated May 17, 2005

__X__  **Death Penalty Matter:** The attached CJA-30 is submitted by the attorney appointed in the referenced death penalty matter for services rendered to date. The attached voucher has been reviewed by this office for technical and mathematical accuracy and appears correct.


Reviewed for mathematical accuracy by
Janice L. Tolliver, Office of FPD
Date: September 12, 2005

Reviewed for technical accuracy by Christy Streater,
Panel Administrator/Paralegal, Office of FPD
Date: 9/12/05

9/12/05
Date

Reviewed by Sharla Young, Administrative Officer, Office of FPD

9-14-05
Date

Reviewed by Susan Gilmartin, Financial Specialist, US District Ct, OK/E

Billing Calendar - Barrett
June 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| y | When | Time | Duration | What | Who | Note |
|---|------|------|----------|------|-----|------|
| | Subtotal 20050627 | | | | | |
| | | | 3.10 | | | |
| ie | 06/28/05 | 9:00a | 0.50 | PHONE | RH | 15 c - Ph/Gelene to inform of date changes and request clothes for KB; Ph/Doris to inform of date changes. |
| | Subtotal 20050628 | | | | | |
| | | | 0.50 | | | |
| ed | 06/29/05 | 2:00p | 1.00 | JV | RH | 15 b - Discuss change on jury selection; new dates on hrgs and trial; evidence from AUSA on Mon. |
| | | 4:00p | 0.60 | APPT | RH | 15 d - w/BS on Mit expert and work assrmts for next week. |
| | Subtotal 20050629 | | | | | |
| | | | 1.60 | | | |

** Grand Totals ***
19.80
Number of Events: 16

CJA 30 DEATH PENALTY PROCEEDINGS: APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL.

| 1. CIR./DIST./DIV. CODE OKE | 2. PERSON REPRESENTED Barrett, Kenneth Eugene | | VOUCHER NUMBER 050715000012 |
|---|---|---|---|
| 3. MAG. DKT./DEF. NUMBER 6:04-000100-001 | 3. DIST. DKT./DEF. NUMBER CR-04-115 | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
| 7. IN CASE/MATTER OF (Case Name) U.S. v. Barrett | 8. TYPE PERSON REPRESENTED Adult Defendant | | 9. REPRESENTATION TYPE Federal Capital Prosecution |

10. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 21 848E.F -- INTENTIONALLY KILLS OR COUNSELS, COMMANDS W/VIOLATION OF 18:841(B)(1)(A)

11. ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS

HILFIGER, ROGER
P.O. BOX 0791
MUSKOGEE OK 74402-0791

Telephone Number: (918)683-4445

13. NAME AND MAILING ADDRESS OF LAW FIRM (only provide per instructions)

12. COURT ORDER
☒ O Appointing Counsel      ☐ C Co-Counsel
☐ F Subs For Federal Defender  ☐ R Subs For Retained Attorney
☐ P Subs For Panel Attorney   ☐ Y Standby Counsel

Prior Attorney's Name: _____
Appointment Date: _____

(A) Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 11, who has been determined to possess the specific qualifications required by law, is appointed to represent this person in this case.

(B) The attorney named in Item 11 is appointed to serve as: ☒ LEAD COUNSEL ☐ CO-COUNSEL
Name of Co-Counsel or Lead Counsel: John D. Echols Bret Smith
Appointment Date: _____

(C) If you represented the defendant or petitioner in any prior proceeding related to this matter, attach to your initial claim a listing of those proceedings and describe your role in each (e.g., lead counsel or co-counsel).

☐ (D) Due to the expected length of this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, interim payments of compensation and expenses are approved pursuant to the attached order.

Signature of Presiding Judicial Officer or By Order of the Court
10/25/2004
Date of Order              Nunc Pro Tunc Date

(E) Repayment or partial repayment ordered from the person represented for this service at time of appointment.  ☐ YES  ☐ NO

CLAIM FOR SERVICES AND EXPENSES

14. STAGE OF PROCEEDING
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 15 was performed even if the work is intended to be used in connection with a later stage of the proceeding CHECK NO MORE THAN ONE BOX   Submit a separate voucher for each stage of the proceeding.

CAPITAL PROSECUTION
a ☐ Pre-Trial
b ☐ Trial
c ☐ Sentencing
d ☐ Other Post Trial
e ☐ Appeal
f ☐ Petition for the U.S
g ☐ Supreme Court
Writ of Certiorari

HABEAS CORPUS
g ☐ Habeas Petition
h ☐ Evidentiary Hearing
i ☐ Dispositive Motions
j ☐ Appeal
k ☐ Petition for the U.S
Supreme Court
Writ of Certiorari

OTHER PROCEEDING
l ☐ Stay of Execution
m ☐ Appeal of Denial of Stay
n ☐ Petition for Writ of Certiorari to the U.S Supreme Court Regarding Denial of Stay
o ☐ Other

HOURS AND COMPENSATION CLAIMED

| 15. CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|
| a. In-Court Hearings (Rate per Hour = $ 150) | 1.2 | 180.00 | | IN COURT TOTAL (Category a) | IN COURT TOTAL (Category a) |
| b. Interviews and Conferences with Client | 1.0 | | 2.5 | | |
| c. Witness Interviews | 4.9 | | 3.4 | | |
| d. Consultation with Investigators and Experts | | | | | |
| e. Obtaining and Reviewing the Court Record | | | | | |
| f. Obtaining and Reviewing Documents and Evidence | 22.4 | | 7.8/14.6 | OUT OF COURT TOTAL (Categories b - j) 7.8/$975.00 20.8/$3075.00 | OUT OF COURT TOTAL (Categories b - j) |
| g. Consulting with Expert Counsel | | | | | |
| h. Legal Research and Writing | | | | | |
| i. Travel | | | | | |
| j. Other (Specify on additional sheets) | | | | | |
| Totals: Categories h thru j (Rate per hour = $ 150) | 28.3 | 4245.00 | 4050.00 | | |

CLAIM FOR TRAVEL AND EXPENSES (Attach itemization of expenses with dates)

| 16. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | |
|---|---|---|---|
| 17. Other Expenses (other than expert, transcripts, etc.) | | | |
| GRAND TOTALS (CLAIMED AND ADJUSTED) | 4425.00 | 4230.00 | |

18. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE
FROM 5/1/2005 TO 5/31/2005

19. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION

20. CASE DISPOSITION

21. CLAIM STATUS  ☐ Final Payment  ☐ Interim Payment Number 5  ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case? ☒ YES ☐ NO  If yes, were you paid? ☒ YES ☐ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything or value) from any other source in connection with this representation?  ☐ YES  ☒ NO  If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.

Interims 1-4

Signature of Attorney: Roger Hilfiger      Date: June 10, 2005

APPROVED FOR PAYMENT — COURT USE ONLY

| 22. IN COURT COMP. $180.00 | 23. OUT OF COURT COMP. $4,050.00 | 24. TRAVEL EXPENSES -0- | 25. OTHER EXPENSES -0- | 26. TOTAL AMT. APPROVED $4,230.00 |
|---|---|---|---|---|
| 27. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | | DATE 7-8-05 | | 27a. JUDGE CODE 8607 |

COPY

## DEATH PENALTY HOURLY WORKSHEET
### (Transfer Grand Total to CJA-30 Voucher)

Case No. CR-04-115-P    Voucher No. MAY 2005

| Date | Brief Description of Services | 15a In Court Hearings | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f Obtain & Review Docs & Other Evidence | 15g Document Resource Ctr | 15h Legal Research & Writing | 15i Travel | 15j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/4 | Review - 1st Trial Franchi, Margaveli, Howard, Hoyt, Avila | | | | | | 2.0 | | | | |
| 5/11 | Review - 1st Trial Porter, Campbell Randolph Wood, Martin | | | | | | 1.8 | | | | |
| 5/13 | Review - 1st Trial Smith, Ford, Curtis Davis, Dailey | | | | | | 1.5 | | | | |
| 5/16 | Review - Dailey (cont) Parks, Spence, Farris Perkins | | | | | | 2.5 | | | | |
| 5/17 | Phone - KB Memo on property access | | | 0.3 | | | | | | | |
| 5/17 | w/B. Smith - overview of case discuss evidentiary research prepare for status | | 1.5 | | | | | | | | |
| 5/18 | Status conf on trial Jury Qualification | 1.2 | | | | | | | | | |
| 5/18 | Jail visit - discuss status hrg & waiver | | 1.0 | | | | | | | | |
| **Page Totals:** | | 1.2 | 2.5 | 1.8 | | | 7.8 | | | | |
| **GRAND TOTALS** | | 1.2 | 2.5 | 3.4 | | | 22.4 | | | | |

# DEATH PENALTY HOURLY WORKSHEET
(Transfer Grand Total to CJA-20 Voucher)

Case No. __CR-04-115P__  Voucher No. __MAY 2005__  Page __2__ of __2__

| Date | Brief Description of Services | 15a In Court Hearings | 15b Interviews & Client Confer | 15c Witness Interviews | 15d Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f Obtain & Review Docs & Other Evidence | 15g Consult Resource Cntr | 15h Legal Research & Writing | 15i Travel | 15j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/20 | Review – 1ST TRIAL Lyons, Higg, Carney | | | | | | 1.6 | | | | |
| 5/23 | Conf at KB's mom's property & house | | | 2.0 | | | | | | | |
| 5/24 | Review – 1ST TRIAL OIDS records from JE with photos, tapes, VCR | | | | | | 2.5 | | | | |
| 5/24 | Prepare – st juror Q's for interviews | | | 1.1 | | | | | | | |
| 5/25 | Review – OIDS records from JE, OSBI reports | | | | | | 4.0 | | | | |
| 5/27 | Review – OIDS records from JE, reports + maps | | | | | | 2.5 | | | | |
| 5/30 | Review – OIDS records from JE, trial exhibits | | | | | | 4.0 | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| Page Totals: | | | | 3.1 ✓ | | | 14.60 ✓ | | | | |
| GRAND TOTALS: | | 1.2 ✓ | 2.5 ✓ | 5.4 ✓ | | | 22.4 ✓ | | | | |

Billing Calendar - Barrett
May 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| ed 05/04/05 | 7:30p | 2.00 | REVIEW | RH | 15 f - 1st Trial Trans. Franchini, Marcangeli, Howard, Hoyt, Porter |
| Subtotal 20050504 | | | | | |
| | | 2.00 | | | |
| ed 05/11/05 | 8:00p | 1.80 | REVIEW | RH | 15 f - 1st Trial Trans. Porter (cont), Campbell, Randolph, Wood, Martin |
| Subtotal 20050511 | | | | | |
| | | 1.80 | | | |
| ri 05/13/05 | 2:00p | 1.50 | REVIEW | RH | 15 f - 1st Trial Trans. Smith, Ford, Curtis, Davis, Dalley |
| Subtotal 20050513 | | | | | |
| | | 1.50 | | | |
| on 05/16/05 | 4:00p | 2.50 | REVIEW | RH | 15 f - 1st Trial Trans. Dalley(cont.), Parks, Spence, Farris, Perkins |
| Subtotal 20050516 | | | | | |
| | | 2.50 | | | |
| ue 05/17/05 | 4:00p | 0.30 | PHONE | RH | 15 c - Call Barrett mom & step mom concerning FBI view of property for model survey. |
| | 4:30p | 1.50 | CONF | RH | 15b - w/B.Smith for overview of case; discuss evidentiary research areas, and prepare for status hrg. |
| Subtotal 20050517 | | | | | |
| | | 1.80 | | | |
| Jed 05/18/05 | 12:00p | 1.20 | STATUS | RH | 15 a - Status, 8/1 trial but file motion for continuance; Panel Qual 7/5 with White; trial time 3-4 weeks, Memo on Jury Selection by 5/26, address Barrett motion; on continuance address speedy trial. |

15 a
    b
    c
    f   7.8

Cook & Hilfiger

Billing Calendar - Barrett
May 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| | 4:45p | 1.00 | JV | RH | 15 b - w/BS, discuss Status hrg and 8/1 trial w/continuance to 9/1 (no object); on Barrett motion (waive or do what's necessary to move on). |
| Subtotal 20050518 | | | | | |
| | | 2.20 | | | |
| ri 05/20/05 | 3:00p | 1.60 | REVIEW | RH | 15 f - 1st Trial Trans. Lyons (cont.), Higgs, Choney |
| Subtotal 20050520 | | | | | |
| | | 1.60 | | | |
| on 05/23/05 | 4:00p | 2.00 | CONF | RH | 15 c - meet at KB's mom's house, discuss case, stroll over propery and view KB house |
| Subtotal 20050523 | | | | | |
| | | 2.00 | | | |
| ue 05/24/05 | 10:30a | 2.50 | REVIEW | RH | 15 f - OIDS records from JE, with photos, tapes, VCR |
| | 2:30p | 1.10 | PREPARE | RH | 15 c - prepare q's for StTrial juror interviews |
| Subtotal 20050524 | | | | | |
| | | 3.60 | | | |
| ed 05/25/05 | 1:00p | 4.00 | REVIEW | RH | 15 f - OIDS records from JE, OSBI reports and St case filings |
| Subtotal 20050525 | | | | | |
| | | 4.00 | | | |
| ri 05/27/05 | 12:30p | 2.50 | REVIEW | RH | 15 f - OIDS records from JE, OIDS investigative info & maps |
| Subtotal 20050527 | | | | | |
| | | 2.50 | | | |

Billing Calendar - Barrett
May 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---------|------|----------|------|-----|------|
| on 05/30/05 | 11:00a | 4.00 | REVIEW | RH | 15 f - OIDS records from JE, box with trial exhibits to review |

Subtotal 20050530

4.00

** Grand Totals ***

29.50

Number of Events:  15

/5 f  4.0

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**FILED**

JAN 1 9 2005

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By _____
Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-CR-115-P |
| | ) | |
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| Defendant. | ) | |

### SEALED ORDER REGARDING EX PARTE MOTION FOR APPROVAL OF "PRE-AUTHORIZATION" BUDGET FOR THE DEFENSE

The Defendant Kenneth Eugene Barrett (the "Defendant") having submitted under seal an Ex Parte Motion for Approval of "Pre-Authorization" Budget for the Defense [Docket No. 24], and the Court anticipating that interim payment of attorneys' fees and reimbursement of costs may be submitted, IT IS HEREBY ORDERED:

### I. PROPOSED LITIGATION BUDGET

1.      Counsel shall submit for *ex parte* review a proposed litigation budget covering the period from February 1, 2005, through June 30, 2005.  Said proposed litigation budget shall be submitted to the undersigned by January 31, 2005, and shall be completed in conformance with the procedures set forth in this Order.

2.      The proposed litigation budget shall set forth *separately and with specificity* the time each of the appointed attorneys anticipates spending on: (i) review of the record; (ii) investigation of claims; (iii) client interviews; (iv) consultation with experts and investigators; (v) legal research; (vi) preparation of pleadings; (vii) attendance at court

proceedings; and, (viii) any other compensable activities undertaken in this matter. **IT IS THE COURT'S EXPRESS INTENTION THAT APPOINTED COUNSEL SHALL PERFORM AND BE PRIMARILY RESPONSIBLE FOR THE SERVICES INVOLVED. DELEGATION OF PRIMARY RESPONSIBILITIES, INCLUDING RESEARCH, INVESTIGATION, AND DRAFTING OF COURT DOCUMENTS TO ANOTHER ATTORNEY, PARALEGAL, LAW CLERK, LAW STUDENT, OR OTHER ASSISTANT MUST HAVE THE PRIOR APPROVAL OF THE COURT.**

3.    The proposed litigation budget shall set forth *separately and with specificity* any expert witness counsel seeks to hire. A request shall: (i) identify the proposed expert and describe his credentials and experience; (ii) describe the subject matter to be covered by the expert; (iii) address why the expert is need, *i. e.,* explain both the facts indicating that further analysis is justified and the reason an expert witness is needed to interpret those facts; (iv) discuss the stage of the proceedings at which the expert is needed; and, (v) provide a specific time budget identifying the expert's billing rate and amount of time the expert anticipates spending on each portion of the investigation or analysis.

4.    The proposed litigation budget shall set forth *separately and with specificity* any investigator counsel seeks to hire. A request shall include a specification of the factual issues counsel intends to investigate, the facts suggesting that such an investigation is warranted, and an estimated time budget for each task. The time budget should be broken down into discrete portions of the investigation, so the Court may assess the reasonableness

2.      The Court *may* approve the use of paralegals, law clerks, and law students. However, counsel must seek approval from the Court in advance, and the billing rates for such individuals will be determined on a case-by-case basis. Any application for permission to bill for the services of such individuals shall identify and justify the proposed billing rate.

3.      The Court will not pay for clerical, secretarial, or word processing services—regardless of whether the person performing the functions is an attorney, law clerk, paralegal or secretary and regardless of whether that person is regularly or specially employed, performing normal, overtime, or supplemental work, and even if counsel has no regularly employed secretary.

4.      Counsel shall submit requests for interim payment of compensation and reimbursement of costs on a monthly basis. The requests must be submitted within ten days after the end of each month. The first submission shall be due February 10, 2005, and shall cover the period from the initial appointment of counsel through January 31, 2005.

5.      Counsel shall submit a completed CJA Form 30, Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel, with every billing statement. Counsel shall submit an original and one copy of all documents, along with the completed CJA Form 30, directly to the office of the Federal Public Defender. All requests for payment and amounts paid for attorneys' fees, including CJA Forms 30 and billing statements, shall be filed under seal.

6.    Billing statements shall specifically describe the work performed, by whom, and the time allotted to each specific task.  Descriptions should not be vague or general. Time entries should relate to specific individual tasks, and not simply list multiple tasks performed in a specified block of time.  For example, client conferences should describe the subject matter of the conferences; work related to witnesses or other people should identify those people by name and, if necessary, identify their relevance to the case; work related to obtaining or reviewing documents should identify the documents or source of the documents; legal research should identify the topic being researched; preparation of pleadings or other documents should identify the document; trial preparation should describe the subject matter being prepared; and travel time should describe the destination and the reason for the travel.

7.    Any requests for compensation for the use of paralegals, law clerks, experts or investigators must be made on CJA Form 31, and not listed as expenses on a CJA Form 30. All CJA Form 31 submissions must include a copy of the order authorizing employment of the person whose services are being billed.  All requests for payment and amounts paid for these services, including CJA Forms 31 and billing statements, shall be filed under seal.

8.    Expenses will be reimbursed at the actual cost without any markup. The Court expects counsel to obtain the lowest rates available for these expenditures.  Reimbursable expenses are subject to the following limitations:

    a.    Any approved travel time will be compensated at one-half the hourly rate otherwise applicable.  If such compensation is paid, the Court will not approve any reimbursement claim for mileage, parking fees or tolls associated therewith. The Court will reimburse any other approved travel expenses at the rate then in effect for federal judiciary employees, including parking fees and tolls.

b. --- All arrangements for air travel must be coordinated through the Court Clerk's office, which will schedule flights and obtain airline tickets. The Court will not reimburse for first or business class air fare.

c. The Court will reimburse for the actual and reasonable cost of food and lodging while traveling on case-related business outside of a 100-mile radius of the traveler's office.

d. In determining the reasonableness of travel costs, the Court will be guided by the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. Counsel may contact the District Court Clerk's Office for those guidelines.

e. The Court will reimburse for the actual cost of case-related long-distance telephone calls. The Court will not pay for any surcharges or for general telephone service. The Court will reimburse the actual out-of-pocket expenses incurred in sending and receiving facsimiles. The actual out-of-pocket expenses for sending facsimiles shall be the actual long distance telephone charges. The actual out-of-pocket expenses for receiving facsimiles shall be the cost billed for photocopying which shall not exceed 10¢ per page.

f. Counsel will be reimbursed for the actual out-of-pocket expenses incurred in photocopying up to a maximum of 10¢ per page. In extraordinary circumstances, upon a prior showing of good cause, the Court may authorize the employment of a photocopy service with a billing rate that exceeds 10¢ per page. In any such application, counsel should explain the need for the extraordinary services and why the higher rate is justified and reasonable.

g. The Court will reimburse for the actual cost of case-related regular U.S. postage. The Court will reimburse for the actual cost of other postal services or the use of non-federal carriers (such as overnight or two-day delivery) only if circumstances require the use of such services. The Court, for example, will not reimburse for expedited delivery costs for routine correspondence, including submission of CJA vouchers or court documents that are not filed pursuant to a deadline. Counsel are to make every effort to use regular U.S. mail whenever possible. Excessive use of overnight carriers or other circumstances may prompt the Court to modify the provisions of this paragraph. The Court will not reimburse for messenger or attorney service without valid justification for the use of such services.

h.      In the event that transcripts are required (other than the transcripts of state court proceedings, which are the subject of a separate request herein), counsel should arrange with the court reporter(s) to bill the Court directly through use of a CJA Form 24.  In the event counsel pays for the transcript, the costs will be reimbursed. However, payment should be claimed through a CJA Form 24. Counsel shall not include the cost of transcripts as an out-of-pocket expense on a CJA Form 30.

i.      The Court will reimburse the cost of computer-assisted legal research, provided the total cost of the computer-assisted research does not exceed the total amount of attorney compensation that would have been billed had the research been performed manually. When requesting reimbursement for computer-assisted research, counsel should provide the following documentation: (i) a brief statement setting forth the issue or issues that were the subject matter of the research; (ii) a copy of the bill and receipt for the use of the equipment or an explanation of the precise basis for the charge; and, (iii) if printing charges were incurred, an explanation of why such services were used.

j.      The Court *will not* reimburse counsel for the following expenditures: (i) general office overhead; (ii) books, journals, or other publications; (iii) general law office supplies; (iv) costs related to educational seminars, including travel, attendance, registration, or materials.

k.      Any expenditures over $300, other than travel to the Defendant's place of incarceration, and not otherwise covered by this Order, must be authorized in advance by the Court.  Upon a finding that timely procurement of such goods or services could not practicably await prior authorization, in the interests of justice, the Court may authorize the provision of and payment for such goods or services *nunc pro tunc.*

9.      In the event any billing or expense reimbursement item exceeds the previously-approved budget therefor, counsel shall provide an explanation of the variance. Counsel may be required to provide further documentation substantiating the fees or expenses claimed, or to submit a declaration under the penalty of perjury detailing counsel's compliance with the standards and procedures established herein.

10.    Upon a showing of good cause, the Court may exempt counsel from one·or more of the above requirements.  However, counsel must seek any exemption or deviation from the above rules in advance of billing the item in question.

IT IS SO ORDERED this *19th* day of January, 2005.

Steven P. Shreder
UNITED STATES MAGISTRATE JUDGE

#133

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**SEALED**

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )          Case No. CR-04-115-P
                                     )
KENNETH EUGENE BARRETT,              )
                                     )          **FILED**
            Defendant.               )
                                     )          MAY 1 7 2005

                                         William B. Guthrie
                                         Clerk, U.S. District Court
                    **ORDER**        By_____
                                                      Deputy Clerk

On May 5, 2005, this Court granted John David Echols' Motion to Withdraw.

Since this is a death penalty case, pursuant to 21 U.S.C. § 848(q), this Court hereby

designates Roger Hilfiger as lead counsel and appoints, Bret Allan Smith, as co-

counsel. Lead counsel shall be compensated at a rate not to exceed $150.00 and co-

counsel shall be compensated at a rate not to exceed $125.00. On March 18, 2005,

this Court entered a Budget Order in this matter. The overall total budget set forth

in that order shall remain in effect with the only alteration being that Mr. Hilfiger

will, from this date forward, be authorized compensation not to exceed $150.00 per

hour. Counsel shall have until May 27, 2005, to submit an amended budget proposal

if they feel (1) delegation of hours needed to be shifted between counsel[1], or (2)

---

[1]Since Mr. Echols was originally allowed hours that may now be performed by either Mr. Hilfiger or Mr. Smith, some
adjustments may need to be reflected on any amendment submitted to the Court.

certain categories may require additional hours due to the unfamiliarity of both counsel with the background of this case. As indicated in this Court's order entered on May 5, 2005, however, this Court is not so concerned with counsel shifting the approved number of hours among each other as it is with counsel exceeding the total number of hours approved without seeking prior court approval and authorization to do so. Further, since counsel have previously indicated difficulties in retaining certain experts within the budgeted amounts set by this Court, counsel will be allowed to include in their amended budget request any difficulties they may be encountering and request additional funding if supported by detailed information regarding what will work will be performed for the amount of fees requested, the hourly rate to be paid, and the total number of hours required to complete the work. Counsel's request should strictly comply with the requirements in paragraph 3 of the Sealed Order Regarding *Ex Parte* Motion for Approval of "Pre-Authorization" Budget for the Defense (Docket No. 38). Although this Court does not intend to monitor contracts with expert witnesses, due to difficulties encountered by experts retained in the state court trial which have been brought to this Court's attention, it is strongly recommended that counsel enter into written contracts with all expert witnesses detailing the scope of services to be performed and perhaps withholding a percentage of payment until after the expert has testified at trial. If funding of a particular expert

2

increases over the amounts budgeted, this Court intends to request counsel provide copies of any such contracts to substantiate an increase in anticipated amounts.

Finally, defense counsel shall continue to follow all of the guidelines for interim payment of attorney fees and reimbursement of costs set forth in the Sealed Order Regarding *Ex Parte* Motion for Approval of "Pre-Authorization" Budget for the Defense (Docket No. 38); the Budget Order filed herein on March 18, 2005; and the Order filed on May 5, 2005.

It is so ordered this ___17th___ day of May, 2005.


JAMES H. PAYNE, CHIEF
UNITED STATES DISTRICT COURT JUDGE

# MEMORANDUM

**TO:**   Susan Gilmartin, Financial Specialist
     U.S. District Court, OK/E

**FROM:**  Sharla Young, Administrative Officer
     Office of Federal Public Defender

**SUBJECT:**  **CJA-30 VOUCHER NO.**
     **INTERIM NO. 5**
     **USA v. Barrett, Kenneth Eugene**
     **Case No. 6:04-000100-001**

**DATE:**   June 21, 2005

---

__X__ The attorney appointed to represent the petitioner in the referenced cause submits this interim voucher for services rendered to date. Interim payments were authorized by Court order.

  __X__ a) copy of order attached.

  __X__ b) **Docket Clerk:** Order dated January 19, 2005 and May 17, 2005

__X__ **Death Penalty Matter:** The attached CJA-30 is submitted by the attorney appointed in the referenced death penalty matter for services rendered to date. The attached voucher has been reviewed by this office for technical and mathematical accuracy and appears correct.


Reviewed for mathematical accuracy by
Janice L. Tolliver, Office of FPD
Date: June 21, 2005

Reviewed for technical accuracy by Christy Streater.
Panel Administrator/Paralegal, Office of FPD
Date: 6/22/05


6/22/05
Date

Reviewed by Sharla Young, Administrative Officer, Office of FPD


6-23-05
Date

Reviewed by Susan Gilmartin, Financial Specialist, US District Ct, OK/E

... ... ... OF AND/OR PAYMENT TO PAY COURT APPOINTED COUNSEL.

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| OKE | Barrett, Kenneth Eugene | | 050516000003 |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| 6:04-000100-001 | 04-CR-115 | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. TYPE PERSON REPRESENTED | 9. REPRESENTATION TYPE |
|---|---|---|
| U.S. v. Barrett | Adult Defendant | Federal Capital Prosecution |

10. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 21 848E.F -- INTENTIONALLY KILLS OR COUNSELS, COMMANDS W/VIOLATION OF 18:841(B)(1)(A)

| 11. ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS | 12. COURT ORDER |
|---|---|
| HILFIGER, ROGER<br>P.O. BOX 0791<br>MUSKOGEE OK 74402-0791<br><br>Telephone Number: 918 683-4445 | ☒ O Appointing Counsel ☐ C Co-Counsel<br>☐ F Subs For Federal Defender ☐ R Subs For Retained Attorney<br>☐ P Subs For Panel Attorney ☐ Y Standby Counsel<br>Prior Attorney's Name: _____<br>Appointment Date: _____<br>(A) Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 11, who has been determined to possess the specific qualifications required by law, is appointed to represent this person in this case.<br>(B) The attorney named in Item 11 is appointed to serve as ☐ LEAD COUNSEL. ☐ CO-COUNSEL.<br>Name of Co-Counsel or Lead Counsel: John D. Echols<br>Appointment Date: _____<br>(C) If you represented the defendant or petitioner in any prior proceeding related to this matter, attach to your initial claim a listing of those proceedings and describe your role in each (e.g., lead counsel or co-counsel).<br>☐ (D) Due to the expected length of this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, interim payments of compensation and expenses are approved pursuant to the attached order.<br><br>Signature of Presiding Judicial Officer or By Order of the Court<br>10/25/2004<br>Date of Order — Nunc Pro Tunc Date<br>(E) Repayment or partial repayment ordered from the person represented for this service at time of appointment. ☐ YES ☐ NO |

| 13. NAME AND MAILING ADDRESS OF LAW FIRM (only provide per instructions) | |
|---|---|

CLAIM FOR SERVICES AND EXPENSES

14. STAGE OF PROCEEDING
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 15 was performed even if the work is intended to be used in connection with a later stage of the proceeding CHECK NO MORE THAN ONE BOX Submit a separate voucher for each stage of the proceeding.

| CAPITAL PROSECUTION | | HABEAS CORPUS | | OTHER PROCEEDING | |
|---|---|---|---|---|---|
| a ☐ Pre-Trial | e ☐ Appeal | g ☐ Habeas Petition | k ☐ Petition for the U.S | l ☐ Stay of Execution | |
| b ☐ Trial | f ☐ Petition for the U.S | h ☐ Evidentiary Hearing | Supreme Court | m ☐ Appeal of Denial of Stay | |
| c ☐ Sentencing | Supreme Court | i ☐ Dispositive Motions | Writ of Certiorari | n ☐ Petition for Writ of Certiorari to the U.S | |
| d ☐ Other Post Trial | Writ of Certiorari | j ☐ Appeal | | Supreme Court Regarding Denial of Stay | |
| | | | | o ☐ Other | |

HOURS AND COMPENSATION CLAIMED — FOR COURT USE ONLY

| 15. CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|
| a. In-Court Hearings (Rate per Hour = $ 125 ) | -0- | | | IN COURT TOTAL (Category a) | IN COURT TOTAL (Category a) |
| b. Interviews and Conferences with Client | | | | | |
| c. Witness Interviews | 3.9 | | | | |
| d. Consultation with Investigators and Experts | | | | | |
| e. Obtaining and Reviewing the Court Record | | | | | |
| f. Obtaining and Reviewing Documents and Evidence | 8.1 | | | OUT OF COURT TOTAL (Categories b - j) | OUT OF COURT TOTAL (Categories b - j) |
| g. Consulting with Expert Counsel | | | | | |
| h. Legal Research and Writing | 2.3 | | | | |
| i. Travel | | | | | |
| j. Other (Specify on additional sheets) | 0.6 | | | | |
| Totals: Categories b thru j (Rate per hour = $ 125 ) | 14.9 | 1862.50 | | | |

CLAIM FOR TRAVEL AND EXPENSES (Attach itemization of expenses with dates)

| | | | | |
|---|---|---|---|---|
| 16. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | | |
| 17. Other Expenses (other than expert, transcripts, etc.) | | | | |
| GRAND TOTALS (CLAIMED AND ADJUSTED) | | 1862.50 | | |

| 18. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE | 19. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 20. CASE DISPOSITION |
|---|---|---|
| FROM 4-1-05 TO 4-30-05 | | |

21. CLAIM STATUS ☐ Final Payment ☒ Interim Payment Number 4 ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case? ☒ YES ☐ NO If yes, were you paid? ☐ YES ☒ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation? ☐ YES ☒ NO If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.
Signature of Attorney: Roger Hilfiger     Date: 5-3-2005

APPROVED FOR PAYMENT — COURT USE ONLY

| 22. IN COURT COMP. | 23. OUT OF COURT COMP. | 24. TRAVEL EXPENSES | 25. OTHER EXPENSES | 26. TOTAL AMT. APPROVED |
|---|---|---|---|---|
| -0- | $1,862.50 | -0- | -0- | $1,862.50 |

| 27. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | DATE | 27a. JUDGE CODE |
|---|---|---|
| James H. Payne | 5-13-05 | 8607 |

Case No. CR-04-115P Voucher No. APRIL 2005      Page 1 of 2

| Date | Brief Description of Services | 15a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d-Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f - Obtain & Review Docs & Other Evidence | 15g - Consult Resource Cntr | 15h Legal Research & Writing | 15i Travel | 15j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/1 | Ph USA to contact ct Rep. on 2nd trial | | | | | | | | | | 0.2 |
| 4/4 | Ph/Ct Rep Woods - do 2nd trial, complete by June 1 | | | | | | | | | | 0.4 |
| 4/5 | 1ST TRIAL TRANS - Rosser Horn, Lyons | | | | | | 1.5 | | | | |
| 4/6 | 1ST TRIAL TRANS - Lyons Distefano | | | | | | 1.2 | | | | |
| 4/8 | 1ST TRIAL - Huntington Distefano (again) | | | | | | 1.0 | | | | |
| 4/10 | 1ST TRIAL - Lyons (cont) KARNES | | | | | | 2.3 | | | | |
| 4/15 | Study, Review & work on response to Rep & Rec on Suppression | | | | | | | | 1.5 | | |
| 4/18 | Ph/Ed Clk Edwards to get jury lists | | | 0.6 | | | | | | | |
| 4/19 | Finish preparing obj to rep, file & mail | | | | | | | | 0.8 | | |
| 4/20 | 1ST TRIAL TRANS - Philpot, Beach, Lee | | | | | | 2.1 | | | | |
| | | | | | | | | | | | |
| Page Totals: | | | | 0.6 ✓ | | | 8.1 ✓ | | 2.3 ✓ | | 0.6 ✓ |
| GRAND TOTALS: | | | | 3.9 | | | 8.1 | | 2.3 | | 0.6 |

Case No. CR-04-115P    Voucher No. April 2005    Page 2 of 2

| Date | Brief Description of Services | 15a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f Obtain & Review Docs & Other Evidence | 15g Consult Resource Cntr | 15h Legal Research & Writing | 15i Travel | 15j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/29 | St Jury list, prepare contact list | | | 0.8 | | | | | | | |
| 4/30 | Ltrs to St. jurors for interview request | | | 2.5 | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| Page Totals: | | | | 3.3 | | | | | | | |
| GRAND TOTALS: | | | | | | | | | | | |

Billing Calendar - Barrett
April 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| ri 04/01/05 | 10:00a | 0.20 | PHONE | RH | 15 j - ph/USA Sperling & Littlefield on making contact w/Seq Ct Rep for trans; go ahead and inform him. |
| Subtotal 20050401 | | | | | |
| | | 0.20 | | | |
| on 04/04/05 | 1:00p | 0.40 | PHONE | RH | 15 j - ph/Mark Woods, Seq Ct Rep for trans; will subK and have by 6/1, Orig +2 copies. |
| Subtotal 20050404 | | | | | |
| | | 0.40 | | | |
| ue 04/05/05 | 3:30p | 1.50 | REVIEW | RH | 15 f - 1st Trial Trans. Rosser, Horn, Lyons |
| Subtotal 20050405 | | | | | |
| | | 1.50 | | | |
| led 04/06/05 | 4:30p | 1.20 | REVIEW | RH | 15 f - 1st Trial Trans. Lyons (cont), Distefano |
| Subtotal 20050406 | | | | | |
| | | 1.20 | | | |
| ri 04/08/05 | 3:00p | 1.00 | REVIEW | RH | 15 f - 1st Trial Trans. Huntington & review Distefano |
| Subtotal 20050408 | | | | | |
| | | 1.00 | | | |
| Sun 04/10/05 | 7:00p | 2.30 | REVIEW | RH | 15 f - 1st Trial Trans. Lyons (cont), Karnes |
| Subtotal 20050410 | | | | | |
| | | 2.30 | | | |
| ri 04/15/05 | 8:00p | 1.50 | PREPARE | RH | 15 h -Study, review, and respond to Report & Rec on Suppression |
| Subtotal 20050415 | | | | | |
| | | 1.50 | | | |

5/03/05                         Cook & Hilfiger                              Page 2
4:28p
                         Billing Calendar - Barrett
                                April 2005
                           For: Roger Hilfiger
                        Events for Kenneth Barrett

| ay When       | Time   | Duration | What    | Who | Note |
|---------------|--------|----------|---------|-----|------|
| on 04/18/05   | 4:00p  | 0.60     | PREPARE | RH  | 15 **c** -w/B.Edwards, Seq Ct Clk to get contact info on State jurors; then ltr to her |
| Subtotal 20050418 | | | | | |
|               |        | 0.60     |         |     | |
| ue 04/19/05   | 11:00a | 0.80     | PREPARE | RH  | 15 h -Finish prep on objection & file, mail copies |
| Subtotal 20050419 | | | | | |
|               |        | 0.80     |         |     | |
| ed 04/20/05   | 3:00p  | 2.10     | REVIEW  | RH  | 15 f - 1st Trial Trans. Philpot, Beach, Lee |
| Subtotal 20050420 | | | | | |
|               |        | 2.10     |         |     | |
| ri 04/29/05   | 4:00p  | 0.80     | PREPARE | RH  | 15 c - Rec State jury list, prepare contact list for both trials |
| Subtotal 20050429 | | | | | |
|               |        | 0.80     |         |     | |
| at 04/30/05   | 9:00a  | 2.50     | PREPARE | RH  | 15 c - prepare Ltrs to State jurors on both trials for interviews |
| Subtotal 20050430 | | | | | |
|               |        | 2.50     |         |     | |

```
** Grand Totals ***
                   14.90
   Number of Events:   12
```

5c  3.9
7   2.1
h   .8

58

UNITED STATES DISTRICT COURT FOR THE       **FILED**
EASTERN DISTRICT OF OKLAHOMA

JAN 1 9 2005

UNITED STATES OF AMERICA,       )
                                )          WILLIAM B. GUTHRIE
                                )          Clerk, U.S. District Court
            Plaintiff,          )          By_____
                                )                 Deputy Clerk
vs.                             )          Case No. 04-CR-115-P
                                )
KENNETH EUGENE BARRETT,         )
                                )
            Defendant.          )

## SEALED ORDER REGARDING EX PARTE MOTION FOR
## APPROVAL OF "PRE-AUTHORIZATION" BUDGET FOR THE DEFENSE

The Defendant Kenneth Eugene Barrett (the "Defendant") having submitted under

seal an Ex Parte Motion for Approval of "Pre-Authorization" Budget for the Defense

[Docket No. 24], and the Court anticipating that interim payment of attorneys' fees and

reimbursement of costs may be submitted, IT IS HEREBY ORDERED:

## I.  PROPOSED LITIGATION BUDGET

1.      Counsel shall submit for *ex parte* review a proposed litigation budget covering

the period from February 1, 2005, through June 30, 2005.  Said proposed litigation budget

shall be submitted to the undersigned by January 31, 2005, and shall be completed in

conformance with the procedures set forth in this Order.

2.      The proposed litigation budget shall set forth *separately and with specificity*

the time each of the appointed attorneys anticipates spending on: (i) review of the record; (ii)

investigation of claims; (iii) client interviews; (iv) consultation with experts and

investigators; (v) legal research; (vi) preparation of pleadings; (vii) attendance at court

proceedings; and, (viii) any other compensable activities undertaken in this matter. **IT IS THE COURT'S EXPRESS INTENTION THAT APPOINTED COUNSEL SHALL PERFORM AND BE PRIMARILY RESPONSIBLE FOR THE SERVICES INVOLVED. DELEGATION OF PRIMARY RESPONSIBILITIES, INCLUDING RESEARCH, INVESTIGATION, AND DRAFTING OF COURT DOCUMENTS TO ANOTHER ATTORNEY, PARALEGAL, LAW CLERK, LAW STUDENT, OR OTHER ASSISTANT MUST HAVE THE PRIOR APPROVAL OF THE COURT.**

3.  The proposed litigation budget shall set forth *separately and with specificity* any expert witness counsel seeks to hire. A request shall: (i) identify the proposed expert and describe his credentials and experience; (ii) describe the subject matter to be covered by the expert; (iii) address why the expert is need, *i. e.,* explain both the facts indicating that further analysis is justified and the reason an expert witness is needed to interpret those facts; (iv) discuss the stage of the proceedings at which the expert is needed; and, (v) provide a specific time budget identifying the expert's billing rate and amount of time the expert anticipates spending on each portion of the investigation or analysis.

4.  The proposed litigation budget shall set forth *separately and with specificity* any investigator counsel seeks to hire. A request shall include a specification of the factual issues counsel intends to investigate, the facts suggesting that such an investigation is warranted, and an estimated time budget for each task. The time budget should be broken down into discrete portions of the investigation, so the Court may assess the reasonableness

of each request. In the case of a request to hire a special purpose investigator, counsel shall identify the proposed investigator and describe his credentials and experience.

5.      The Court establishes these guidelines as the minimum standards required of counsel.  Compliance with the above provisions shall not entitle counsel to the funds requested.  Upon review of any request, the Court may require further elaboration or compliance with different standards.  The Court retains the discretion to deny a request for funding based on counsel's failure to comply with any of the above provisions.  The Court also retains the discretion to overlook any failure to comply if the interests of justice so require and to nonetheless insist upon strict compliance in other portions of the same application or in the future.

## II.  INTERIM PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS

The Court will consider, and if appropriate approve, interim payment of attorneys' fees and reimbursement of costs, subject to the following requirements:

1.      Counsel previously appointed by the Court shall be compensated at a rate not to exceed $125.00 per hour.  Any other attorney assisting appointed counsel (if approved by the Court in advance) shall be compensated at a rate commensurate with said attorney's expertise and experience in death penalty litigation not to exceed $125.00 per hour.  The Court will not compensate counsel for work performed prior to counsel's appointment in this matter, or for work related to the preparation or submission of billing statements or responding to the Court's inquiries regarding bills.

2.      The Court *may* approve the use of paralegals, law clerks, and law students. However, counsel must seek approval from the Court in advance, and the billing rates for such individuals will be determined on a case-by-case basis. Any application for permission to bill for the services of such individuals shall identify and justify the proposed billing rate.

3.      The Court will not pay for clerical, secretarial, or word processing services—regardless of whether the person performing the functions is an attorney, law clerk, paralegal or secretary and regardless of whether that person is regularly or specially employed, performing normal, overtime, or supplemental work, and even if counsel has no regularly employed secretary.

4.      Counsel shall submit requests for interim payment of compensation and reimbursement of costs on a monthly basis. The requests must be submitted within ten days after the end of each month. The first submission shall be due February 10, 2005, and shall cover the period from the initial appointment of counsel through January 31, 2005.

5.      Counsel shall submit a completed CJA Form 30, Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel, with every billing statement. Counsel shall submit an original and one copy of all documents, along with the completed CJA Form 30, directly to the office of the Federal Public Defender. All requests for payment and amounts paid for attorneys' fees, including CJA Forms 30 and billing statements, shall be filed under seal.

-4-

6.      Billing statements shall specifically describe the work performed, by whom, and the time allotted to each specific task. Descriptions should not be vague or general. Time entries should relate to specific individual tasks, and not simply list multiple tasks performed in a specified block of time. For example, client conferences should describe the subject matter of the conferences; work related to witnesses or other people should identify those people by name and, if necessary, identify their relevance to the case; work related to obtaining or reviewing documents should identify the documents or source of the documents; legal research should identify the topic being researched; preparation of pleadings or other documents should identify the document; trial preparation should describe the subject matter being prepared; and travel time should describe the destination and the reason for the travel.

7.      Any requests for compensation for the use of paralegals, law clerks, experts or investigators must be made on CJA Form 31, and not listed as expenses on a CJA Form 30. All CJA Form 31 submissions must include a copy of the order authorizing employment of the person whose services are being billed. All requests for payment and amounts paid for these services, including CJA Forms 31 and billing statements, shall be filed under seal.

8.      Expenses will be reimbursed at the actual cost without any markup. The Court expects counsel to obtain the lowest rates available for these expenditures. Reimbursable expenses are subject to the following limitations:

     a.      Any approved travel time will be compensated at one-half the hourly rate otherwise applicable. If such compensation is paid, the Court will not approve any reimbursement claim for mileage, parking fees or tolls associated therewith. The Court will reimburse any other approved travel expenses at the rate then in effect for federal judiciary employees, including parking fees and tolls.

-5-

b.      All arrangements for air travel must be coordinated through the Court Clerk's office, which will schedule flights and obtain airline tickets. The Court will not reimburse for first or business class air fare.

c.      The Court will reimburse for the actual and reasonable cost of food and lodging while traveling on case-related business outside of a 100-mile radius of the traveler's office.

d.      In determining the reasonableness of travel costs, the Court will be guided by the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. Counsel may contact the District Court Clerk's Office for those guidelines.

e.      The Court will reimburse for the actual cost of case-related long-distance telephone calls. The Court will not pay for any surcharges or for general telephone service. The Court will reimburse the actual out-of-pocket expenses incurred in sending and receiving facsimiles. The actual out-of-pocket expenses for sending facsimiles shall be the actual long distance telephone charges. The actual out-of-pocket expenses for receiving facsimiles shall be the cost billed for photocopying which shall not exceed 10¢ per page.

f.      Counsel will be reimbursed for the actual out-of-pocket expenses incurred in photocopying up to a maximum of 10¢ per page. In extraordinary circumstances, upon a prior showing of good cause, the Court may authorize the employment of a photocopy service with a billing rate that exceeds 10¢ per page. In any such application, counsel should explain the need for the extraordinary services and why the higher rate is justified and reasonable.

g.      The Court will reimburse for the actual cost of case-related regular U.S. postage. The Court will reimburse for the actual cost of other postal services or the use of non-federal carriers (such as overnight or two-day delivery) only if circumstances require the use of such services. The Court, for example, will not reimburse for expedited delivery costs for routine correspondence, including submission of CJA vouchers or court documents that are not filed pursuant to a deadline. Counsel are to make every effort to use regular U.S. mail whenever possible. Excessive use of overnight carriers or other circumstances may prompt the Court to modify the provisions of this paragraph. The Court will not reimburse for messenger or attorney service without valid justification for the use of such services.

h.      In the event that transcripts are required (other than the transcripts of state court proceedings, which are the subject of a separate request herein), counsel should arrange with the court reporter(s) to bill the Court directly through use of a CJA Form 24.  In the event counsel pays for the transcript, the costs will be reimbursed. However, payment should be claimed through a CJA Form 24. Counsel shall not include the cost of transcripts as an out-of-pocket expense on a CJA Form 30.

i.      The Court will reimburse the cost of computer-assisted legal research, provided the total cost of the computer-assisted research does not exceed the total amount of attorney compensation that would have been billed had the research been performed manually. When requesting reimbursement for computer-assisted research, counsel should provide the following documentation: (i) a brief statement setting forth the issue or issues that were the subject matter of the research; (ii) a copy of the bill and receipt for the use of the equipment or an explanation of the precise basis for the charge; and, (iii) if printing charges were incurred, an explanation of why such services were used.

j.      The Court *will not* reimburse counsel for the following expenditures: (i) general office overhead; (ii) books, journals, or other publications; (iii) general law office supplies; (iv) costs related to educational seminars, including travel, attendance, registration, or materials.

k.      Any expenditures over $300, other than travel to the Defendant's place of incarceration, and not otherwise covered by this Order, must be authorized in advance by the Court.  Upon a finding that timely procurement of such goods or services could not practicably await prior authorization, in the interests of justice, the Court may authorize the provision of and payment for such goods or services *nunc pro tunc*.

9.      In the event any billing or expense reimbursement item exceeds the previously-approved budget therefor, counsel shall provide an explanation of the variance. Counsel may be required to provide further documentation substantiating the fees or expenses claimed, or to submit a declaration under the penalty of perjury detailing counsel's compliance with the standards and procedures established herein.

-7-

10. Upon a showing of good cause, the Court may exempt counsel from one or more of the above requirements. However, counsel must seek any exemption or deviation from the above rules in advance of billing the item in question.

IT IS SO ORDERED this *19th* day of January, 2005.

Steven P. Shreder
UNITED STATES MAGISTRATE JUDGE

# MEMORANDUM

**TO:**        Susan Gilmartin, Financial Specialist
U.S. District Court, OK/E

**FROM:**    Sharla Young, Administrative Officer
Office of Federal Public Defender

**SUBJECT:**    **CJA-30 VOUCHER NO.**
**INTERIM NO. 4**
**USA v. Barrett, Kenneth Eugene**
**Case No. 6:04-0001000-001**

**DATE:**    May 5, 2005

---

__X__    The attorney appointed to represent the petitioner in the referenced cause submits this interim voucher for services rendered to date. Interim payments were authorized by Court order.

    __X__  a)    copy of order attached.

    __X__  b)    **Docket Clerk:**  Order dated January 19, 2005

__X__    **Death Penalty Matter:** The attached CJA-30 is submitted by the attorney appointed in the referenced death penalty matter for services rendered to date. The attached voucher has been reviewed by this office for technical and mathematical accuracy and appears correct.

Reviewed for mathematical accuracy by
Janice L. Tolliver, Office of FPD
Date: May 5, 2005

Reviewed for technical accuracy by Christy Streater,
Panel Administrator/Paralegal, Office of FPD
Date: 5/5/05

5-5-05
Date

Reviewed by Sharla Young, Administrative Officer, Office of FPD

5-6-05
Date

Reviewed by Susan Gilmartin, Financial Specialist, US District Ct, OK/E

CJA 30 DEATH PENALTY PROCEEDINGS: APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| OKE | Barrett, Kenneth Eugene | | 050506000011 |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| 6:04-000100-001 | 04-212-115-01 | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. TYPE PERSON REPRESENTED | 9. REPRESENTATION TYPE |
|---|---|---|
| U.S. v. Barrett | Adult Defendant | Federal Capital Prosecution |

**10. OFFENSE(S) CHARGED** (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 21 848E.F -- INTENTIONALLY KILLS OR COUNSELS, COMMANDS W/VIOLATION OF 18:841(B)(1)(A)

| 11. ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS | 12. COURT ORDER |
|---|---|
| HILFIGER, ROGER<br>P.O. BOX 0791<br>MUSKOGEE OK 74402-0791<br><br>Telephone Number: 918 683-4445 | ☒ O Appointing Counsel ☐ C Co-Counsel<br>☐ F Subs For Federal Defender ☐ R Subs For Retained Attorney<br>☐ P Subs For Panel Attorney ☐ Y Standby Counsel<br>Prior Attorney's Name: _____<br>Appointment Date: _____<br>(A) Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 11, who has been determined to possess the specific qualifications required by law, is appointed to represent this person in this case.<br>(B) The attorney named in Item 11 is appointed to serve as: ☐ LEAD COUNSEL ☒ CO-COUNSEL<br>Name of Co-Counsel or Lead Counsel: John D. Echols<br>Appointment Date: _____ |
| 13. NAME AND MAILING ADDRESS OF LAW FIRM (only provide per instructions) | (C) If you represented the defendant or petitioner in any prior proceeding related to this matter, attach to your initial claim a listing of those proceedings and describe your role in each (e.g., lead counsel or co-counsel).<br>☐ (D) Due to the expected length of this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, interim payments of compensation and expenses are approved pursuant to the attached order.<br>_____<br>Signature of Presiding Judicial Officer or By Order of the Court<br>10/25/2004<br>Date of Order _____ Nunc Pro Tunc Date<br>(E) Repayment or partial repayment ordered from the person represented for this service at time of appointment. ☐ YES ☐ NO |

## CLAIM FOR SERVICES AND EXPENSES

**14. STAGE OF PROCEEDING**
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 15 was performed even if the work is intended to be used in connection with a later stage of the proceeding CHECK NO MORE THAN ONE BOX Submit a separate voucher for each stage of the proceeding.

| CAPITAL PROSECUTION | HABEAS CORPUS | OTHER PROCEEDING |
|---|---|---|
| a ☐ Pre-Trial | e ☐ Appeal | g ☐ Habeas Petition | k ☐ Petition for the U.S | l ☐ Stay of Execution |
| b ☐ Trial | f ☐ Petition for the U.S | h ☐ Evidentiary Hearing | Supreme Court | m ☐ Appeal of Denial of Stay |
| c ☐ Sentencing | Supreme Court | i ☐ Dispositive Motions | Writ of Certiorari | n ☐ Petition for Writ of Certiorari to the U S |
| d ☐ Other Post Trial | Writ of Certiorari | j ☐ Appeal | | Supreme Court Regarding Denial of Stay |
| | | | | o ☐ Other |

### HOURS AND COMPENSATION CLAIMED / FOR COURT USE ONLY

| 15. CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|
| a. In-Court Hearings (Rate per Hour = $ 125 ) | 1.5 | 187.50 | | IN COURT TOTAL (Category a) | IN COURT TOTAL (Category a) |
| b. Interviews and Conferences with Client | | | | | |
| c. Witness Interviews | | | | | |
| d. Consultation with Investigators and Experts | | | | | |
| e. Obtaining and Reviewing the Court Record | 0.8 | | | | |
| f. Obtaining and Reviewing Documents and Evidence | 5.7 | | | OUT OF COURT TOTAL (Categories b - j) | OUT OF COURT TOTAL (Categories b - j) |
| g. Consulting with Expert Counsel | | | | | |
| h. Legal Research and Writing | | | | | |
| i. Travel | | | | | |
| j. Other (Specify on additional sheets) | | | | | |
| Totals: Categories b thru j (Rate per hour = $ 125 ) | 6.5 | 812.50 | | | |

### CLAIM FOR TRAVEL AND EXPENSES (Attach itemization of expenses with dates)

| | | | | | |
|---|---|---|---|---|---|
| 16. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | | | |
| 17. Other Expenses (other than expert, transcripts, etc.) | | | | | |
| GRAND TOTALS (CLAIMED AND ADJUSTED): | | 1000.00 | | | |

| 18. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE FROM 3-1-05 TO 3-31-05 | 19. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 20. CASE DISPOSITION |
|---|---|---|

**21. CLAIM STATUS** ☐ Final Payment ☒ Interim Payment Number 3 ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case? ☒ YES ☐ NO If yes, were you paid? ☐ YES ☒ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything or value) from any other source in connection with this representation? ☐ YES ☒ NO If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.
Signature of Attorney: Roger Hilfiger Date: 4-9-2005

### APPROVED FOR PAYMENT - COURT USE ONLY

| 22. IN COURT COMP. | 23. OUT OF COURT COMP. | 24. TRAVEL EXPENSES | 25. OTHER EXPENSES | 26. TOTAL AMT. APPROVED |
|---|---|---|---|---|
| $187.50 | $812.50 | 0 | 0 | $1000.00 |

| 27. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | DATE 5/5/05 | 27a. JUDGE CODE 8607 |
|---|---|---|

# DEATH PENALTY HOURLY WORKSHEET
(Transfer Grand Total to CJA-30 Voucher)

Case No. CR-04-115-P    Voucher No. MARCH 2005    Page 1 of 1

| Date | Brief Description of Services | 15 a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d- Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f - Obtain & Review Docs & Other Evidence | 15g - Consult Resource Cntr | 15h Legal Research & Writing | 15 i Travel | 15 j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/8/05 | Review 1st Trial transcript, Gren, Oliver, Hash, Daily | | | | | | 2.1 | | | | |
| 3/22/05 | Arg on budget & transcript | 0.8 | | | | | | | | | |
| | Arg on schedule & transcript | 0.7 | | | | | | | | | |
| 3/23/05 | Review 3/14 Mag. Report | | | | | 0.8 | | | | | |
| 3/27/05 | Review 1st trial trans | | | | | | 1.6 | | | | |
| | Hash, Hise, T. Barrett, Dart Poe | | | | | | | | | | |
| 3/28/05 | Review 1st Trial trans | | | | | | 2.0 | | | | |
| | JPT Sanders, Philpots, Goss, Rosser | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| **Page Totals:** | | 1.5 | | | | 0.8 | 5.7 | | | | |
| **GRAND TOTALS:** | | 1.5✓ | | | | 0.8✓ | 5.7✓ | | | | |

Billing Calendar - Barrett
March 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---------|------|----------|------|-----|------|
| ue 03/08/05 | 7:00p | 2.10 | REVIEW | RH | 15 f - 1st trial trans on Greninger, Oliver, Hash & Dailey |
| Subtotal 20050308 | | | | | |
| | | 2.10 | | | |
| ue 03/22/05 | 1:00p | 1.50 | HEARING | RH | 15 a - Payne on Budget & 2nd trial ranscript ok (0.8); 15 a - Scheduling, trial in Aug and transcript ok w/USA (0.7) |
| Subtotal 20050322 | | | | | |
| | | 1.50 | | | |
| ed 03/23/05 | 4:30p | 0.80 | REVIEW | RH | 15e - Review 3/14 Mag Report on Doub Jeop, St Limit, & Petite |
| Subtotal 20050323 | | | | | |
| | | 0.80 | | | |
| un 03/27/05 | 4:00p | 1.60 | REVIEW | RH | 15 f - 1st trial trans on Hash (cont), Hise, T. Barrett, Darst, Poe |
| Subtotal 20050327 | | | | | |
| | | 1.60 | | | |
| lon 03/28/05 | 7:30p | 2.00 | REVIEW | RH | 15 f - 1st trial trans; J&T Sanders, Goss, J&S&G Philpot, Rosser |
| Subtotal 20050328 | | | | | |
| | | 2.00 | | | |

** Grand Totals ***

8.00

Number of Events:  5

15 a  1.50
   e  .8
   f  5.7

*58*

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**FILED**

JAN 1 9 2005

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| KENNETH EUGENE BARRETT, | ) |
| | ) |
| Defendant. | ) |

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By: _____
Deputy Clerk

Case No. 04-CR-115-P

## SEALED ORDER REGARDING EX PARTE MOTION FOR APPROVAL OF "PRE-AUTHORIZATION" BUDGET FOR THE DEFENSE

The Defendant Kenneth Eugene Barrett (the "Defendant") having submitted under seal an Ex Parte Motion for Approval of "Pre-Authorization" Budget for the Defense [Docket No. 24], and the Court anticipating that interim payment of attorneys' fees and reimbursement of costs may be submitted, IT IS HEREBY ORDERED:

### I.  PROPOSED LITIGATION BUDGET

1.      Counsel shall submit for *ex parte* review a proposed litigation budget covering the period from February 1, 2005, through June 30, 2005.  Said proposed litigation budget shall be submitted to the undersigned by January 31, 2005, and shall be completed in conformance with the procedures set forth in this Order.

2.      The proposed litigation budget shall set forth *separately and with specificity* the time each of the appointed attorneys anticipates spending on: (i) review of the record; (ii) investigation of claims; (iii) client interviews; (iv) consultation with experts and investigators; (v) legal research; (vi) preparation of pleadings; (vii) attendance at court

proceedings; and, (viii) any other compensable activities undertaken in this matter. **IT IS THE COURT'S EXPRESS INTENTION THAT APPOINTED COUNSEL SHALL PERFORM AND BE PRIMARILY RESPONSIBLE FOR THE SERVICES INVOLVED. DELEGATION OF PRIMARY RESPONSIBILITIES, INCLUDING RESEARCH, INVESTIGATION, AND DRAFTING OF COURT DOCUMENTS TO ANOTHER ATTORNEY, PARALEGAL, LAW CLERK, LAW STUDENT, OR OTHER ASSISTANT MUST HAVE THE PRIOR APPROVAL OF THE COURT.**

3.      The proposed litigation budget shall set forth *separately and with specificity* any expert witness counsel seeks to hire. A request shall: (i) identify the proposed expert and describe his credentials and experience; (ii) describe the subject matter to be covered by the expert; (iii) address why the expert is need, *i. e.,* explain both the facts indicating that further analysis is justified and the reason an expert witness is needed to interpret those facts; (iv) discuss the stage of the proceedings at which the expert is needed; and, (v) provide a specific time budget identifying the expert's billing rate and amount of time the expert anticipates spending on each portion of the investigation or analysis.

4.      The proposed litigation budget shall set forth *separately and with specificity* any investigator counsel seeks to hire. A request shall include a specification of the factual issues counsel intends to investigate, the facts suggesting that such an investigation is warranted, and an estimated time budget for each task. The time budget should be broken down into discrete portions of the investigation, so the Court may assess the reasonableness

of each request. In the case of a request to hire a special purpose investigator, counsel shall identify the proposed investigator and describe his credentials and experience.

5.    The Court establishes these guidelines as the minimum standards required of counsel. Compliance with the above provisions shall not entitle counsel to the funds requested. Upon review of any request, the Court may require further elaboration or compliance with different standards. The Court retains the discretion to deny a request for funding based on counsel's failure to comply with any of the above provisions. The Court also retains the discretion to overlook any failure to comply if the interests of justice so require and to nonetheless insist upon strict compliance in other portions of the same application or in the future.

## II.  INTERIM PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS

The Court will consider, and if appropriate approve, interim payment of attorneys' fees and reimbursement of costs, subject to the following requirements:

1.    Counsel previously appointed by the Court shall be compensated at a rate not to exceed $125.00 per hour. Any other attorney assisting appointed counsel (if approved by the Court in advance) shall be compensated at a rate commensurate with said attorney's expertise and experience in death penalty litigation not to exceed $125.00 per hour. The Court will not compensate counsel for work performed prior to counsel's appointment in this matter, or for work related to the preparation or submission of billing statements or responding to the Court's inquiries regarding bills.

-3-

2. The Court *may* approve the use of paralegals, law clerks, and law students. However, counsel must seek approval from the Court in advance, and the billing rates for such individuals will be determined on a case-by-case basis. Any application for permission to bill for the services of such individuals shall identify and justify the proposed billing rate.

3. The Court will not pay for clerical, secretarial, or word processing services— regardless of whether the person performing the functions is an attorney, law clerk, paralegal or secretary and regardless of whether that person is regularly or specially employed, performing normal, overtime, or supplemental work, and even if counsel has no regularly employed secretary.

4. Counsel shall submit requests for interim payment of compensation and reimbursement of costs on a monthly basis. The requests must be submitted within ten days after the end of each month. The first submission shall be due February 10, 2005, and shall cover the period from the initial appointment of counsel through January 31, 2005.

5. Counsel shall submit a completed CJA Form 30, Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel, with every billing statement. Counsel shall submit an original and one copy of all documents, along with the completed CJA Form 30, directly to the office of the Federal Public Defender. All requests for payment and amounts paid for attorneys' fees, including CJA Forms 30 and billing statements, shall be filed under seal.

6.  Billing statements shall specifically describe the work performed, by whom, and the time allotted to each specific task.  Descriptions should not be vague or general. Time entries should relate to specific individual tasks, and not simply list multiple tasks performed in a specified block of time.  For example, client conferences should describe the subject matter of the conferences; work related to witnesses or other people should identify those people by name and, if necessary, identify their relevance to the case; work related to obtaining or reviewing documents should identify the documents or source of the documents; legal research should identify the topic being researched; preparation of pleadings or other documents should identify the document; trial preparation should describe the subject matter being prepared; and travel time should describe the destination and the reason for the travel.

7.  Any requests for compensation for the use of paralegals, law clerks, experts or investigators must be made on CJA Form 31, and not listed as expenses on a CJA Form 30. All CJA Form 31 submissions must include a copy of the order authorizing employment of the person whose services are being billed.  All requests for payment and amounts paid for these services, including CJA Forms 31 and billing statements, shall be filed under seal.

8.  Expenses will be reimbursed at the actual cost without any markup.  The Court expects counsel to obtain the lowest rates available for these expenditures.  Reimbursable expenses are subject to the following limitations:

a.  Any approved travel time will be compensated at one-half the hourly rate otherwise applicable.  If such compensation is paid, the Court will not approve any reimbursement claim for mileage, parking fees or tolls associated therewith.  The Court will reimburse any other approved travel expenses at the rate then in effect for federal judiciary employees, including parking fees and tolls.

b.      All arrangements for air travel must be coordinated through the Court Clerk's office, which will schedule flights and obtain airline tickets. The Court will not reimburse for first or business class air fare.

c.      The Court will reimburse for the actual and reasonable cost of food and lodging while traveling on case-related business outside of a 100-mile radius of the traveler's office.

d.      In determining the reasonableness of travel costs, the Court will be guided by the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. Counsel may contact the District Court Clerk's Office for those guidelines.

e.      The Court will reimburse for the actual cost of case-related long-distance telephone calls. The Court will not pay for any surcharges or for general telephone service. The Court will reimburse the actual out-of-pocket expenses incurred in sending and receiving facsimiles. The actual out-of-pocket expenses for sending facsimiles shall be the actual long distance telephone charges. The actual out-of-pocket expenses for receiving facsimiles shall be the cost billed for photocopying which shall not exceed 10¢ per page.

f.      Counsel will be reimbursed for the actual out-of-pocket expenses incurred in photocopying up to a maximum of 10¢ per page. In extraordinary circumstances, upon a prior showing of good cause, the Court may authorize the employment of a photocopy service with a billing rate that exceeds 10¢ per page. In any such application, counsel should explain the need for the extraordinary services and why the higher rate is justified and reasonable.

g.      The Court will reimburse for the actual cost of case-related regular U.S. postage. The Court will reimburse for the actual cost of other postal services or the use of non-federal carriers (such as overnight or two-day delivery) only if circumstances require the use of such services. The Court, for example, will not reimburse for expedited delivery costs for routine correspondence, including submission of CJA vouchers or court documents that are not filed pursuant to a deadline. Counsel are to make every effort to use regular U.S. mail whenever possible. Excessive use of overnight carriers or other circumstances may prompt the Court to modify the provisions of this paragraph. The Court will not reimburse for messenger or attorney service without valid justification for the use of such services.

h.      In the event that transcripts are required (other than the transcripts of state court proceedings, which are the subject of a separate request herein), counsel should arrange with the court reporter(s) to bill the Court directly through use of a CJA Form 24.  In the event counsel pays for the transcript, the costs will be reimbursed. However, payment should be claimed through a CJA Form 24.  Counsel shall not include the cost of transcripts as an out-of-pocket expense on a CJA Form 30.

i.      The Court will reimburse the cost of computer-assisted legal research, provided the total cost of the computer-assisted research does not exceed the total amount of attorney compensation that would have been billed had the research been performed manually. When requesting reimbursement for computer-assisted research, counsel should provide the following documentation: (i) a brief statement setting forth the issue or issues that were the subject matter of the research; (ii) a copy of the bill and receipt for the use of the equipment or an explanation of the precise basis for the charge; and, (iii) if printing charges were incurred, an explanation of why such services were used.

j.      The Court *will not* reimburse counsel for the following expenditures: (i) general office overhead; (ii) books, journals, or other publications; (iii) general law office supplies; (iv) costs related to educational seminars, including travel, attendance, registration, or materials.

k.      Any expenditures over $300, other than travel to the Defendant's place of incarceration, and not otherwise covered by this Order, must be authorized in advance by the Court.  Upon a finding that timely procurement of such goods or services could not practicably await prior authorization, in the interests of justice, the Court may authorize the provision of and payment for such goods or services *nunc pro tunc*.

9.      In the event any billing or expense reimbursement item exceeds the previously-approved budget therefor, counsel shall provide an explanation of the variance. Counsel may be required to provide further documentation substantiating the fees or expenses claimed, or to submit a declaration under the penalty of perjury detailing counsel's compliance with the standards and procedures established herein.

-7-

10. Upon a showing of good cause, the Court may exempt counsel from one or more of the above requirements. However, counsel must seek any exemption or deviation from the above rules in advance of billing the item in question.

IT IS SO ORDERED this /9*K* day of January, 2005.

Steven P. Shreder
UNITED STATES MAGISTRATE JUDGE

-8-

# MEMORANDUM

**TO:**  Susan Gilmartin, Financial Specialist
U.S. District Court, OK/E

**FROM:**  Sharla Young, Administrative Officer
Office of Federal Public Defender

**SUBJECT:**  **CJA-30 VOUCHER NO.**
**INTERIM NO. 3**
**USA v. Barrett, Kenneth Eugene**
**Case No. 6:04-000100-001**

**DATE:**  April 13, 2005

---

 _X_  The attorney appointed to represent the petitioner in the referenced cause submits this interim voucher for services rendered to date. Interim payments were authorized by Court order.

    _X_ a)  copy of order attached.

    _X_ b)  **Docket Clerk:** Order dated <u>January 19. 2005</u>

 _X_  **Death Penalty Matter:** The attached CJA-30 is submitted by the attorney appointed in the referenced death penalty matter for services rendered to date. The attached voucher has been reviewed by this office for technical and mathematical accuracy and appears correct.


Reviewed for mathematical accuracy by
Janice L. Tolliver, Office of FPD
Date: April 13, 2005

Reviewed for technical accuracy by Christy Streater,
Panel Administrator/Paralegal, Office of FPD
Date: 4/13/05

4/13/05
Date

Reviewed by Sharla Young, Administrative Officer, Office of FPD

4-18-05
Date

Reviewed by Susan Gilmartin, Financial Specialist, US District Ct, OK/E

CJA 30 DEATH PENALTY PROCEEDINGS: APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL.

| 1. CIR./DIST./DIV. CODE OKE | 2. PERSON REPRESENTED Barrett, Kenneth Eugene | | VOUCHER NUMBER 050506000009 |
|---|---|---|---|
| 3. MAG. DKT./DEF. NUMBER 6:04-000100-001 | 4. DIST. DKT./DEF. NUMBER 04-02-1115-01 | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
| 7. IN CASE/MATTER OF (Case Name) U.S. v. Barrett | 8. TYPE PERSON REPRESENTED Adult Defendant | | 9. REPRESENTATION TYPE Federal Capital Prosecution |

10. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 21 848E.F -- INTENTIONALLY KILLS OR COUNSELS, COMMANDS W/VIOLATION OF 18:841(B)(1)(A)

| 11. ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS | 12. COURT ORDER |
|---|---|
| HILFIGER, ROGER<br>P.O. BOX 0791<br>MUSKOGEE OK 74402-0791<br><br>Telephone Number: 918 683-4445 | ☒ O Appointing Counsel ☐ C Co-Counsel<br>☐ F Subs For Federal Defender ☐ R Subs For Retained Attorney<br>☐ P Subs For Panel Attorney ☐ Y Standby Counsel<br>Prior Attorney's Name: _____<br>Appointment Date: _____<br>(A) Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 11, who has been determined to possess the specific qualifications required by law, is appointed to represent this person in this case.<br>(B) The attorney named in Item 11 is appointed to serve as: ☐ LEAD COUNSEL. ☒ CO-COUNSEL.<br>Name of Co-Counsel or Lead Counsel: John D. Echols<br>Appointment Date: _____ |
| 13. NAME AND MAILING ADDRESS OF LAW FIRM (only provide per instructions) | (C) If you represented the defendant or petitioner in any prior proceeding related to this matter, attach to your initial claim a listing of those proceedings and describe your role in each (e.g., lead counsel or co-counsel).<br>☐ (D) Due to the expected length of this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, interim payments of compensation and expenses are approved pursuant to the attached order.<br><br>_____ Signature of Presiding Judicial Officer or By Order of the Court<br>10/25/2004<br>Date of Order _____ Nunc Pro Tunc Date<br>(E) Repayment or partial repayment ordered from the person represented for this service at time of appointment. ☐ YES ☐ NO |

### CLAIM FOR SERVICES AND EXPENSES

14. STAGE OF PROCEEDING
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 15 was performed even if the work is intended to be used in connection with a later stage of the proceeding. CHECK NO MORE THAN ONE BOX. Submit a separate voucher for each stage of the proceeding.

| CAPITAL PROSECUTION | | HABEAS CORPUS | | OTHER PROCEEDING | |
|---|---|---|---|---|---|
| a ☐ Pre-Trial | e ☐ Appeal | g ☐ Habeas Petition | k ☐ Petition for the U.S | l ☐ Stay of Execution |
| b ☐ Trial | f ☐ Petition for the U.S | h ☐ Evidentiary Hearing | Supreme Court | m ☐ Appeal of Denial of Stay |
| c ☐ Sentencing | Supreme Court | i ☐ Dispositive Motions | Writ of Certiorari | n ☐ Petition for Writ of Certiorari to the U.S |
| d ☐ Other Post Trial | Writ of Certiorari | j ☐ Appeal | | Supreme Court Regarding Denial of Stay |
| | | | | o ☐ Other |

### HOURS AND COMPENSATION CLAIMED / FOR COURT USE ONLY

| 15. | CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|---|
| a. | In-Court Hearings (Rate per Hour = $ 125 ) | 0.2 | 25.00 | | IN COURT TOTAL (Category a) | IN COURT TOTAL (Category a) |
| b. | Interviews and Conferences with Client | | | | | |
| c. | Witness Interviews | | | | 25.00 | |
| d. | Consultation with Investigators and Experts | | | | | |
| e. | Obtaining and Reviewing the Court Record | 1.5 | | .5 | | |
| f. | Obtaining and Reviewing Documents and Evidence | 10.1 | | 10.1 | OUT OF COURT TOTAL (Categories b - j) | OUT OF COURT TOTAL (Categories b - j) |
| g. | Consulting with Expert Counsel | | | | | |
| h. | Legal Research and Writing | | | | | |
| i. | Travel | | | | 1325.00 | |
| j. | Other (Specify on additional sheets) | | | | | |
| | Totals: Categories b thru j (Rate per hour = $ 125 ) | 11.8 | 1450.00 | 1,325.00 | | |

### CLAIM FOR TRAVEL AND EXPENSES (Attach itemization of expenses with dates)

| 16. | Travel Expenses (lodging, parking, meals, mileage, etc.) | | | | | |
|---|---|---|---|---|---|---|
| 17. | Other Expenses (other than expert, transcripts, etc.) | | | | | |

### GRAND TOTALS (CLAIMED AND ADJUSTED): 1475.00 | 1350.00

| 18. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE FROM 2-1-05 TO 2-28-05 | 19. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 20. CASE DISPOSITION |
|---|---|---|

21. CLAIM STATUS ☐ Final Payment ☒ Interim Payment Number 2 ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case? ☒ YES ☐ NO If yes, were you paid? ☐ YES ☒ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything or value) from any other source in connection with this representation? ☐ YES ☒ NO If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.
Signature of Attorney: Roger Hilfiger        Date: 3-8-2005

### APPROVED FOR PAYMENT - COURT USE ONLY

| 22. IN COURT COMP. $25.00 | 23. OUT OF COURT COMP. $1,325.00 | 24. TRAVEL EXPENSES 0 | 25. OTHER EXPENSES 0 | 26. TOTAL AMT. APPROVED $1,350.00 |
|---|---|---|---|---|
| 27. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | | | DATE 5/5/05 | 27a. JUDGE CODE 8607 |

COPY

# DEATH PENALTY HOURLY WORKSHEET
[Transfer Grand Total to CJA-30 Voucher]

Case No. **CR-04-115-P**  Voucher No. **Feb 2005**  Page **1** of **1**

| Date | Brief Description of Services | 15 a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d- Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f - Obtain & Review Docs & Other Evidence | 15g - Consult Resource Cntr | 15h Legal Research & Writing | 15 i Travel | 15 j Other |
|------|------------------------------|------------------------|--------------------------------|------------------------|--------------------------------------|------------------------------|--------------------------------------------|-----------------------------|------------------------------|-------------|------------|
| 2/12 | Rev filed motions by Echols | | | | | 1.0 | | | | | |
| 2/14 | Super Indict & Notice | | | | | 0.5 | | | | | |
| | 1st Jury Trans: Johnson, Lloyd Pettingill | | | | | | 3.4 | | | | |
| 2/15 | ARRAIGNMENT | 0.2 | | | | | | | | | |
| 2/17 | 1st JT Trans; Pettingill & McBride | | | | | | 2.5 | | | | |
| 2/21 | 1st JT Trans; Hamilton, Mansion | | | | | | 4.2 | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| **Page Totals:** | | 0.2 ✓ | | | | 1.5 ✓ | 10.1 ✓ | | | | |
| **GRAND TOTALS:** | | 0.2 | | | | 1.5 | 10.1 | | | | |

Billing Calendar - Barrett
February 2005
For: Roger Hilfiger
Events for Kenneth Barrett

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| on 02/07/05 | | 0.00 | PHONE | RH | JAN AGAIN; 1) YOU DO NOT NEED VOUCHER # ANYMORE; 2) YOU HAVE SUBMITTED ORIGINAL VOUCHER, COPIES ARE FINE NOW |
| Subtotal 20050207 | | | | | |
| | | 0.00 | | | |
| at 02/12/05 | | 0.00 | PHONE | RH | 15 j - JAN AGAIN; 1) ALWAYS PUT CATEGORY CODES ON BILLING CALENDAR; 2) #17-ASKS FOR GRAND TOTAL TO DATE NOT JUST TOTAL OF THAT PARTICULAR BILLING |
| | 2:00p | 1.00 | REVIEW | RH | 15e. Barrett's Production, Questionaire, Suppression & Doub Jeop motions |
| Subtotal 20050212 | | | | | |
| | | 1.00 | | | |
| on 02/14/05 | 1:00p | 0.50 | REVIEW | RH | 15e - Superceding Indict & compare to previous |
| | 7:00p | 3.40 | REVIEW | RH | 15f - 1st jury trial transcript, C. Johnson, Alan Lloyd, K. Pettingill (part) |
| Subtotal 20050214 | | | | | |
| | | 3.90 | | | |
| ue 02/15/05 | 2:00p | 0.20 | ARRAIGN | RH | 15a - Superceding Indictment and Notice on Death Penalty; Jury 7/11, Jury Instructions 5/13, Trial Briefs 4/8 |
| Subtotal 20050215 | | | | | |
| | | 0.20 | | | |
| hu 02/17/05 | 5:30p | 2.50 | REVIEW | RH | 15f - 1st jury trial transcript, K.Pettingill, James McBride |
| Subtotal 20050217 | | | | | |
| | | 2.50 | | | |

η.b

5 c .3
E 1.5
f 5.9

of each request. In the case of a request to hire a special purpose investigator, counsel shall identify the proposed investigator and describe his credentials and experience.

5.     The Court establishes these guidelines as the minimum standards required of counsel. Compliance with the above provisions shall not entitle counsel to the funds requested. Upon review of any request, the Court may require further elaboration or compliance with different standards. The Court retains the discretion to deny a request for funding based on counsel's failure to comply with any of the above provisions. The Court also retains the discretion to overlook any failure to comply if the interests of justice so require and to nonetheless insist upon strict compliance in other portions of the same application or in the future.

## II. INTERIM PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS

The Court will consider, and if appropriate approve, interim payment of attorneys' fees and reimbursement of costs, subject to the following requirements:

1.     Counsel previously appointed by the Court shall be compensated at a rate not to exceed $125.00 per hour. Any other attorney assisting appointed counsel (if approved by the Court in advance) shall be compensated at a rate commensurate with said attorney's expertise and experience in death penalty litigation not to exceed $125.00 per hour. The Court will not compensate counsel for work performed prior to counsel's appointment in this matter, or for work related to the preparation or submission of billing statements or responding to the Court's inquiries regarding bills.

2.    The Court *may* approve the use of paralegals, law clerks, and law students. However, counsel must seek approval from the Court in advance, and the billing rates for such individuals will be determined on a case-by-case basis. Any application for permission to bill for the services of such individuals shall identify and justify the proposed billing rate.

3.    The Court will not pay for clerical, secretarial, or word processing services—regardless of whether the person performing the functions is an attorney, law clerk, paralegal or secretary and regardless of whether that person is regularly or specially employed, performing normal, overtime, or supplemental work, and even if counsel has no regularly employed secretary.

4.    Counsel shall submit requests for interim payment of compensation and reimbursement of costs on a monthly basis. The requests must be submitted within ten days after the end of each month. The first submission shall be due February 10, 2005, and shall cover the period from the initial appointment of counsel through January 31, 2005.

5.    Counsel shall submit a completed CJA Form 30, Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel, with every billing statement. Counsel shall submit an original and one copy of all documents, along with the completed CJA Form 30, directly to the office of the Federal Public Defender. All requests for payment and amounts paid for attorneys' fees, including CJA Forms 30 and billing statements, shall be filed under seal.

6.      Billing statements shall specifically describe the work performed, by whom, and the time allotted to each specific task.  Descriptions should not be vague or general. Time entries should relate to specific individual tasks, and not simply list multiple tasks performed in a specified block of time.  For example, client conferences should describe the subject matter of the conferences; work related to witnesses or other people should identify those people by name and, if necessary, identify their relevance to the case; work related to obtaining or reviewing documents should identify the documents or source of the documents; legal research should identify the topic being researched; preparation of pleadings or other documents should identify the document; trial preparation should describe the subject matter being prepared; and travel time should describe the destination and the reason for the travel.

7.      Any requests for compensation for the use of paralegals, law clerks, experts or investigators must be made on CJA Form 31, and not listed as expenses on a CJA Form 30. All CJA Form 31 submissions must include a copy of the order authorizing employment of the person whose services are being billed.  All requests for payment and amounts paid for these services, including CJA Forms 31 and billing statements, shall be filed under seal.

8.      Expenses will be reimbursed at the actual cost without any markup. The Court expects counsel to obtain the lowest rates available for these expenditures.  Reimbursable expenses are subject to the following limitations:

a.      Any approved travel time will be compensated at one-half the hourly rate otherwise applicable.  If such compensation is paid, the Court will not approve any reimbursement claim for mileage, parking fees or tolls associated therewith. The Court will reimburse any other approved travel expenses at the rate then in effect for federal judiciary employees, including parking fees and tolls.

b.      All arrangements for air travel must be coordinated through the Court Clerk's office, which will schedule flights and obtain airline tickets. The Court will not reimburse for first or business class air fare.

c.      The Court will reimburse for the actual and reasonable cost of food and lodging while traveling on case-related business outside of a 100-mile radius of the traveler's office.

d.      In determining the reasonableness of travel costs, the Court will be guided by the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. Counsel may contact the District Court Clerk's Office for those guidelines.

e.      The Court will reimburse for the actual cost of case-related long-distance telephone calls. The Court will not pay for any surcharges or for general telephone service. The Court will reimburse the actual out-of-pocket expenses incurred in sending and receiving facsimiles. The actual out-of-pocket expenses for sending facsimiles shall be the actual long distance telephone charges. The actual out-of-pocket expenses for receiving facsimiles shall be the cost billed for photocopying which shall not exceed 10¢ per page.

f.      Counsel will be reimbursed for the actual out-of-pocket expenses incurred in photocopying up to a maximum of 10¢ per page. In extraordinary circumstances, upon a prior showing of good cause, the Court may authorize the employment of a photocopy service with a billing rate that exceeds 10¢ per page. In any such application, counsel should explain the need for the extraordinary services and why the higher rate is justified and reasonable.

g.      The Court will reimburse for the actual cost of case-related regular U.S. postage. The Court will reimburse for the actual cost of other postal services or the use of non-federal carriers (such as overnight or two-day delivery) only if circumstances require the use of such services. The Court, for example, will not reimburse for expedited delivery costs for routine correspondence, including submission of CJA vouchers or court documents that are not filed pursuant to a deadline. Counsel are to make every effort to use regular U.S. mail whenever possible. Excessive use of overnight carriers or other circumstances may prompt the Court to modify the provisions of this paragraph. The Court will not reimburse for messenger or attorney service without valid justification for the use of such services.

h.      In the event that transcripts are required (other than the transcripts of state court proceedings, which are the subject of a separate request herein), counsel should arrange with the court reporter(s) to bill the Court directly through use of a CJA Form 24.   In the event counsel pays for the transcript, the costs will be reimbursed. However, payment should be claimed through a CJA Form 24. Counsel shall not include the cost of transcripts as an out-of-pocket expense on a CJA Form 30.

i.      The Court will reimburse the cost of computer-assisted legal research, provided the total cost of the computer-assisted research does not exceed the total amount of attorney compensation that would have been billed had the research been performed manually. When requesting reimbursement for computer-assisted research, counsel should provide the following documentation: (i) a brief statement setting forth the issue or issues that were the subject matter of the research; (ii) a copy of the bill and receipt for the use of the equipment or an explanation of the precise basis for the charge; and, (iii) if printing charges were incurred, an explanation of why such services were used.

j.      The Court *will not* reimburse counsel for the following expenditures: (i) general office overhead; (ii) books, journals, or other publications; (iii) general law office supplies; (iv) costs related to educational seminars, including travel, attendance, registration, or materials.

k.      Any expenditures over $300, other than travel to the Defendant's place of incarceration, and not otherwise covered by this Order, must be authorized in advance by the Court.  Upon a finding that timely procurement of such goods or services could not practicably await prior authorization, in the interests of justice, the Court may authorize the provision of and payment for such goods or services *nunc pro tunc.*

9.      In the event any billing or expense reimbursement item exceeds the previously-approved budget therefor, counsel shall provide an explanation of the variance. Counsel may be required to provide further documentation substantiating the fees or expenses claimed, or to submit a declaration under the penalty of perjury detailing counsel's compliance with the standards and procedures established herein.

CJA 30 DEATH PENALTY PROCEEDINGS: APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL

| 1. CIR./DIST./DIV. CODE OKE | 2. PERSON REPRESENTED Barrett, Kenneth Eugene | | VOUCHER NUMBER 050506000008 |
|---|---|---|---|
| 3. MAG. DKT./DEF. NUMBER 6:04-000100-001 | 4. DIST. DKT./DEF. NUMBER 04-42-115-01 | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
| 7. IN CASE/MATTER OF (Case Name) U.S. v. Barrett | 8. TYPE PERSON REPRESENTED Adult Defendant | | 9. REPRESENTATION TYPE Federal Capital Prosecution |

10. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 21 848E.F -- INTENTIONALLY KILLS OR COUNSELS, COMMANDS W/VIOLATION OF 18:841(B)(1)(A)

11. ATTORNEY'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS

HILFIGER, ROGER
P.O. BOX 0791
MUSKOGEE OK 74402-0791

Telephone Number: 918 683-4445

13. NAME AND MAILING ADDRESS OF LAW FIRM (only provide per instructions)

12. COURT ORDER
- ☒ O Appointing Counsel
- ☐ F Subs For Federal Defender
- ☐ P Subs For Panel Attorney
- ☐ C Co-Counsel
- ☐ R Subs For Retained Attorney
- ☐ Y Standby Counsel

Prior Attorney's Name: _____
Appointment Date: _____

(A) Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 11, who has been determined to possess the specific qualifications required by law, is appointed to represent this person in this case.

(B) The attorney named in Item 11 is appointed to serve as: ☐ LEAD COUNSEL ☒ CO-COUNSEL
Name of Co-Counsel or Lead Counsel: John D. Echols
Appointment Date: _____

(C) If you represented the defendant or petitioner in any prior proceeding related to this matter, attach to your initial claim a listing of those proceedings and describe your role in each (e.g., lead counsel or co-counsel).

☐ (D) Due to the expected length of this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, interim payments of compensation and expenses are approved pursuant to the attached order.

_____ Signature of Presiding Judicial Officer or By Order of the Court
10/25/2004
Date of Order _____ Nunc Pro Tunc Date

(E) Repayment or partial repayment ordered from the person represented for this service at time of appointment. ☐ YES ☐ NO

CLAIM FOR SERVICES AND EXPENSES

14. STAGE OF PROCEEDING
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 15 was performed even if the work is intended to be used in connection with a later stage of the proceeding. CHECK NO MORE THAN ONE BOX. Submit a separate voucher for each stage of the proceeding.

CAPITAL PROSECUTION
- a. ☐ Pre-Trial
- b. ☐ Trial
- c. ☐ Sentencing
- d. ☐ Other Post Trial
- e. ☐ Appeal
- f. ☐ Petition for the U.S. Supreme Court

HABEAS CORPUS
- g. ☐ Habeas Petition
- h. ☐ Evidentiary Hearing
- i. ☐ Dispositive Motions
- j. ☐ Appeal
- k. ☐ Petition for the U.S. Supreme Court
- Writ of Certiorari

OTHER PROCEEDING
- l. ☐ Stay of Execution
- m. ☐ Appeal of Denial of Stay
- n. ☐ Petition for Writ of Certiorari to the U.S. Supreme Court Regarding Denial of Stay
- o. ☐ Other

| 15. CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|
| a. In-Court Hearings (Rate per Hour = $ 125 ) | 9.0 | 1125 | | IN COURT TOTAL (Category a) | IN COURT TOTAL (Category a) |
| b. Interviews and Conferences with Client | 11.4 | | 11.4 | | |
| c. Witness Interviews | | | | 1125.00 | |
| d. Consultation with Investigators and Experts | | | | | |
| e. Obtaining and Reviewing the Court Record | 7.0 | | 7.0 | | |
| f. Obtaining and Reviewing Documents and Evidence | | | | OUT OF COURT TOTAL (Categories b - j) | OUT OF COURT TOTAL (Categories b - j) |
| g. Consulting with Expert Counsel | | | | | |
| h. Legal Research and Writing | 20.5 | | 11.5 | | |
| i. Travel | 8.0 | | 8 | 4737.50 | |
| j. Other (Specify on additional sheets) | | | | | |
| Totals: Categories b thru j (Rate per hour = $ 125 ) | 58.4 | 7300 | 37.9 | 5862.50 | |

| CLAIM FOR TRAVEL AND EXPENSES (Attach itemization of expenses with dates) | | | | | |
|---|---|---|---|---|---|
| 16. Travel Expenses (lodging, parking, meals, mileage, etc.) | | 45.35 | | 51.85 | |
| 17. Other Expenses (other than expert, transcripts, etc.) | | 41.50 | | 41.50 | |
| GRAND TOTALS (CLAIMED AND ADJUSTED) | | 86.85 | | 93.35 | 7,080.85 |

18. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE
FROM 10/25/2004 TO 1/31/2005

19. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION

20. CASE DISPOSITION

21. CLAIM STATUS ☐ Final Payment ☒ Interim Payment Number #1 ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or remimbursement for this case? ☐ YES ☒ NO If yes, were you paid? ☐ YES ☐ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything or value) from any other source in connection with this representation? ☐ YES ☒ NO If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.

Signature of Attorney: Roger Hilfiger Date: 2/4/2005

APPROVED FOR PAYMENT — COURT USE ONLY

| 22. IN COURT COMP. $ 1125.00 | 23. OUT OF COURT COMP. $ 4737.50 | 24. TRAVEL EXPENSES $ 51.85 | 25. OTHER EXPENSES $ 41.50 | 26. TOTAL AMT. APPROVED $ 5955.85 |
|---|---|---|---|---|
| 27. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | | DATE 5/5/05 | | 27a. JUDGE CODE 8607 |

COPY

# DEATH PENALTY HOURLY WORKSHEET
(Transfer Grand Total to CJA-30 Voucher)

Case No. CR-04-115-P    Voucher No. _____ Interim #1    Page 2 of 2

| Date | Brief Description of Services | 15 a IN COURT HEARINGS | 15b Interviews & Client Conf(s) | 15c Witness Interviews | 15d- Consult Investigators & Experts | 15e Obtain/Review Ct Records | 15f - Obtain & Review Docs & Other Evidence | 15g - Consult Resource Cntr | 15h Legal Research & Writing | 15 i Travel | 15 j Other |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/4 | Finalize AG response | | | | | | | | 2.0 | | |
| 1/5 | Discuss AG response & e-mail | | 0.8 | | | | | | | | |
| | Conf w/ JE on motions to be filed & AG additions | | 1.0 | | | | | | | | |
| 1/7 | Ex parte Morgan expenses transcript & travel | 1.0 | | | | | | | | | |
| | Status Conference on AG determination, jury and transcripts | 2.0 | | | | | | | | | |
| | Prepare attachments for AG response & booklets | | | | | | 2.5 | | | | |
| 1/10 | Allotted time for travel to D.C. | | | | | | | | | 8.0 | |
| | Pre-meeting preparation JE | | 1.0 | | | | | | | | |
| | DOJ Review meeting | | 1.5 | | | | | | | | |
| 1/14 | Rec Transcripts for review | | 1.0 | | | | | | | | |
| | Conf w/ JE on mot status | | | | | | | | | | |
| 1/21 | Review 1st of 3 PRLM Trans | | | | | 2.5 | | | | | |
| 1/23 | Review 2 & 3 PRLM TRANS | | | | | 4.0 | | | | | |
| 1/24 | Ph/c JE on Bud Litigation | | 0.5 | | | | | | | | |
| 1/26 | J. Shreder Motion hrg. | 3.0 | | | | | | | | | |
| | JV w/ client on hrg. | | 0.5 | | | | | | | | |
| | | | | | | | | | | | |
| Page Totals: | | 6.0 ✓ | 6.3 ✓ | | | 6.5 ✓ | 2.5 ✓ | | 2.0 ✓ | 8.0 ✓ | |
| GRAND TOTALS: | | 9.0 ✓ | 11.4 ✓ | | | 7.0 ✓ | 2.5 ✓ | | 20.5 ✓ | 8.0 ✓ | |

# DEATH PENALTY - OTHER EXPENSE WORKSHEET
(Transfer Grand Totals to CJA-30 Voucher)

Case No. CR-04-115-P    Voucher No. _____ interim #1    Page 1 of 1

| Date | Brief Explanation | 6 & 10 A - TRAVEL EXPENSES (Receipt Required) | | | | 10 & 10B - OTHER EXPENSES (Receipts required when exceeding $50) | | | | |
|------|-------------------|---------|---------|------|---------|--------|---------|-----------|------|-------|
| | | Mileage | Parking | Meals | Lodging | Copying | Postage | Telephone | CALR | Other |
| 1/8 | MKO - TUL toll | 50 | | | | | | | | 1.25 - AA |
| 1/10 | TUL - MKO toll & parking | 50 | 14.35 | | | | | | | 1.25 - AA |
| 1/14 | Seg Ct Ck - copies | | | | | 39.00 | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | 37.50 AA | | | | | | | |
| SUBTOTALS: | | 31.00 | 14.35 ✓ | | | 39.00 ✓ | | | | 2.50 ✓ AA |
| GRAND TOTALS: | | 31.00 | 14.35 ✓ | | | 39.00 ✓ | | | | 2.50 ✓ AA |

WUUK & HILFIGER
+918581176 30
BZATFPPATR From Federal Public Defender
74:50 06:49am Feb-08-2005 /50/70

## DEATH PENALTY - OTHER EXPENSE WORKSHEET
### [Transfer Grand Totals to CJA-30 Voucher]

Case No. CR-04-115-P    Voucher No. Interim #1    Page 1 of 1

| Date | Brief Explanation | 16 & 16 A - TRAVEL EXPENSES [Receipts Required] | | | | 16 & 16B - OTHER EXPENSES [Receipts required when exceeding $50] | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Mileage | Parking | Meals | Lodging | Copying | Postage | Telephone | CALR | Other |
| 1/8 | MKO — TUL toll | 50 | | | | | | | | 1.25 |
| 1/10 | TUL — MKO toll & parking | 50 | 14.35 | | | | | | | 1.25 |
| 1/14 | Seq Ct Ck — copies | | | | | 39⁰⁰ | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | 31.50 | | | | | | | | |
| PAGE TOTALS: | | 31.00 | 14.35 ✓ | | | 39⁰⁰ ✓ | | | | 2.50 ✓ |
| GRAND TOTALS: | | 31.00 | 14.35 ✓ | | | 39⁰⁰ ✓ | | | | 2.50 ✓ |

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

**FILED**

JAN 1 9 2005

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
            Deputy Clerk

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,           )
                             )
vs.                          )        Case No. 04-CR-115-P
                             )
KENNETH EUGENE BARRETT,      )
                             )
        Defendant.           )

**SEALED ORDER REGARDING EX PARTE MOTION FOR
APPROVAL OF "PRE-AUTHORIZATION" BUDGET FOR THE DEFENSE**

The Defendant Kenneth Eugene Barrett (the "Defendant") having submitted under seal an Ex Parte Motion for Approval of "Pre-Authorization" Budget for the Defense [Docket No. 24], and the Court anticipating that interim payment of attorneys' fees and reimbursement of costs may be submitted, IT IS HEREBY ORDERED:

**I. PROPOSED LITIGATION BUDGET**

1.    Counsel shall submit for *ex parte* review a proposed litigation budget covering the period from February 1, 2005, through June 30, 2005. Said proposed litigation budget shall be submitted to the undersigned by January 31, 2005, and shall be completed in conformance with the procedures set forth in this Order.

2.    The proposed litigation budget shall set forth *separately and with specificity* the time each of the appointed attorneys anticipates spending on: (i) review of the record; (ii) investigation of claims; (iii) client interviews; (iv) consultation with experts and investigators; (v) legal research; (vi) preparation of pleadings; (vii) attendance at court

proceedings; and, (viii) any other compensable activities undertaken in this matter. **IT IS THE COURT'S EXPRESS INTENTION THAT APPOINTED COUNSEL SHALL PERFORM AND BE PRIMARILY RESPONSIBLE FOR THE SERVICES INVOLVED. DELEGATION OF PRIMARY RESPONSIBILITIES, INCLUDING RESEARCH, INVESTIGATION, AND DRAFTING OF COURT DOCUMENTS TO ANOTHER ATTORNEY, PARALEGAL, LAW CLERK, LAW STUDENT, OR OTHER ASSISTANT MUST HAVE THE PRIOR APPROVAL OF THE COURT.**

3.      The proposed litigation budget shall set forth *separately and with specificity* any expert witness counsel seeks to hire. A request shall: (i) identify the proposed expert and describe his credentials and experience; (ii) describe the subject matter to be covered by the expert; (iii) address why the expert is need, *i. e.,* explain both the facts indicating that further analysis is justified and the reason an expert witness is needed to interpret those facts; (iv) discuss the stage of the proceedings at which the expert is needed; and, (v) provide a specific time budget identifying the expert's billing rate and amount of time the expert anticipates spending on each portion of the investigation or analysis.

4.      The proposed litigation budget shall set forth *separately and with specificity* any investigator counsel seeks to hire. A request shall include a specification of the factual issues counsel intends to investigate, the facts suggesting that such an investigation is warranted, and an estimated time budget for each task. The time budget should be broken down into discrete portions of the investigation, so the Court may assess the reasonableness

of each request. In the case of a request to hire a special purpose investigator, counsel shall identify the proposed investigator and describe his credentials and experience.

5. The Court establishes these guidelines as the minimum standards required of counsel. Compliance with the above provisions shall not entitle counsel to the funds requested. Upon review of any request, the Court may require further elaboration or compliance with different standards. The Court retains the discretion to deny a request for funding based on counsel's failure to comply with any of the above provisions. The Court also retains the discretion to overlook any failure to comply if the interests of justice so require and to nonetheless insist upon strict compliance in other portions of the same application or in the future.

## II. INTERIM PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS

The Court will consider, and if appropriate approve, interim payment of attorneys' fees and reimbursement of costs, subject to the following requirements:

1. Counsel previously appointed by the Court shall be compensated at a rate not to exceed $125.00 per hour. Any other attorney assisting appointed counsel (if approved by the Court in advance) shall be compensated at a rate commensurate with said attorney's expertise and experience in death penalty litigation not to exceed $125.00 per hour. The Court will not compensate counsel for work performed prior to counsel's appointment in this matter, or for work related to the preparation or submission of billing statements or responding to the Court's inquiries regarding bills.

2. The Court *may* approve the use of paralegals, law clerks, and law students. However, counsel must seek approval from the Court in advance, and the billing rates for such individuals will be determined on a case-by-case basis. Any application for permission to bill for the services of such individuals shall identify and justify the proposed billing rate.

3. The Court will not pay for clerical, secretarial, or word processing services—regardless of whether the person performing the functions is an attorney, law clerk, paralegal or secretary and regardless of whether that person is regularly or specially employed, performing normal, overtime, or supplemental work, and even if counsel has no regularly employed secretary.

4. Counsel shall submit requests for interim payment of compensation and reimbursement of costs on a monthly basis. The requests must be submitted within ten days after the end of each month. The first submission shall be due February 10, 2005, and shall cover the period from the initial appointment of counsel through January 31, 2005.

5. Counsel shall submit a completed CJA Form 30, Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel, with every billing statement. Counsel shall submit an original and one copy of all documents, along with the completed CJA Form 30, directly to the office of the Federal Public Defender. All requests for payment and amounts paid for attorneys' fees, including CJA Forms 30 and billing statements, shall be filed under seal.

6.    Billing statements shall specifically describe the work performed, by whom, and the time allotted to each specific task. Descriptions should not be vague or general. Time entries should relate to specific individual tasks, and not simply list multiple tasks performed in a specified block of time. For example, client conferences should describe the subject matter of the conferences; work related to witnesses or other people should identify those people by name and, if necessary, identify their relevance to the case; work related to obtaining or reviewing documents should identify the documents or source of the documents; legal research should identify the topic being researched; preparation of pleadings or other documents should identify the document; trial preparation should describe the subject matter being prepared; and travel time should describe the destination and the reason for the travel.

7.    Any requests for compensation for the use of paralegals, law clerks, experts or investigators must be made on CJA Form 31, and not listed as expenses on a CJA Form 30. All CJA Form 31 submissions must include a copy of the order authorizing employment of the person whose services are being billed. All requests for payment and amounts paid for these services, including CJA Forms 31 and billing statements, shall be filed under seal.

8.    Expenses will be reimbursed at the actual cost without any markup. The Court expects counsel to obtain the lowest rates available for these expenditures. Reimbursable expenses are subject to the following limitations:

a.    Any approved travel time will be compensated at one-half the hourly rate otherwise applicable. If such compensation is paid, the Court will not approve any reimbursement claim for mileage, parking fees or tolls associated therewith. The Court will reimburse any other approved travel expenses at the rate then in effect for federal judiciary employees, including parking fees and tolls.

-5-

b.      All arrangements for air travel must be coordinated through the Court Clerk's office, which will schedule flights and obtain airline tickets. The Court will not reimburse for first or business class air fare.

c.      The Court will reimburse for the actual and reasonable cost of food and lodging while traveling on case-related business outside of a 100-mile radius of the traveler's office.

d.      In determining the reasonableness of travel costs, the Court will be guided by the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations.  Counsel may contact the District Court Clerk's Office for those guidelines.

e.      The Court will reimburse for the actual cost of case-related long-distance telephone calls. The Court will not pay for any surcharges or for general telephone service. The Court will reimburse the actual out-of-pocket expenses incurred in sending and receiving facsimiles. The actual out-of-pocket expenses for sending facsimiles shall be the actual long distance telephone charges. The actual out-of-pocket expenses for receiving facsimiles shall be the cost billed for photocopying which shall not exceed 10¢ per page.

f.      Counsel will be reimbursed for the actual out-of-pocket expenses incurred in photocopying up to a maximum of 10¢ per page. In extraordinary circumstances, upon a prior showing of good cause, the Court may authorize the employment of a photocopy service with a billing rate that exceeds 10¢ per page. In any such application, counsel should explain the need for the extraordinary services and why the higher rate is justified and reasonable.

g.      The Court will reimburse for the actual cost of case-related regular U.S. postage. The Court will reimburse for the actual cost of other postal services or the use of non-federal carriers (such as overnight or two-day delivery) only if circumstances require the use of such services. The Court, for example, will not reimburse for expedited delivery costs for routine correspondence, including submission of CJA vouchers or court documents that are not filed pursuant to a deadline. Counsel are to make every effort to use regular U.S. mail whenever possible. Excessive use of overnight carriers or other circumstances may prompt the Court to modify the provisions of this paragraph. The Court will not reimburse for messenger or attorney service without valid justification for the use of such services.

h.      In the event that transcripts are required (other than the transcripts of state court proceedings, which are the subject of a separate request herein), counsel should arrange with the court reporter(s) to bill the Court directly through use of a CJA Form 24.  In the event counsel pays for the transcript, the costs will be reimbursed. However, payment should be claimed through a CJA Form 24. Counsel shall not include the cost of transcripts as an out-of-pocket expense on a CJA Form 30.

i.      The Court will reimburse the cost of computer-assisted legal research, provided the total cost of the computer-assisted research does not exceed the total amount of attorney compensation that would have been billed had the research been performed manually. When requesting reimbursement for computer-assisted research, counsel should provide the following documentation: (i) a brief statement setting forth the issue or issues that were the subject matter of the research; (ii) a copy of the bill and receipt for the use of the equipment or an explanation of the precise basis for the charge; and, (iii) if printing charges were incurred, an explanation of why such services were used.

j.      The Court *will not* reimburse counsel for the following expenditures: (i) general office overhead; (ii) books, journals, or other publications; (iii) general law office supplies; (iv) costs related to educational seminars, including travel, attendance, registration, or materials.

k.      Any expenditures over $300, other than travel to the Defendant's place of incarceration, and not otherwise covered by this Order, must be authorized in advance by the Court.  Upon a finding that timely procurement of such goods or services could not practicably await prior authorization, in the interests of justice, the Court may authorize the provision of and payment for such goods or services *nunc pro tunc.*

9.      In the event any billing or expense reimbursement item exceeds the previously-approved budget therefor, counsel shall provide an explanation of the variance. Counsel may be required to provide further documentation substantiating the fees or expenses claimed, or to submit a declaration under the penalty of perjury detailing counsel's compliance with the standards and procedures established herein.

10.    Upon a showing of good cause, the Court may exempt counsel from one or more of the above requirements.  However, counsel must seek any exemption or deviation from the above rules in advance of billing the item in question.


IT IS SO ORDERED this /9 f day of January, 2005.


Steven P. Shreder
UNITED STATES MAGISTRATE JUDGE

Billing Calendar
Schedule for Barrett, Kenneth
Case #: CR-04-115-P
No reminders

| ay When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| ɔn 10/25/04 | 1:30p *15 e* | 0.50 | PHONE | RH | JOHN ECHOLS; RE: FEDERAL CASE; 299-3802; returned call on info; got internet info on PIANOSA.COM and printed off info on US Atty manual; called Shreder Off for Complaint info. |
| | 2:30p *15 h* | 2.00 | RESEARCH | RH | Complaint and limitations times; Echols Memo and USAM; research into complaint tolling limitations, and Speedy trial questions from Complaint. |

Subtotal 20041025

2.50

| ue 10/26/04 | 12:00p *15 h* | 3.00 | APPT | RH | JE & RH mtg w/USA SS and Littlefield; on decision to prosecute, Petite Policy, St. Limitations, and Death Penalty. JE discussed evidence and information from previous trials and why should not prosecute federally. St. Limitations as to drug counts because of Complaint, St. Limitations on 924 c count because previous jury verdict already determined not murder, but manslaughter, therefore no death penalty. |

Subtotal 20041026

3.00

| ed 11/10/04 | 11:30a *15 h* | 1.00 | JV | RH | Met & discussed Complaint and Indictment; arguements for dismissal on statute of limitations. |

*6.5*

Subtotal 20041110

1.00

*'5 b   4.0*
*  e    .5*
*  h   2.0*

Billing Calendar
Schedule for Barrett, Kenneth
Case #: CR-04-115-P
No reminders

| ay When | Time | Duration | What | Who | Note |
|---------|------|----------|------|-----|------|
| ed 11/17/04 | 2:00p *15q* | 1.00 | ARRAIGN | RH | Mag Shreder; PNG; 11 days for motions and trial on 1/3; |
| | 3:00p *15h* | 2.50 | RESEARCH | RH | St. Limitations, collateral estoppel as to jury verdict; full faith and credit to determination that homicide was not murder. |

Subtotal 20041117

3.50

| ue 11/23/04 | 2:00p *15h* | 2.50 | RESEARCH | RH | Research on Jeopardy and Collateral Estoppel |

Subtotal 20041123

2.50

| ed 11/24/04 | 11:00a *15h* | 1.50 | RESEARCH | RH | Research on Jeopardy and Collateral Estoppel; ck on cases at cthouse |

Subtotal 20041124

1.50

| ri 11/26/04 | 9:00a *15h* | 2.00 | RESEARCH | RH | Begin on Mot to DISM Cts 1, & 2 from research on Jeopardy and Collateral Estoppel; |

Subtotal 20041126

2.00

| un 11/28/04 | 8:00p *15h* | 2.00 | PREPARE | RH | Start composing on motion to DISM on Jeopardy and Collateral Estoppel; |

Subtotal 20041128

2.00

| on 11/29/04 | 9:00a *15h* | 3.50 | PREPARE | RH | Complete motion to DISM Ct. 1& 2 on Jeopardy and Collateral Estoppel and fax to JE. |

*15.0*

Subtotal 20041129

*5a 1.0*
*h 14.0*                      3.50

Billing Calendar
Schedule for Barrett, Kenneth
Case #: CR-04-115-P
No reminders

| Day When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| Wed 12/08/04 | 9:30a | 2.50 | SCHED | RH | pre-hearing w/Echols & client reviewing sched. conf (0.5 hr); Sched Conf w/ct. aim for Jun trial; w/pre-trial motions to be filed now; order to follow. |
| | 4:00p | 0.10 | PHONE | RH | CARLA W/FEDS; YOU HAVE BEEN EXCUSED FROM BARRETT CONFERENCE |

*15 ⌐ 2.0*
*b .5*

* Subtotal 20041208

2.60

| Mon 01/03/05 | 1:00p | 0.50 | PHONE | RH | John Echols, 1-918-299-3802, please call before 2:00 p.m.; work on AG report, he is working on motions |
| | 8:00p | 2.50 | PREPARE | RH | Work on submission to AG for authorization argument |

*15 b*  *15 h*

Subtotal 20050103

3.00

| Tue 01/04/05 | 4:00p | 2.00 | PREPARE | RH | Finalize submission to AG for authorization argument |

*15 h*

Subtotal 20050104

2.00

| Wed 01/05/05 | 9:00a | 0.80 | PREPARE | RH | Discuss submission w/JE and e-mail |
| | 2:00p | 1.00 | CONF | RH | Discuss submission, motions Petite, Jeopardy, Col Estp & Dismissal for filing |

*15 b*  *15 b*

*a.4*

Subtotal 20050105

1.80

*⌐ a 2.0*
*b 2.9*
*h 4.5*

Billing Calendar
Schedule for Barrett, Kenneth
Case #: CR-04-115-P
No reminders

| Day When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| Fri 01/07/05 | 10:00a *15 g* | 3.00 | HEARING | RH | Exparte status on expenses, transcript, and travel - 1 hr. |
| | | | | | Status Conference - Issue AG authorization by 2/15 realistic? |
| | | | | | Need for transcripts for AG, for USA, for defense. Wait until AG makes determination. |
| | | | | | Participation in Witherspoon death qualification of jurors in Fields case.  Report status of that trial next week and status of AG determination.  2 hr. |
| | 5:00p *15 f* | 2.50 | PREPARE | RH | Prepare attachments for Submission to AG and do booklets |

Subtotal 20050107

5.50

| Mon 01/10/05 | 9:00a *15 i* | 8.00 | NOTE | RH | Washington DC on Death Penalty |
| | 8:00a *15 b* | 2.50 | NOTE | RH | Travel to Wash DC on 1/08; Turnpike $1.25 + 50 miles; 5 hrs travel time |
| | | | | | Premeeting prep time with JE - 1 hr |
| | | | | | Meeting at DOJ w/review committee -- Peggy Griffy, DOJ, Udom Dillion DOJ (audio), Steve Holtzholzer, AUSA St Louis (video), MO, Karen Boviea, DOJ, Charlie Kinzy DOJ, Sperling & Littlefield (video); presentation and questions for 1.5 hrs; Travel to MKO; parking $14.35, toll $1.25, 50 miles.  5 hrs travel time. |

Subtotal 20050110

10.50

Billing Calendar
Schedule for Barrett, Kenneth
Case #: CR-04-115-P
No reminders

| Day When | Time | Duration | What | Who | Note |
|---|---|---|---|---|---|
| Fri 01/14/05 | 2:00p | 15b 1.00 | NOTE | RH | Pick up transcripts for review; discuss w/JE motion status and hearings. |

* Subtotal 20050114

                1.00

| Fri 01/21/05 | | 15e 2.50 | REVIEW | RH | First of 3 volumes of PRLM transcript |

Subtotal 20050121

                2.50

| un 01/23/05 | | 5e 4.00 | REVIEW | RH | 2nd & 3rd volumes of PRLM transcript |

Subtotal 20050123

                4.00

| on 01/24/05 | | 0.50 | PHONE | RH | Proposed Litigation Budget w/JE |

Subtotal 20050124

        15b 0.50

| ed 01/26/05 | 11:00a | 3.50 | HEARING | RH | J. Shreder on Motions to Dismiss & Suppress; testimony of witnesses; broke for 1/2 hr ; JV w/KB in holding cell; reply to USA response by 2/11 with USA until 2/18. |

       15a 3.0
          b .5

Subtotal 20050126

                3.50

* Grand Totals ***

           58.40
Number of Events: 27

a  3.0
b  4.0
e  6.5

# MEMORANDUM

**TO:**        Susan Gilmartin, Financial Specialist
U.S. District Court, OK/E

**FROM:**    Sharla Young, Administrative Officer
Office of Federal Public Defender

**SUBJECT:**  **CJA-30 VOUCHER NO.**
**INTERIM NO. #1**
**USA v. Kenneth Eugene Barrett**
**Case No. 04-CR-115**

**DATE:**     February 9, 2005

---

_X_   The attorney appointed to represent the petitioner in the referenced cause submits this interim voucher for services rendered to date. Interim payments were authorized by Court order.

     _X_ a)   copy of order attached.

     _X_ b)   **Docket Clerk:**  Order dated January 19, 2005

_X_   **Death Penalty Matter:** The attached CJA-30 is submitted by the attorney appointed in the referenced death penalty matter for services rendered to date. The attached voucher has been reviewed by this office for technical and mathematical accuracy and appears correct.

Reviewed for mathematical accuracy by
Janice L. Tolliver, Office of FPD
Date: February 9, 2005

Reviewed for technical accuracy by Christy Streater,
Panel Administrator/Paralegal, Office of FPD
Date: _2/9/05_

_2/9/05_
Date

Reviewed by Sharla Young, Administrative Officer, Office of FPD

_2-10-05_
Date

Reviewed by Susan Gilmartin, Financial Specialist, US District Ct. OK/E