**DAVID B. AUTRY**, OBA No.11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: (405) 521-9600

**HEATHER E. WILLIAMS**, Bar No. 122664
Federal Defender
**JOAN M. FISHER**, Idaho Bar No. 2854
Assistant Federal Defender
**TIVON SCHARDL**, Fla. Bar No. 73016
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700
Joan_Fisher@fd.org
Tim_Schardl@fd.org
Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **CAPITAL CASE** |
| | ) | |
| Respondent/Appellee, | ) | |
| | ) | |
| v. | ) | Case No. 12-7086 |
| | ) | (E.D. Okl. Nos. 6:04-cr-00115-JHP, |
| KENNETH EUGENE BARRETT, | ) | 6:09-cv-00105-JHP) |
| | ) | (lower docket) |
| Petitioner/Appellant. | ) | |

---

## MOTION TO RECONSIDER, VACATE AND/OR MODIFY ORDER
## DENYING MOTION EXPANDED CERTIFICATE OF APPEALABILITY

---

**MOTION**

Pursuant to Rules 22 and 27(b) of the Federal Rules of Appellate Procedure, Mr. Barrett moves this Court to reconsider and vacate and/or modify its Order of September 17, 2014, Document: 01019053403 ["Order"], denying Mr. Barrett's Motion to Expand Certificate of Appealability and Supplemental Motion for Certificate of Appealability, and grant to Mr. Barrett an expanded COA to include issues relating to prosecutorial misconduct, the ineffective assistance of counsel ["IAC"] and the related erroneous denial of relief from an illegal search under *Franks v. Delaware,* 438 U.S. 154 (1978). At a minimum, this Court should vacate and reserve its ruling on the expanded COA requests until having considered the pending appeal.

**ARGUMENT** [1]

To deny a COA on IAC for failure to impeach significant and pervasive false testimony offered by the government to support a conviction and sentence of death under these uniquely compelling circumstances is inconsistent with the standards for issuance of a COA. *See Miller-el v. Cockrell,* 537 U.S. 322, 338

---

[1]For purposes of this Motion, a Supplemental Motion to Reconsider the denial of Mr. Barrett's Motion to Expand the COA in which matters subject to a protective order below is filed herewith, UNDER SEAL.

(2003); *see also Tennard v. Dretke,* 542 U.S. 274, 281-88 (2004). The Order rests on a misapprehension of the record below, including Mr. Barrett's well-grounded proffer.

This Court has granted a COA on, *inter alia*, allegations of ineffective assistance of counsel, including trial counsel's failure to secure experts on police procedures and crime scene reconstruction, and to seek an instruction on drug-addicted witnesses. Document: 01019047087. The issues here are the lay witness component to those claims and define the context in which those issues arise and are equally worthy of a COA. They are essential to this Court's full and fair consideration of Mr. Barrett's claim of fundamental unfairness at both stages of trial.

This Court's summary denial of issues so closely related to the claims upon which a COA has been granted suggests a misunderstanding of the facts below. There is a symbiotic relationship between the expert witness issues and the failure to impeach the lay witnesses. The cumulative effect of trial counsel errors must be considered. *See e.g., Hooks v. Workman,* 689 F.3d 1148 (10th Cir. 2012) ("whether we assume or determine that counsel performed unreasonably, we must assess the aggregate impact of these numerous errors and decide whether they collectively 'so infected the trial with unfairness as to make the resulting conviction a denial of

due process.' *Wilson v. Sirmons*, 536 F.3d 1064, 1122 (10th Cir.2008) (quoting

*Thornburg v. Mullin*, 422 F.3d 1113, 1137 (10th Cir.2005)) (internal quotation

marks omitted).  The denial of a COA on the prosecutorial misconduct and closely

related IAC claims unfairly deprives Mr. Barrett of the required cumulative

assessment.  This Court "must assess the totality of the omitted evidence under

*Strickland* rather than the individual errors."  *Goodman v. Bertrand,* 467 F. 3d

1022, 1030 (7th Cir 2006) (internal quotation marks and citation omitted)).

In light of the evidence presented by Mr. Barrett to support his § 2255

Motion, reasonable jurists would disagree with the district court's rejection of the

claims.  But for the misconduct and ineffectiveness of counsel, the government's

evidence would have been significantly weakened and potentially destroyed, by

the available testimony of  Paul Gordon, a 15-year veteran of the Oklahoma

Highway Patrol ["OHP"], who conducted OHP's Internal Affairs investigation of

the shooting which resulted in Trooper Eales' death.  Lt. Gordon concluded,

among other things, that:

(a)    no emergency lighting was engaged until after Trooper Eales had

been shot;

(b)    the Oklahoma Highway Patrol failed to follow the usual investigatory

practices in the investigation of the shooting, including not making

4

the troopers, their weapons or procedural manual available to the investigator in a timely manner;

(c)     The troopers involved in the execution of the warrant failed to follow the handbook protocol;

(d)     the caravan of vehicles rolled in dark without the activation of any lighting, including headlights;

(e)     there was insufficient planning and preparation to ensure the integrity of the mission and a failure to secure and confirm sufficient intelligence of the target to execute a reasonable mission;

(f)     there was nothing in the execution of the mission to "convey to Mr. Barrett or anyone else present that the vehicle was law enforcement";

(g)     Mr. Barrett "only responded to the first tactical vehicle (carrying the deceased trooper) when it was accelerating towards the front of the residence, after making a circle in the yard from the side of the cabin and ultimately did not engage until it crashed into Mr. Barrett's front porch;

(h)     the crime scene was processed after being substantially altered, including the movement of the lead vehicle;

(i)     there was no evidence of drug activity at the Barrett residence on the

night in question;

(j)     the state troopers gave false accounts about the emergency lighting and shooting;

(k)     Mr. Barrett was searched by two OHP troopers, and then turned over to and beaten by local law enforcement officers.

Doc 199-1, pp. 10-18, ¶¶ 23-56.   Mr. Gordon concluded that "Mr. Barrett, or any person like Mr. Barrett, who was paranoid as a result of his off the grid lifestyle would reasonably have believed that he was shooting at criminal intruders."  Doc 199, p. 14, ¶43.

Assuming Mr. Barrett's proffer (including Gordon's sworn declaration) is true, which is the appropriate lens through which to consider his motion for a COA, no reasonable jurist would believe the prosecutors' failure to disclose, and/or trial counsel's failure to discover, the falsehoods,  evidence tampering and results of Mr. Gordon's investigation, together with the efforts to impede and bury the same, was not arguable or worthy of further pursuit.  Mr. Gordon's testimony seriously undermines the credibility of the federal government's case *in toto* from the events of the shooting through the testimony of the drug informants.

In its opposition to the COA motion, the government does not deny the truth of Trooper Gordon's allegations but argues that it came too late to support a

requested supplemental amended petition. Case No. 12-7086 Document

01019060308, p. 7. Regardless of the flaw in that argument, given that the claims

clearly relate back to the timely filed 2255 Motion (Doc 95), *see Woodford v.

Williams*, 263 F.3d 1135 (10th Cir. 2001); *United States v. Espinoza-Saenz*, 235

F.3d 501 (10th Cir. 2000), this Court should not follow suit and simply ignore the

declaration of Trooper Gordon, which lends significant support to the amended

petition and the relevant claims. *See* Doc 199 (Notice of Filing in Support of *both*

the Amended Petition and Supplemental Petition).

Trial counsel's failure to competently cross-examine the government's

witnesses, together with the failure to produce the testimony of readily-available,

reliable eyewitnesses, whose testimony would have refuted the government's

version of events and supported Mr. Barrett's defense, fell below prevailing

professional norms. *See* Claims 2A.9, 10, Doc 95, pp.143-154; *see also,* Doc 201-

1, pp. 2-30.

The law enforcement witnesses' versions of events went to the core of both

the prosecution and defense, including on matters of notice of law enforcement

presence and the actual initiation of gunfire. *See e.g.* Doc 199-1, Exhs. 11:7, 15:8,

(Docs 199-12 and 199-16). The government relies on the district court's

erroneous fact-findings (Government's opposition, p. 7); Mr. Barrett relies on the

record itself and his §2255 proffer.  Regardless of the judge's finding otherwise, the federal trial testimony of the troopers is demonstrably inconsistent with their testimony at the state trial.   As alleged in the Amended Petition:

> At the federal trial, Trooper Poe stated he became aware that emergency lighting was being used when he saw Trooper Hamilton's vehicle come into view from the east, implying that emergency lights were engaged before any shots were fired, and thus supporting the Government's theory. (R. 1412.) However, at the second state trial, he testified that he first became aware of seeing emergency lights *after* he heard shooting break out. (2nd St. Tr. Tx. at 747.) Trooper Greninger gave conflicting evidence between the second state trial and the federal trial regarding what lighting he observed. In state court, he testified he turned on his emergency lights after turning left to approach Mr. Barrett's residence, and recalled seeing Trooper Hise's emergency lights on. (2nd St. Tr. Tx at 448, 461.) At the federal trial, he testified Trooper Manion activated his emergency lights as he turned into the driveway before entering the property.  He noticed also that Trooper Hash had his emergency lights on, but did not know when they were engaged. He was not completely sure Trooper Hise's emergency lights were on. Trooper Pettingill did not activate his lights. (R. 732, 760, 770, 773, 822.)

§ 2255 Doc. 95, pp. 145. The district court's denial of a COA based on an erroneous reading of the record – regardless of the proffer made by Mr. Barrett in his §2255 Motion – is not consistent with even the most stringent reading of the standards for issuing a COA.  *Miller-El v. Cockrell*, 537 U.S. at 338.

Likewise, the failure of trial counsel to secure complete transcripts and use the transcripts to impeach the government's law enforcement witness cannot be

simply dismissed as inconsequential.  *See e.g.,* §2255 Doc 214, p. 139; Case No. 12-7086 Document 01019060308, pp. 4-5.  Counsel's records show they did not have a complete set of the second state trial transcript.  CJA 30 Interim #8, p. 6.  There are no times attributed to reviewing any volume past volume ten (10) of the second state trial, which ended before significant government witnesses, including but not limited to crime scene reconstructionist Iris Dalley and ballistics expert Agent Terrance Higgs, testified.  CJA 30 Interim #8, p. 6.  Trial counsel made clear he had only a partial transcript.  CR Doc. 325, RT vol 3, p. 574.  That alone voids the district court's finding of adequate preparation to impeach.  Billing records also make clear counsel's preparation was cursory at best.  *See generally*, CJA 30 Interim ## 1-10.  The record, including counsel's billings, support a finding that the transcripts of half  the second state trial -- the trial which resulted in the manslaughter conviction and upon which trial counsel put so much faith, *see* § 2255 Doc. 175, Exh.12, -- were not available.  The district court's findings, upon which the government relies to urge rejection of the requested COA, are belied by the record.  *Id.*  This Court should vacate or modify its summary denial of an expanded COA.

Reasonable jurists could, and presumably would, disagree with the district court's resolution of the claims asserted above and set out in full in Mr. Barrett's

Motion and Supplemental Motion for an Expanded COA, and the supplemental argument set out and filed separately under seal in the Supplemental Motion to Reconsider.

This Court should reconsider, modify and/or vacate its denial of a COA. The misconduct and defective representation, together with a warrant issued in violation of *Franks,* rendered Mr. Barrett's convictions and sentences fundamentally unfair in violation of the Sixth Amendment right to counsel and the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

**CONCLUSION**

The Order denying the expanded COA should be reconsidered and vacated, and the requested COA granted or, at a minimum, the Motion and Supplemental Motion for an Expanded COA should not be resolved until Mr. Barrett's pending appeal has been heard.

DATED this 8th day of October, 2014

Respectfully submitted,

/s/ *David B. Autry*
DAVID B. AUTRY, OBA No. 11600
Attorney at Law

HEATHER E. WILLIAMS
Federal Defender, Bar No.122664

/s/ *Joan M. Fisher*
JOAN M. FISHER, ISB No.2854
Assistant Federal Defender

Attorneys for Defendant/Appellant
**KENNETH EUGENE BARRETT**

# CERTIFICATE OF ELECTRONIC FILING AND SERVICE

This is to certify that on this 8th day of October, 2014, I caused the foregoing Motion for Certificate of Appealability And Statement of Issues to be filed with the Clerk of the Court of Appeals using the ECF System for filing and with service to be made electronically on the following ECF registrants:

Jeffrey B. Kahan,
United States Department of Justice,
jeffrey.kahan@usdoj.gov

Christopher J. Wilson,
Assistant United States Attorney
chris.wilson@usdoj.gov

Linda Epperly
Assistant United States Attorney
linda.epperly@usdoj.gov
United States Department of Justice
Eastern District of Oklahoma

To the undersigned's knowledge, there are no non-ECF registrants who are counsel in this case.

Dated: October 8, 2014.

/s/ *Joan M. Fisher*
Joan M. Fisher
Assistant Federal Defender