**DAVID B. AUTRY**, OBA No.11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: (405) 521-9600

**HEATHER E. WILLIAMS**, CA Bar No. 122664
Federal Defender
**JOAN M. FISHER**, Idaho Bar No. 2854
Assistant Federal Defender
**TIVON SCHARDL**, Fla. Bar No. 73016
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700
Joan_Fisher@fd.org
Tim_Schardl@fd.org
Attorneys for Petitioner,
KENNETH EUGENE BARRETT

## IN THE UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **CAPITAL CASE** |
| | ) | |
| Respondent/Appellee, | ) | |
| | ) | |
| v. | ) | Case No. 12-7086 |
| | ) | (E.D. Okl. Nos. 6:04-cr-00115-JHP, |
| KENNETH EUGENE BARRETT, | ) | 6:09-cv-00105-JHP) |
| | ) | (lower docket) |
| Petitioner/Appellant. | ) | |

_____

## MOTION FOR CERTIFICATE OF APPEALABILITY
## IN LIGHT OF *CARTER V. BIGELOW*

## I. MOTION

Mr. Barrett moves this Court to grant a Certificate of Appealability on the district court's denial of his motion to amend or supplement his habeas petition with claims of newly discovered prosecutorial misconduct and related issues. This motion is made in light of the recent decision in *Carter v. Bigelow,* ___F.3d___, 2015 WL 3462075 (10th Cir. June 2, 2015).

## II. GROUNDS SUPPORTING THE MOTION

In support of the Motion, Mr. Barrett shows the Court the following:

1. On June 2, 2015, this Court entered its Opinion in *Carter v. Bigelow,* supra, holding that the petitioner in that case was entitled to amend and supplement his Section 2254 Habeas Petition on the issue of prosecutorial misconduct, a claim originally raised in the habeas petition but upon which incidents of misconduct were discovered years after the habeas petition was filed**.** *Carter v. Bigelow, supra* at *9, 10.

2. The district court denied Mr. Barrett's motion for leave to amend and supplement the prosecutorial misconduct claims alleged in his Section 2255 Motion to Vacate with facts and claims discovered after the filing of the original and amended motions. *See* DC Docs 201, 210.

1

3.  Though the district court in *Carter, supra,* denied the motion to supplement or amend the habeas petition, it granted a Certificate of Appealability ["COA"] on the claim.

4.  The district court denied a COA on the claim of whether it erred in denying Mr. Barrett's motion to supplement the amended petition with facts that related back to the pending petition. DC Doc 210.  This Court also denied a COA on the claim.  Dkt##10068188, 10206871, 1028358.

5.  This Court should grant a COA on Mr. Barrett's right to amend or supplement the prosecutorial misconduct claims in the original habeas with newly discovered claims of misconduct to "secure and maintain uniformity of the court's decisions." Fed. R. App. P. Rule 35(a)(1).

## IV.  LEGAL ARGUMENT

On June 2, 2015, this Court held that a petitioner was entitled to amend or supplement his petition for writ of habeas corpus with additional facts supporting his "*Brady/Napue* Claims" which were discovered years after the original petition. *Carter v. Bigelow*, *supra*, at * 10.   The issue was whether Mr. Carter had been diligent in his search for the suppressed evidence ultimately found to support his *Brady/Napue* Claims.  This Court found that Mr. Carter was "entitled to rely on the state's representation that "all [exculpatory] evidence in any way relevant to the

case and known to the State was included in police reports long ago made available" to him. *Id.,* quoting *State v. Carter*, <u>888 P.2d 629, 636–37</u> (Utah 1995). Relying on its earlier decision, *Douglas v. Workman,* 560 F. 3d 1156, 1173 (10th Cir. 2009), the Court reaffirmed that the prosecutorial obligation to turn over material exculpatory or impeachment evidence "continues throughout the judicial process." *Id*., quoting *Douglas, supra* at 1173.  Put simply, the burden of discovery of prosecutorial misconduct under *Brady v. Maryland,* 373 U.S. 83 (1970) or *Napue v. Illinois,* 360 U.S. 264 (1959) does not fall on the petitioner. *Id.*

The only question before the Court in this Motion is whether Mr. Barrett is entitled to a COA on his claim that he was entitled to file an amended or supplemental motion on newly discovered matters related to allegations of prosecutorial misconduct raised in the original Motion to Vacate.

Mr. Barrett raised a substantial number of prosecutorial misconduct claims in his Section 2255 Motion. DC Doc 95, Claim 5, at 270-320.  Mr. Barrett moved in part to supplement the allegations of prosecutorial misconduct alleged in his Section 2255 Motion. DC Doc 201-1 at 2-13 (Ground 20).

The Supplemental Petition alleged with the support of the Gordon declaration that the government failed to disclose that Gordon's investigation showed: a) that a number of the Oklahoma Highway Patrol Tact Team executing

the warrant believed members of the Tact Team fired their automatic assault weapons as they rolled onto Mr. Barrett's property; b) poor planning and execution of the raid in violation of OHP policies and procedures; c) alteration of the scene, including moving the lead vehicle in which the trooper who was killed was riding, before attempting to reconstruct the shooting incident; d) the OHP tact team did not engage their emergency lights prior to or during the raid, but "rolled in dark," giving Mr. Barrett no notice that the caravan of vehicles entering his property were law enforcement; e) Mr. Barrett was searched at least twice by OHP officers before being turned over to local law enforcement and no evidence of drugs was found on his person; and, f) that Mr. Barrett was beaten by local law enforcement at the scene. DC Doc. 201-1 at 3, 4. *See also* Doc 199-1 at 3, 6, 9-10, 15, 17, 19, 22-24, 43, 50, 56).

Mr. Barrett specifically alleged that the Government suppressed exculpatory evidence from Paul Gordon's Internal Affairs investigation of the raid including: information related to the red phosphorous that corroborates Mr. Barrett's claim that it was planted in his pocket; that Mr. Gordon was pressured into retirement when he attempted to conduct an objective investigation, that agents of the government tried to silence him with bogus criminal charges, and that Gordon was intimidated by AUSA Littlefield during Mr. Barrett's federal trial, all of which

relates back to Ground Five of the original and amended Section 2255 Motions, wherein Mr. Barrett argues the Government knowingly relied on false evidence and suppressed exculpatory evidence. DC Doc. 95, pp. 270-310. The suppression of exculpatory evidence stemming from Mr. Gordon's investigation and its aftermath relates to a common core of facts of the same time and type previously raised, and of which the Government was on notice.

The district court denied Mr. Barrett's Motion to Amend and/or Supplement because the petitioner discovered the information too late. DC Doc 210 at 2. This Court in *Carter*, however, makes clear it is the government that failed to discharge its *independent* duty to reveal the information, not Petitioner's late discovery that is determinative. *Carter, supra* at 9.[1] Like the government here (Doc. 206 at 4-5), the state in *Carter* claimed the Motion to Supplement came too late. *Id.*, at *9. This Court rejected the argument finding that the prosecutorial obligation to turn over material exculpatory or impeachment evidence "continues throughout the judicial process." *Id.,* at quoting *Douglas,* 560 F. 3d at 1172. *Carter* makes clear

---

[1] Instead of disclosing the results of Mr. Gordon's internal affairs investigation that would have revealed the misconduct, the government intimidated Trooper Gordon at the time of Mr. Barrett's trial, and left undisclosed the fact that law enforcement concocted baseless criminal charges against him to prevent or undermine his testimony. Doc 199-1 at 26¶84. The government cannot profit from or take advantage of its own misconduct to keep these facts from being heard now. *In re Pickard,* 681 F.3d 1201, 1207 (10th Cir. 2012).

that the district court erred in denying the motion to amend or supplement his petition.

The district court also denied the Motion because it was "supplementary" but did not relate to events that occurred after the filing of the petition. Doc 210 at 2. Though titled a "Motion For Leave to Supplement the Pending Amended Motion to Vacate," Mr. Barrett "sought leave to amend and/or supplement the pending" Motion to Vacate. Doc. 201 at 4. The relief requested was clear. In any event, like Mr. Carter, "[b]ecause the prosecution's duty to disclose such evidence "is ongoing and extends to all stages of the judicial process," Mr. Barrett's "claims could properly constitute either amended or supplemental pleadings to his" 2255 Motion. *Carter, supra*, at *6.

The lower court's denial of the right to amend or supplement the motion is, at the very least, debatable and worthy of encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In light of *Carter v. Bigelow,* a COA should now issue.

## V.  POSITION OF OPPOSING PARTY

Pursuant to Fed.R. App. P. Local Rule 27.3, counsel for Mr. Barrett contacted counsel for the government on June 11, 2014. Counsel advised that the government opposes this motion.

## VI. RELIEF REQUESTED

Mr. Barrett respectfully requests that this Court grant a COA, permit briefing and oral argument on his claim that the district court erred in its denial of Mr. Barrett's motion to amend or supplement the motion to vacate with newly discovered claims of prosecutorial misconduct.

DATED this 15th day of June, 2015

Respectfully submitted,

/s/ *David B. Autry*
DAVID B. AUTRY, OBA No. 11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: 405-521-9600

HEATHER E. WILLIAMS
Federal Defender

/s/ *Joan M. Fisher*
JOAN M. FISHER, ISB No.2854
Assistant Federal Defender
TIVON SCHARDL Fla SB No. 73016
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: 916-498-6666
Attorneys for Defendant
KENNETH EUGENE BARRETT

**CERTIFICATE OF DIGITAL SUBMISSION**

I certify that all required privacy redactions have been made and, with the exception of those redactions, every document submitted in digital form or scanned PDF format is an exact copy of the written document filed with the Clerk. I further certify that the ECF submission was scanned for viruses using Systematic Endpoint Protection, updated, March 24, 2015, and according to the program is free of viruses.

 /s/ *Joan M. Fisher*

# <u>CERTIFICATE OF ELECTRONIC FILING AND SERVICE</u>

This is to certify that on this 15th day of June, 2015, I caused the foregoing

Motion for Certificate of Appealability in Light of *Carter v. Bigelow* to be filed

with the Clerk of the Court of Appeals using the ECF System for filing and with

service to be made electronically on the following ECF registrants:

Jeffrey B. Kahan,
United States Department of Justice,
jeffrey.kahan@usdoj.gov,

Christopher J. Wilson,
Assistant United States Attorney,
chris.wilson@usdoj.gov

Linda Epperley
Assistant United States Attorney,
linda.epperley@usdoj.gov
United States Department of Justice,
Eastern District of Oklahoma.

To the undersigned's knowledge, there are no non-ECF registrants who are

counsel in this case.

Dated:   June 15, 2015          /s/ *Joan M. Fisher*
                                Joan M. Fisher, ISB No. 2854
                                Assistant Federal Defender
                                Office of the Federal Defender
                                801 I Street, Third Floor
                                Sacramento, CA 95814