**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

**UNITED STATES OF AMERICA,**

     Plaintiff - Appellee,

  v.

**KENNETH EUGENE BARRETT,**

     Defendant - Appellant.

No. 12-7086
(D.C. No. 6:04-CR-00115-JHP-1)

---

On Appeal from the United States District Court for the
Eastern District of Oklahoma

---

**BRIEF IN OPPOSITION TO MOTION FOR CERTIFICATE OF APPEALABILITY**

**PRELIMINARY STATEMENT**

On November 4, 2005, a jury convicted Barrett of three capital-eligible offenses. Trl. Doc. 241.[1] At the conclusion of a penalty phase trial, the jury recommended a death sentence on one count (Trl. Doc. 257), which the trial court imposed. This Court affirmed the judgment. *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007), *cert. denied*, 552 U.S. 1260 (2008).

---

[1] Throughout this brief, "Trl. Doc." refers to the docket in Eastern District of Oklahoma case no. CR-04-115-P, "Tr." refers to the trial transcript in that case, and "2255 Doc." refers to the docket in Eastern District of Oklahoma case no. CV-09-105-P.

1

On March 16, 2009 (364 days after the denial of certiorari), Barrett filed a 17-claim motion for relief under 28 U.S.C. § 2255.  2255 Doc. 1.  The following day, he filed a corrected § 2255 motion.  2255 Doc. 2. On September 25, 2009, Barrett filed an amended § 2255 motion, asserting 19 claims.  2255 Doc. 70.  The district court ordered Barrett to file a second-amended motion that complied with pertinent rules.  Doc. 81.  On December 5, 2009, Barrett filed a second-amended § 2255 motion, asserting 19 claims (2255 Doc. 95), and on March 1, 2010, he filed a supporting brief (2255 Doc. 149).  On May 17, 2010, the government filed an Answer.  2255 Doc. 174.

On March 16, 2012, Barrett moved to add five new claims and a restated assertion of cumulative error in a supplement to his second-amended § 2255 motion.  2255 Doc. 201.  One of the substantive claims alleged that the government had suppressed exculpatory evidence.  *Id*.  The district court rejected the supplement, ruling that the new issues were discoverable at the time of counsel's appointment and, therefore, untimely.  2255 Doc. 210.  The court subsequently denied the second-amended § 2255 motion.  2255 Docs. 214 & 215.

After filing a notice of appeal (2255 Doc. 222), Barrett asked this Court for a certificate of appealability ("COA") on 13 issues, including the district court's rejection of his supplement.  Doc. 01019024041.  Following a case-management conference, the Court issued a COA that did not include the supplement issue, but

permitted Barrett to seek an expanded certificate.  Doc. 01019047087.  Barrett filed two motions to expand the seven-issue COA, one of which addressed the district court's rejection of the supplement.  Doc. 01019053403.  The motions were denied (Doc. 01019311309), then the appeal was argued and submitted.

On June 15, 2015, Barrett filed another motion for a COA, citing the Court's recent decision in *Carter v. Bigelow*, ___ F.3d ___, 2015 WL 3462075 (10th Cir. 2015).  Doc. 01019444711 ("Mot.").  The new motion again seeks a COA to permit review of the decision to reject the supplement.  At the government's request, the Court permitted this opposition.  Doc. 01019447094.

**ARGUMENT**

**BARRETT FAILS TO IDENTIFY ANY BASIS FOR RELITIGATING THIS COURT'S DECISIONS DENYING THE REQUESTED COA**

Barrett's motion requests, for the third time in this case, a COA regarding the rejection of a supplement to his second-amended § 2255 motion.  Mot. 2-6. The authority cited by Barrett is either distinguishable from this case or derivative of the law that existed when this Court previously rejected a COA to address the supplement issue.  Accordingly, there exists no basis for this Court to reconsider its earlier decisions and expand the COA.

An order denying a COA implicates the law-of-the-case doctrine.  *Jackson v. Corcoran*, 539 Fed. Appx. 152 (4th Cir. 2013) (per curiam); *see United States v. Jones*, civil no. 09-24 Erie, 2012 WL 1158755 *2-3 (W.D. Pa. 2012) (noting the

3

applicability of the law-of-the-case doctrine to the appellate court's denial of a

COA). The doctrine "posits that when a court decides upon a rule of law, that

decision should continue to govern the same issues in subsequent stages in the

same case." *United States v. Monsisvais*, 946 F.2d 114, 116 (10th Cir. 1991). The

earlier decision is binding, absent a showing of new facts, an intervening change of

law, or clear error that would work a manifest injustice. *United States v. Alvarez*,

142 F.3d 1243, 1247 (10th Cir. 1998). This panel has already refused to expand

the COA to include the supplement issue. Because the decision was rendered by

the merits panel, rather than a motions judge, the law-of-the-case doctrine should

control. *Cf. Villot v. Varner*, 373 F.3d 327, 337 (3d Cir. 2004) (citing *Hiivala v.

Wood*, 195 F.3d 1098, 1102-03 (9th Cir.1999) for the proposition that a motion

judge's COA ruling does not constitute law of the case). Barrett cannot identify

any exception to that doctrine that would justify revisiting the original decisions.

Barrett's motion purports to rely on the second exception to the law-of-the-

case doctrine, regarding a change of law, which he attributes to this Court's

decision in *Carter*. *See* Mot. at 2. *Carter* held that a district court should have

permitted a capital defendant to supplement his habeas petition with an issue

arising from newly-discovered evidence of prosecutorial misconduct under *Brady

v. Maryland*, 373 U.S. 83 (1963) and *Napue v. Illinois*, 360 U.S. 264 (1959).

Given its narrow reach, *Carter* could only apply to the rejection of Barrett's first

proffered supplemental issue, an allegation that the government suppressed evidence (albeit without citation to *Brady* or *Napue*) about the findings of Paul Gordon, an internal affairs investigator for the Oklahoma Highway Patrol. Doc. 201-1 at 3-12. The balance of the proffered supplement consisted of two allegations of ineffective assistance of counsel (*id*. at 13-30), a claim that Barrett was improperly subjected to physical restraints (*id*. at 30-31), a contention that the court interfered with the defense (*id*. at 32-33), and a restated argument concerning cumulative prejudice (*id*. at 33). Those claims are not embraced by *Carter*, which should not support an expanded COA to address their rejection below.

Barrett's evidence-suppression claim also falls outside the reach of the *Carter*, which turns on a newly-discovered issue, not one that was patently time-barred like the Gordon argument. Here, the district court properly found that any supposed suppression issue was discoverable by § 2255 counsel at the time of appointment. Trl. Doc. 210 at 2-3. Indeed, Gordon was well known to *trial* counsel and frequently discussed on the record. *See e.g*., Tr. 3:630, 632; 4:686, 812, 816; 5:1071, 1075, 1119-20, 1129, 1142-43; 6:1204, 1291-94, 1297-98, 1325, 1329-30; 7:1549, 1559; 17:4040-41, 4047-51. Barrett, however, made no mention of Gordon in his second-amended § 2255 motion. 2255 Doc. 95 & 149. Thus, his supplemental Gordon claim was barred by the one-year period of limitations applicable to § 2255 proceedings. *See* 28 U.S.C. § 2255(f); *United States v.*

*Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000).  Supplemental arguments premised on new facts do not relate back to existing § 2255 claims and are not amenable to any exception to the one-year limit time limit – a rule observed by Barrett's own authority, *Carter*.  *See Espinza-Saenz*, 235 F.3d at 504-05; *see* 2015 WL 3462075 at *7 (distinguishing "*new* claims" as second and successive).

Moreover, *Carter* does not meaningfully alter the legal landscape or provide a basis for revisiting this Court's earlier refusal to expand the COA.  *Carter* corrected a lower court's failure to interpret an opinion  to harmonize "with *existing* authority."  2015 WL 3462075 at *8 (emphasis added).  Specifically, *Carter* criticized the lower court for failing to heed *Douglas v. Workman*, 560 F.3d 1156, 1190-96 and *Mayle v. Felix*, 545 U.S. 644, 664 n.7 (2005).  *Id.* at *7.  Not only are *Douglas* and *Mayle* long-standing legal fixtures, but Barrett cited them in his initial COA requests (Docs. 01019053403 at 13, 18; 01019024041 at 24, 56).[2]

Given its limited reach, *Carter* does not assist Barrett in arguing that this Court should reconsider its early refusal to expand the COA as to alleged evidence suppression or any other issue.

---

[2] Barrett also relies on *Carter* to underscore the government's duty to disclose evidence.  But the opinion breaks no new ground on that score, either. Instead, it cites well-established precedent, including *Banks v. Dretke*, 540 U.S. 668, 675-76 (2004), *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987), and *Smith v. Roberts*, 115 F.3d 818, 820 (10th Cir. 1997).

# CONCLUSION

Based on the foregoing reasoning and authority, the government respectfully

urges this Court to reject Barrett's motion for a certificate of appealability.

Dated: June 24, 2015:

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801

/S/ *Linda Epperley*
LINDA EPPERLEY
Assistant United States Attorneys
1200 West Okmulgee
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

**CERTIFICATE OF ECF FILING AND DELIVERY**

I, hereby certify that on June 24, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

      Mr. David B. Autry dbautry44@hotmail.com
      Ms. Joan M. Fisher Joan_Fisher@fd.org
      Mr. Tivon Schardl Tim_Schardl@fd.org

I hereby certify that I caused a true and correct copy of the foregoing document to be mailed via the United States Postal Service on June 24, 2015, to the following:

      Not Applicable as Defendant Has Counsel

/s/ *Jeffrey B. Kahan*

**ADDITIONAL CERTIFICATIONS**

I hereby certify as follows:

1.     All required privacy redactions have been made pursuant to Fed. R. App. P. 25(a)(5), Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037;

2.     No hard copies of this pleading are required to be submitted to the clerk's office;

3.     This ECF submission was scanned for viruses with the most recent version of a commercial virus scanning program, McAfee Virus Scan, updated June 24, 2015, and, according to the program, is free of viruses.

Dated: this 24th day of June, 2015, /s/*Jeffrey B. Kahan*