# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

**UNITED STATES OF AMERICA,**

Plaintiff - Appellee,

v.

**KENNETH EUGENE BARRETT,**

Defendant - Appellant.

No. 12-7086
(D.C. No. 6:04-CR-00115-JHP-1)

On Appeal from the United States District Court for the
Eastern District of Oklahoma

## BRIEF IN OPPOSITION TO MOTIONS TO SEAL DOCUMENT

## PRELIMINARY STATEMENT

A jury convicted defendant Kenneth Eugene Barrett of three capital offenses

based on his murder of a police officer in relation to a drug crime. Trl. Doc. 241.[1]

At the conclusion of a penalty-phase trial, the jury recommended a death sentence

on one count (Trl. Doc. 257), which the trial court imposed. This Court affirmed

the judgment. *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007). Barrett

sought relief under 28 U.S.C. § 2255, but the district court denied the motion, and

---

[1] "Trl. Doc." refers to the docket in Eastern District of Oklahoma case no. CR-04-115-P, "Tr." refers to the trial transcript in that case, and "2255 Doc." refers to the docket in Eastern District of Oklahoma case no. CV-09-105-P.

1

Filed Under Seal

the defendant appealed.  2255 Docs. 1, 95, 214, 215, 222.  The appeal has been argued and submitted.

On July 6, 2015, Barrett filed a motion to remand the case to the district court for an evidentiary hearing.  Doc. 01019454880 ("Mot. to Remand"); *cf*. Tr. 11:2520-21.  In support of the remand motion, Barrett submitted four documents, Exhibits A through D, along with motions to seal each document.  *See* Doc. 01019455015 ("Mot. to Seal A"); Docs. 01019455031 and 01019455080[2] ("Mot. to Seal B"); Doc. 01019455045 ("Mot. to Seal C"); Doc. 01019455056 ("Mot. to Seal D").  The government opposes Barrett's motions to seal these exhibits.

## ARGUMENT

### NO REAL AND SUBSTANTIAL INTEREST SUPPORTS SEALING THE EXHIBITS

The judiciary has inherent authority to seal documents.  *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2014).  However, courts recognize a "strong presumption in favor of public access" to judicial records.  *Id*. at 1302.  To overcome that presumption, a party seeking to seal a record must "articulate a real and substantial interest that justifies depriving the public access to records." *JetAway Aviation, LLC v. Bd. of County Comm'rs*, 754 F.3d 824, 826 (10th Cir. 2014).  This Court has, for example, unsealed records concerning a DEA

---

[2] Through apparent inadvertence, Barrett filed the same motion twice.

2

confidential informants because the government failed to articulate an adequate justification.  *Pickard*, 733 F.3d at 1303.  Similarly, this Court should deny Barrett's requests to seal Exhibits A through D because he has failed to identify a substantial basis for shielding the documents from public view.

**1.  Exhibit A**

Barrett contends that this Court should seal Exhibit A, the declaration of Charles Sanders, because the declarant is a government informant who has requested protection of the allegedly sensitive information he has disclosed.  The declaration states that Sanders perjured himself at trial.  It also claims he never provided information that was attributed to him, as a confidential informant, in a search warrant application.  Mot. to Seal A at 2.

Barrett has not identified any real interest to support the sealing of Sanders's declaration.   Sanders identified himself as a police informant in open court nearly a decade ago, obviating any need to protect his confidentiality now.  Tr. 11:2521; *see Pickard*, 733 F.3d at 1304 (noting that prior publication of information favors unsealing).  Had Sanders's testimony left any doubt, Barrett's motion to remand, filed openly, includes an appendix that refers to Sanders as a confidential informant and notes he has a poor reputation for truthfulness.  Mot. to Remand at App. 1 ¶¶ 4-5.  Barrett has, in fact, taken pains in the course of this litigation to cast aspersions on Sanders, having previously characterized him as "despicable"

Filed Under Seal

(2255 Doc. 95 at 148) and "indisputably incredible and untrustworthy" (Doc. 01019024041 at 31). Ironically, the motion to seal does nothing to protect the averments in the declaration from exposure to Barrett or the government, both of whom could rely on the document to seek civil or criminal penalties against Sanders.

Neither Sanders's personal desire for sealing nor Barrett's conclusory assertion that the declaration contains "matters of a sensitive nature" provides an articulated basis for sealing. Barrett does not specifically identify any "sensitive" matters or even define the term. Accordingly, he has failed to meet his burden, and this Court should deny the Motion to Seal. *See Helm v. State*, 656 F.3d 1277, 1292 (10th Cir. 2011) (holding that parties cannot overcome the presumption against sealing simply by observing that the records are subject to a protective order).

### 2. Exhibit B

Barrett argues that this Court should seal Exhibit B, the declaration of retired Oklahoma district court Judge John Garrett, because it concerns matters outside the public record but known to the declarant as a result of his judicial responsibilities. Barrett further claims the declaration discusses matters of a sensitive nature. In the declaration, Judge Garrett explains the procedure he used to seal the identity of an informant in Barrett's case. He sets forth low opinions of Charles Sanders and

Clint Johnson and states his belief that Oklahoma Highway Patrolman attempted to intimidate the jury during Barrett's state trials. Mot. to Seal at 2.

Barrett has not identified any real interest to support the suppression of Judge Garrett's declaration. Barrett began discussing the method Judge Garrett used to seal Sanders's identity at the outset of this litigation. *See* 2255 Doc. 1 at 48. To the extent Judge Garrett notes that Sanders was a police informant, that fact was exposed in federal court almost ten years ago, obviating any need to protect it. Tr. 11:2521; *see Pickard*, 733 F.3d at 1304. Moreover, as explained, Barrett's motion to remand, which is unsealed, includes an appendix that refers to Sanders as a confidential informant with a poor reputation for truthfulness, and Barrett has repeated those accusations in other publicly filed documents. *See supra* at 3. Barrett has also repeatedly alleged that Johnson was an unprincipled drug investigator and has accused Johnson of misconduct in unsealed documents. *See* Mot. to Remand at App. 2 ¶ 11; 2255 Doc. 1 at 252.

Neither Judge Garrett's personal desire for sealing nor Barrett's conclusory assertion that the declaration contains "matters of a sensitive nature" provides an articulated basis for shielding the document. Barrett does not specifically identify any "sensitive" matters or define that term, and Judge Garrett does not identify any information or opinion in the declaration that he is legally bound to protect. At most, it appears the judge would prefer to keep some of his more unflattering

Filed Under Seal

opinions out of public view to avoid embarrassment, but he has no right to do so in this context. *See United States v. Foster*, 564 F.3d 852, 855 (7th Cir.2009) (holding that potential embarrassment and harm to counsel's professional reputation would not justify sealing).

### 3. Exhibit C

Barrett asserts that this Court should seal Exhibit C, the declaration of Cherokee County Undersheriff Jason Chennault, because it concerns matters outside the public record but known to the declarant as a result of his law enforcement responsibilities. Barrett further claims the declaration discusses matters of a sensitive nature. In the declaration, Undersheriff Chennault asserts that Clint Johnson has a poor reputation for honesty. The declaration also relates an incident in which Undersheriff Chennault believes Johnson told a lie that led to baseless criminal charges against an unidentified third party. Mot. to Seal C at 2.

As with his other exhibits, Barrett has not identified any real interest that might support the suppression of the declaration. To the extent Undersheriff Chennault expresses unflattering opinions, or levels potentially actionable opinions against Johnson, he is hardly the first to do so. His statements regarding Johnson's poor reputation necessarily reflects a matter of public opinion. Furthermore, as explained, Barrett has repeatedly leveled the same allegations against Johnson in publicly filed documents. *See supra* at 5.

Filed Under Seal

Undersheriff Chennault does not explain why he wants to avoid publication of his accusations and opinions. Neither the undersheriff's personal desire for sealing nor Barrett's conclusory assertion that the declaration contains "matters of a sensitive nature" provides an articulated basis for shielding the document. Barrett does not specifically identify any "sensitive" matters or define that term, and Undersheriff Chennault does not point to any information in the declaration that he is legally bound to protect. As with Judge Garrett's declaration, it appears the undersheriff would prefer to keep unflattering statements from public view to avoid personal embarrassment, but he has no right to do so. *See Foster*, 564 F.3d at 855.

### 4. Exhibit D

Like Exhibit C, Barrett contends that this Court should seal Exhibit D, the declaration of Cherokee Nation Marshal's Service Sergeant Michael Reese, because it concerns matters outside the public record but known to the declarant because of his law enforcement responsibilities and because it discusses matters of a sensitive nature. Sergeant Reese declares that he recovered a triple-beam balance while searching the home of Clint Johnson's former in-laws. Sergeant Reese asserts that the balance bore an evidence tag from the District Attorney's Office, which employed Johnson. He also states that Johnson had a poor reputation for truthfulness. Mot. to Seal D at 2.

7

Again, Barrett has not identified any real interest that might support the suppression of the declaration. Sergeant Reese's opinions and accusations are not subject to sealing for the same reasons Undersheriff Chennault's declaration should not be sealed: these are matters of public opinion that Barrett has repeatedly raised himself in unsealed documents, and neither the sergeant's personal desire for sealing nor Barrett's conclusory assertion that the declaration contains "matters of a sensitive nature" provides an articulated basis for shielding the document. Barrett does not specifically identify any "sensitive" matters or define that term, and Sergeant Reese does not point to any information in the declaration that he is legally bound to protect. The sergeant's apparent desire to keep unflattering statements out of public view to avoid personal embarrassment is not a legitimate reason to seal his declaration. *See Foster*, 564 F.3d at 855.

## CONCLUSION

Based on the foregoing reasons and authority, the government respectfully

urges this Court to reject Barrett's motions to seal Exhibits A through D.

Dated: July 20, 2015:

<div style="margin-left: 40%;">

Respectfully submitted,

MARK F. GREEN
United States Attorney
Eastern District of Oklahoma

/S/ *Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801

/S/ *Linda Epperley*
LINDA EPPERLEY
Assistant United States Attorneys
1200 West Okmulgee
Muskogee, OK 74401
Telephone: (918) 684-5100
FAX: (918) 684-5150

/S/ *Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Unit
U.S. Dept. of Justice
1331 F Street, NW; 6th Fl.
Washington, DC 20530
Telephone: (202) 305-8910
FAX: (202) 353-9779

</div>

Filed Under Seal

**CERTIFICATE OF ECF FILING AND DELIVERY**

I, hereby certify that on July 20, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

     Mr. David B. Autry dbautry44@hotmail.com
     Ms. Joan M. Fisher Joan_Fisher@fd.org
     Mr. Tivon Schardl Tim_Schardl@fd.org

I hereby certify that I caused a true and correct copy of the foregoing document to be mailed via the United States Postal Service on July 20, 2015, to the following:

     Not Applicable as Defendant Has Counsel

/s/ *Jeffrey B. Kahan*

**ADDITIONAL CERTIFICATIONS**

I hereby certify as follows:

     1.    All required privacy redactions have been made pursuant to Fed. R. App. P. 25(a)(5),  Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037;
     2.    No hard copies of this pleading are required to be submitted to the clerk's office;
     3.    This ECF submission was scanned for viruses with the most recent version of a commercial virus scanning program, McAfee Virus Scan, updated July 20, 2015, and, according to the program, is free of viruses.

Dated: this 20th day of July, 2015, /s/*Jeffrey B. Kahan*

Filed Under Seal