**IN THE UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **CAPITAL CASE** |
| | ) | |
| Respondent/Appellee, | ) | Case No. 12-7086 |
| | ) | (E.D. Okl. Nos. 6:04-cr-00115-JHP, |
| | ) | 6:09-cv-00105-JHP) (lower docket) |
| v. | ) | |
| | ) | |
| | ) | |
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| Petitioner/Appellant. | ) | |

_____

On Appeal From The United States District Court
For The Eastern District of Oklahoma
Honorable James H. Payne

_____

**APPELLANT'S MOTION FOR STAY OF MANDATE**
**PENDING PETITION FOR WRIT OF CERTIORARI**
_____

DAVID B. AUTRY, OK Bar #11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, OK 73106-6405
Telephone:  (405) 521-9600
dbautry77@gmail.com

HEATHER E. WILLIAMS CA BAR #122664
Federal Defender
JOAN M. FISHER, Bar #2854
Assistant Federal Defender
801 I Street, Third Floor
Sacramento, California 95814
Telephone: (916) 498-6666
Joan_Fisher@fd.org

Attorneys for Defendant-Appellant
KENNETH E. BARRETT

Appellant, Kenneth E. Barrett, by and through court-appointed counsel hereby moves for an order staying the mandate pending the filing and disposition of a Petition for Writ of Certiorari in the United States Supreme Court, which he intends to file in a timely manner. This motion is made pursuant to Fed. R .App. P. 41(d)(2) and Circuit Rule 41-1 and is based on facts and circumstances set forth below.

The government takes no position on this Motion.

The Court's judgment reversing in part and remanding for an evidentiary hearing, and denying in part, the district court's order denying appellant's 28 U.S.C. Section 2255 Motion to Vacate the Judgment and Conviction was filed and entered on August 19, 2015. Appellant's timely petition for panel rehearing/and request for rehearing en banc was denied on October 16, 2015. Pursuant to United States Supreme Court Rule 13, appellant has until January 15, 2016, to petition that Court for a writ of certiorari. Unless otherwise ordered by the Court, the mandate will issue on October 23, 2015. Fed. R. App. P. 41(b).

Federal Rule of Appellate Procedure 41(d)(2)(A) provides that the mandate of the court of appeals should be stayed pending disposition of a petition for writ of certiorari on a showing that "the certiorari petition would present a substantial question and that there is good cause for a stay." Conversely, Circuit Rule 41-1 provides that the "[s]tay [is] not routinely granted." A motion for stay of mandate in a criminal case "will not be granted unless the court finds that it is not frivolous or filed merely for delay." F.R.A.P. 41.1 (A).

1

The judgment of this Court vacates the district court's order denying Mr. Barrett's Motion to Vacate on ineffectiveness of trial counsel at sentencing and remands it for an evidentiary hearing but affirms it on claims of guilt/innocence. Doc 01019477875 "Slip Op." at 1, 47.

A petition for writ of certiorari for review of that decision will present a substantial question – whether Mr. Barrett stands convicted as a result of the constitutional ineffectiveness of his counsel at trial and on appeal that effectively stripped him of his right to a defense. In particular, there are three areas of inquiry that separately demand review by the Supreme Court, namely: 1.) trial counsels' failure to secure and present expert assistance on crime scene reconstruction and police tactics as well as mental health without conducting a professionally reasonable investigation prejudiced Mr. Barrett in the first stage (slip op. at 10,12-13, 15); 2.) by counsels' failure to request a self-defense instruction that this Court deems to have been appropriate, in light of the fact that a state trial jury acquitted him of murder when self-defense instructions were given (slip op. at 18); and, 3.) Mr. Barrett was denied due process when the trial court refused to issue instructions on the available lesser included offense of manslaughter, even in the face of a prosecution request, which resulted in the jury being presented with an unconstitutional "all or nothing" decision; appellate counsel was ineffective for failing to raise this issue on direct appeal (slip. op. at 22). This Court's decision rejecting these claims raises substantial constitutional issues worthy of a writ of certiorari.

The United States Supreme Court has been vigilant in its enforcement of a defendant's ability to defend in a manner that includes expert assistance. *Hinton v.*

*Alabama*, - U.S. -, 134 S. Ct. 1081 (2014). As argued in the petitions for panel and en *banc* rehearing, trial counsels' undisputed failure to investigate and present independent expert witnesses in areas critical to establishing the defense, including police tactics, crime scene reconstruction and the question of Mr. Barrett's ability to form the requisite intent in light of his significant mental health issues "had a pervasive effect on the inferences to be drawn from the evidence," altering the entire evidentiary picture. *Strickland v. Washington,* 466 U.S. 688, 699 (1984). As a result, Barrett was denied a fundamentally fair trial. He was effectively denied a defense, making very real the reasonable probability that an innocent man has been convicted and sentenced to death.

Similarly, the Supreme Court has long made it clear that a defendant is entitled to an instruction on the defense raised. *See Stevenson v. United States,* 162 U.S. 313 (1896) (finding a defendant entitled to instructions on both the lesser included offense of voluntary manslaughter and self-defense). *See also, Mathews v. United States,* 485 U.S. 58, 60 (1988) (right to an instruction on entrapment.) "The omission of an adequate affirmative defense instruction constitutes a profound violation of a defendant's constitutional rights." *Gilmore v. Taylor*, 508 U.S. 333 (1993). This Court's rejection of Mr. Barrett's claim that his trial and appellate counsel deprived him of essential instructions on self-defense and the lesser included offense of voluntary manslaughter raise a substantial question.

There is good cause to stay the mandate. It is essential to preserve judicial resources. If the Supreme Court finds that this Court's decision conflicts with *Hinton v. Alabama* and *Mathews v. United States,* or is otherwise cert-worthy, the ineffectiveness

of trial counsel at guilt/innocence claims will require an evidentiary hearing. Indeed, on the question of whether trial counsel was ineffective for failing to investigate and present mental health evidence as it relates to the intent issues and reasonableness of Mr. Barrett's actions, an evidentiary hearing will involve many of the same factual issues and expert witnesses. It only makes sense to stay the mandate and move forward once the entire case is fully considered and finally decided.

Certiorari will not be sought for purposes of delay, but to finally resolve whether Mr. Barrett was denied his Sixth Amendment right to the effective assistance of counsel in the first stage of trial.

For all of the foregoing reasons, Petitioner respectfully requests that the Court enter an order granting a stay of mandate "until final disposition by the United States Supreme Court."

RESPECTFULLY SUBMITTED this 22nd day of October 2015,

/s/ *David B. Autry*
DAVID B. AUTRY, OBA# 11600
Attorney at law

/s/ *Joan M. Fisher*
JOAN M. FISHER, ISB#2854
Assistant Federal Defender

Attorneys for KENNETH EUGENE BARRETT

**DECLARATION**

I, Joan M. Fisher, declare under penalty of perjury of the laws of the United States of America that the factual assertions set forth in the foregoing motion for stay of mandate are true and correct.

Executed this 22nd day of October 2015 at Sacramento, California.

/s/*Joan M. Fisher*
Joan M. Fisher

**CERTIFICATE OF DIGITAL SUBMISSION**

I certify that all required privacy redactions have been made and, with the exception of those redactions, every document submitted in digital form or scanned PDF format is an exact copy of the written document filed with the Clerk. I further certify that the ECF submission was scanned for viruses using Systematic Endpoint Protection, updated, October 22, 2015, and according to the program is free of viruses.

/s/ *Joan M. Fisher*
Joan M. Fisher, ISB No. 2854
Assistant Federal Defender

# CERTIFICATE OF ELECTRONIC FILING AND SERVICE

This is to certify that on this 22nd day of October 2015, I caused the foregoing

Petition for Rehearing and Petition for Rehearing En Banc to be filed with the Clerk of

the Court of Appeals using the ECF System for filing and with service to be made

electronically on the following ECF registrants:

Jeffrey B. Kahan,
United States Department of Justice
jeffrey.kahan@usdoj.gov,


Christopher J. Wilson,
Assistant United States Attorney
chris.wilson@usdoj.gov


Linda Epperley
Assistant United States Attorney
linda.epperley@usdoj.gov
United States Department of Justice
Eastern District of Oklahoma


To the undersigned's knowledge, there are no non-ECF registrants who are counsel
in this case.


/s/ *Joan M. Fisher*
Joan M. Fisher, ISB No. 2854
Assistant Federal Defender

**CERTIFICATE OF COMPLIANCE**

The size and type face of the Motion to Stay the Mandate comply with Fed. R.

App. P. 27(a), (d);  32(a)(5) and (5).  This motion is four (4) pages, excluding the

portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable.

Dated:  October 22, 2015

/s/ *Joan M. Fisher*
Joan M. Fisher, ISB No. 2854
Assistant Federal Defender